UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC | Case No. 24-10056-KKS |
| CELEBRATION POINTE HOLDINGS II, LLC | Case No. 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC | Case No. 24-10058-KKS |
| | Chapter 11 |
| Debtors. | Jointly Administered under Case No. 24-10056-KKS |
| _____/ | |

**CREDITORS, ICEBERG CAPITAL PARTNERS, III, LLC AND
ICEBERG REAL ESTATE INVESTMENTS, LLC's
<u>NOTICE OF RULE 2004 EXAMINATION DUCES TECUM</u>**

PLEASE TAKE NOTICE that Creditors, ICEBERG CAPITAL PARTNERS, III, LLC and ICEBERG REAL ESTATE INVESTMENTS, LLC, by and through undersigned counsel, hereby gives notice that pursuant to the applicable rules of this Court it will examine Debtor, Patricia Shively (the "*Examinee*"), under oath on **May 8, 2024, at 10:00 a.m. via Zoom with link to be provided prior to the scheduled date and time.** The examination may continue from day to day until completed.

The Examinee is requested to produce the documents, electronically stored information, or objects described in the attached subpoena, who must permit inspection, copying, testing, or sampling of the materials **on or before May 5, 2024, at 10:00 a.m.**, at the law offices of Millennial Law, 501 E. Las Olas Boulevard, Suite 200/314, Fort Lauderdale, Florida 33301.

Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Counsel for Creditor Iceberg Capital Partners, III, LLC and Iceberg Real Estate Investments, LLC*
501 East Las Olas Blvd, Suite 200/314
Fort Lauderdale, Florida 33301
Phone: 954-271-2719

By: *s/ Zachary P. Hyman*
Zachary P. Hyman
Florida Bar No. 98581
zach@millenniallaw.com
millenniallawforms@gmail.com
jessica@millenniallaw.com
assistant@millenniallaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **17th** day of April 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a true and correct copy was served as set forth below:

X   **Served via Notice of Electronic Filing (NEF):**  The undersigned verifies that the foregoing document was served via NEF on **April 17, 2024** to the below-listed person(s) and entities:

Zachary P Hyman on behalf of Creditor ICEBERG CAPITAL PARTNERS, III, LLC and ICEBERG REAL ESTATE INVESTEMENTS, LLC
zhyman@bergersingerman.com assistant@millenniallaw.com, jessica@millenniallaw.com

Conor McLaughlin on behalf of U.S. Trustee United States Trustee
conor.mclaughlin@usdoj.gov

Robert Scott Shuker on behalf of Debtor Celebration Pointe Holdings II, LLC
rshuker@shukerdorris.com,        mfranklin@shukerdorris.com        bkry@shukerdorris.com atillman@shukerdorris.com lstricker@shukerdorris.com

Lauren Stricker on behalf of Debtor Celebration Pointe Holdings II, LLC
lstricker@shukerdorris.com atillman@shukerdorris.com bankruptcy@shukerdorris.com

Jesse Ellsworth Summers, Jr on behalf of Creditor Vystar Credit Union
esummers@burr.com  sguest@burr.com

United States Trustee

2

USTPRegion21.TL.ECF@usdoj.gov

☐ **Served by U.S. Mail:**  On April 17, 2024, the undersigned served the person(s) and/or entities listed below via first class mail, postage prepaid, at the addresses listed below or on the attached mailing matrix obtained from the Court's case management system:

☐ Names and addresses of Parties served:

  OR

**X**  See attached mailing matrix.

☐ **Served by Personal Delivery, Overnight Mail, Facsimile Transmission or Email:**  On   (date)  , the undersigned served each person or entity listed below via the means noted for each:

| **Name** | **Manner of Service** |

I declare under penalty of perjury that the foregoing is true and correct.

By:  _s/ Zachary P. Hyman_____
    Zachary P. Hyman

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-1<br>Case 24-10056-KKS<br>Northern District of Florida<br>Gainesville<br>Mon Mar 25 17:24:30 EDT 2024 | Celebration Pointe Holdings, LLC<br>5001 Celebration Pointe Ave.<br>Suite 180<br>Gainesville, FL 32608-5379 | Florida Dept. of Labor/Employment Security<br>c/o Florida Dept. of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | ICEBERG CAPITAL PARTNERS, III, LLC<br>501 E. Las Olas Blvd Ste 200/308<br>Fort Lauderdale, FL 33301-2881 | ICEBERG REAL ESTATE INVESTMENTS, LLC<br>501 E. Las Olas Blvd Ste 200/308<br>Fort Lauderdale, FL 33301-2881 |
| Royal Oaks of Gainesville, LLC<br>2210 NW 2nd Ave.<br>Gainesville, FL 32603-1405 | SHD-Celebration Pointe, LLC<br>5001 Celebration Pointe Ave.<br>Suite 180<br>Gainesville, FL 32608-5379 | Patricia A. Shively<br>608 SW 97th Terrace<br>Gainesville, FL 32607-6309 |
| (p)UNITED STATES ATTORNEY'S OFFICE<br>111 NORTH ADAMS STREET<br>4TH FLOOR<br>TALLAHASSEE FL 32301-7730 | U.S. Securities & Exchange Commission<br>Atlanta Reg Office and Reorg<br>950 E Paces Ferry Rd NE<br>Ste. 900<br>Atlanta, GA 30326-1382 | Vystar Credit Union<br>c/o J. Ellsworth Summers, Jr., Esq.<br>Burr & Forman LLP<br>50 North Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 |
| *ARCIS CAPITAL ADVISORS II<br>54 West 40th Street<br>New York, NY 10018-2602 | *ArcisCap-Celebration Pointe<br>Investment LLC<br>4503 Michigan Trail<br>Kewadin, MI 49648-9301 | *Capital One<br>Attn: General Correspondence<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 |
| *Catalyst Income Fund 2022-A1, LLC<br>11720 Amberpark Drive<br>Suite 160<br>Alpharetta, GA 30009-2271 | *Catalyst Synartis MF B Series Condo<br>11720 Amberpark Drive<br>Suite 160<br>Alpharetta, GA 30009-2271 | *Celebration Pointe Capital, LLC<br>42809 Souther Drive<br>Washington, DC 20210-0001 |
| *GNV RE CP Fund, LLC<br>5001 Celebration Pointe Ave.<br>Suite 180<br>Gainesville, FL 32608-5379 | *J & R GATOR INVESTMENTS LLC<br>1790 Mall of Georgia Blvd.<br>Buford, GA 30519-8705 | *James Euliano<br>4585 Old Carraige Trail<br>Oviedo, FL 32765-8454 |
| *Neil Euliano<br>3914 SW 95th Drive<br>Gainesville, FL 32608-4648 | *State Infrastructure Bank<br>605 Suwannee Street<br>Tallahassee, FL 32399-0450 | *Synartis Capital Management<br>11720 Amberpark Drive<br>Suite 160<br>Alpharetta, GA 30009-2271 |
| *U.S. Bank, N.A.<br>799 E. Wisconsin Ave.<br>Milwaukee, WI 53202-5300 | (p)ALACHUA COUNTY TAX COLLECTOR<br>ATTN MISTY BLACKFORD<br>12 SE 1ST STREET<br>GAINESVILLE FL 32601-6882 | Internal Revenue Service<br>Centralized Insolvency Ops<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Lauren L. Stricker, Esq.<br>Shuker & Dorris, P.A.<br>121 S. Orange Ave., Ste. 1120<br>Orlando, FL 32801-3238 | MILLENNIAL LAW, INC.<br>501 East Las Olas Blvd, Suite 200/314<br>Fort Lauderdale Fl 33301-2881 | Vystar Credit Union<br>c/o J. Ellsworth Summers, Jr., Esq.<br>Burr & Forman LLP<br>50 N. Laura Street, Suite 3000<br>Jacksonville, FL 32202-3658 |

| | | |
|---|---|---|
| United States Trustee +<br>110 E. Park Avenue<br> Suite 128<br>Tallahassee, FL 32301-7728 | Merrick B. Garland +<br>Office of the Attorney General<br>Main Justice Bldg., Rm. 511<br>Tenth & Constitution<br>Washington, DC 20530-0001 | Secretary of the Treasury +<br>U.S. Treasury Department<br>15th & Pennsylvania Ave.<br>Washington, DC 20220-0001 |
| Internal Revenue Service +<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Zachary P Hyman +<br>Berger Singerman LLP<br>350 East Las Olas Blvd.<br>Suite 1000<br>Fort Lauderdale, FL 33301-4215 | Lauren Stricker +<br>Shuker & Dorris P.A.<br>121 South Orange Avenue<br>Ste 1120<br>Orlando, FL 32801-3238 |
| Conor McLaughlin +<br>DOJ-Ust<br>110 E. Park Avenue<br>Suite 128<br>Tallahassee, FL 32301-7728 | Robert Scott Shuker +<br>Shuker & Dorris, PA<br>121 S Orange Avenue<br>Suite 1120<br>Orlando, FL 32801-3238 | Jesse Ellsworth Summers Jr+<br>Burr & Forman LLP<br>50 N. Laura Street<br>Suite 3000<br>Jacksonville, FL 32202-3658 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| U.S. Attorney (Tallahassee Office)<br>111 N. Adams Street<br>Fourth Floor<br>Tallahassee, FL 32301 | Alachua County Tax Collector<br>12 SE 1st Street<br>Gainesville, FL 32601 | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients     0<br>Total                  38 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC | Case No. 24-10056-KKS |
| CELEBRATION POINTE HOLDINGS II, LLC | Case No. 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC | Case No. 24-10058-KKS |
| | Chapter 11 |
| Debtors. | Jointly Administered under Case No. 24-10056-KKS |
| _____/ | |

**SUBPOENA FOR RULE 2004 EXAMINATION**

To:   Patricia Shively
       608 SW 97th Terrace
       Gainesville, FL 32607

X   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| **VIA ZOOM before Courtscribes (link to be produced when available)** | **May 8, 2024, at 10:00 a.m.** |

The examination will be recorded by this method: digital court reporting

X   *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE | DATE AND TIME |
|---|---|
| **Millennial Law, Inc.<br>501 East Las Olas Blvd, Suite 200/314<br>Fort Lauderdale Fl 33301** | **May 5, 2024, at 10:00 a.m.** |

*(Description of documents, electronically stored information, or objects)*

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: April 17, 2024

                                    By:   *s/ Zachary P. Hyman*
                                           Zachary P. Hyman
                                           Florida Bar No.  98581

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). **Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13) (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure).**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

1. **Except as otherwise expressly indicated**, these Requests seek all responsive documents created at any time from **January 1, 2018 to the date of production.**

2. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

3. These Requests are directed to and cover all documents in your possession, custody, or control, or in the possession, custody, or control of any of your agents, attorneys, or other representatives.

4. When producing the requested documents, keep all documents segregated by the file in which the documents are contained.

5. You shall produce the requested documents responsive to these Requests in such a manner that the source of the documents is ascertainable.

6. When producing any requested documents produce all other documents that are clipped, stapled, or otherwise attached to any requested document.

7. If you withhold any requested documents, specifically identify each document by stating its date, author, recipients, and the reason for withholding said document.

**EXHIBIT B**
**DOCUMENTS REQUESTED**

1. All documents consisting of Debtor's annual Federal, State, Foreign, or Payroll tax returns, including any W2, or 1099 Forms from the calendar years of 2016, 2017, 2018 and 2019, and 2020.

2. All documents consisting of Debtor's financial statements including balance sheets, income statements, profit and loss statements.

3. All of the Debtor's bank statements, credit card statements, and other documents showing the transfer of cash to and from the Debtor.

4. All documents concerning Debtor's assets and liabilities as detailed on Debtor's Schedules and Statement of Financial Affairs.

5. All documents concerning any appraisal or valuation of any property, including any equipment, owned by Debtor.

6. All records concerning any business account to which the Debtor has or had signatory authority, including, without limitation, account statements, check books, check registers, canceled checks, deposit and withdrawal receipts, incoming and outgoing wire transfer receipts, for the period of April 1, 2016 through the present. Include any accounts in which the Debtor had deposited, transferred or otherwise contributed funds. Include all underlying support for these accounts, including but not limited to cancelled checks, deposit receipts and accompanying checks, withdrawal receipts, debit/credit receipts, account transfer receipts (beneficiary name and account number) and incoming/outgoing wire confirmations (beneficiary name and account number).

7. All records concerning any checking, savings and money market accounts in the Debtor's name or to which the Debtor has or had signatory authority or in which the Debtor

deposited funds, including, without limitation, account statements, check books, check registers, canceled checks, deposit and withdrawal receipts, incoming and outgoing wire transfer receipts, for the period of April 1, 2016 through the present. Include any accounts in which the Debtor has deposited, transferred or otherwise contributed funds. Include all underlying support for these accounts, including but not limited to cancelled checks, deposit receipts and accompanying checks, withdrawal receipts, debit/credit receipts, account transfer receipts (beneficiary name and account number) and incoming/outgoing wire confirmations (beneficiary name and account number).

8. Documents concerning the bylaws, articles of incorporation and corporate governance of the Debtor.

9. All documents concerning any transfer of property valued in excess of $3,000, including any equipment, by Debtor to any person.

10. All documents evidencing Debtor's ownership of any kind in any other type of business enterprise, and the financial condition of such a business enterprise, including without limitation profit and loss statements, income statements, accounts receivable ledgers, and accounts payable ledgers for any business in which the Debtor owns or owned an interest during the period of June 8, 2016 through the Petition Date. Include drafts of any and all documents referenced in this paragraph.

11. All documents consisting of any promissory notes executed by Debtor.

12. All documents consisting of any disbursement records identifying all disbursements to any banks, financial institutions, lenders, or any other person to whom Debtor owes or owed money.

13. All documents constituting a ledger, schedule, or register of shareholders, members, or owners (including any persons with warrants, subscription agreements, or stock

option rights).

14. All documents concerning any warrants, subscription agreements, or stock option rights that any person has in Debtor.

15. All documents concerning any ownership interest, or right to exercise any ownership interest (through any warrants, subscription agreements, or stock option rights), by any person in Debtor.

16. All documents consisting of distribution records identifying any distributions made by Debtor to any shareholder, member, or owner.

17. All documents concerning any money Debtor owes to any person.

18. All documents concerning any money owed by any person to Debtor.

19. All documents identifying the organizational structure of any entity in which the Debtor owns or owned an interest, including without limitation departments, divisions, subsidiaries, parents, and affiliates.

20. All documents identifying the members of Debtor's board of directors, officers, shareholders, registered agents and employees, and the dates during which each person or entity was a member of the board of directors, an officer, shareholder, registered agent, or employee.

21. The accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to Debtor and the amounts of such indebtedness.

22. All documents consisting of any leases or assignment of leases in which Debtor is a tenant or landlord.

23. All documents concerning any patents, trademarks, copyrights, franchises and contracts in which Debtor has an interest.

24. All documents consisting of any powers of attorney, stock powers, other instruments whereby Debtor, either alone or jointly with other entities or persons, authorized any person, firm or corporation to handle any business or financial affairs for Debtor.

25. All documents concerning any judgments arising from any civil action where Debtor is or was a party.

26. All applications for any credit solicited by the Debtor.

27. All applications for any insurance solicited by the Debtor.

28. All financial statements produced to any third party for any reason.

29. All documents concerning any business plans for operation, preservation, or maintenance of the Debtor.

30. All documents concerning any dividends issued by the Debtor.

31. All documents the Debtor is required to produce to the Office of the United States Trustee or to the Trustee appointed to oversee the bankruptcy case under Title 11 of the United States Code.

32. Any and all credit card statements for any credit card which are in the Debtor's name, in the name of any entity to which the Debtor has an interest, or on which the Debtor has an authorized user for the period of January 8, 2016 through the Petition Date.  Include any statements that the Debtor has made payments on for the benefit of another person.

33. Any and all bills of sale, contracts or other written evidence of any personal or real property purchased or sold, or transferred in any manner whatsoever, including voluntarily or involuntarily, by the Debtor for the period of January 1, 2016 through the present.  Such documentation would include, but not be limited to, any documentation evidencing any repossessions, replevins, garnishments, levies, or foreclosure actions.

34. Documents pertaining or otherwise related to the transfer from the Debtor of money or any other benefit, wither monetary or otherwise that was received by Viking Companies, LLC, Windy Hills Farm, LLC, Abbey Glen Homeowners Association, Inc., Celebration Pointe Realty, LLC, N604PT, Lakes of Sebring, LLC, Svein's Travel, Inc, Celebration Pointe Partners, LLC, SHD Development Services, LLC, SHD Celebration Pointe, LLC, SHD -Celebration Point, LLC, Celebration Pointe Hotel Partners, LLC, Celebration Pointe Residential Partners, LLC, Celebration Pointe Office Partners, II, LLC, Viking Construction Company of Florida, LLC, Office 5001 at Celebration Pointe, LLC, Drv-Vue, LLC, Lyons Corner 3, LLC, Celebration Pointe Office Partners, LLC, and any other entity that is owned or affiliated with Svein Drykolbotn, on account of or as a result of any proceeds received from the Shops, the Vibe, or Viking Student Housing.

35. Documents concerning or evidencing any services for the Debtor rendered by any person or entity affiliated with Viking Companies, LLC, Windy Hills Farm, LLC, Abbey Glen Homeowners Association, Inc., Celebration Pointe Realty, LLC, N604PT, Lakes of Sebring, LLC, Svein's Travel, Inc, Celebration Pointe Partners, LLC, SHD Development Services, LLC, SHD Celebration Pointe, LLC, SHD -Celebration Point, LLC, Celebration Pointe Hotel Partners, LLC, Celebration Pointe Residential Partners, LLC, Celebration Pointe Office Partners, II, LLC, Viking Construction Company of Florida, LLC, Office 5001 at Celebration Pointe, LLC, Drv-Vue, LLC, Lyons Corner 3, LLC, Celebration Pointe Office Partners, LLC, and any other entity that is owned or affiliated with Svein Drykolbotn, including without limitation, invoices, e-mails and other related memorandum contemporaneously reflecting the work completed.

36. Documents exchanged between the Debtor and Patricia Snively that relate to or otherwise reference Plaintiffs, the Vibe, the Shops, Viking Student Housing, and/or any investment

or potential investment that was being solicited or procured by Drykolbotn.

37. All documents concerning any appraisal or valuation of any property, including any equipment, owned by the Debtor.

38. The Debtor's existing rent rolls, rent ledgers or other lists showing the amount of income or rental income that is otherwise derived by the Debtor.

39. Documents related to any pending litigation involving the Debtor.

40. Documents and communications exchanged between the Debtor and Patricia Shiveley, and any person or entity acting or purporting to act on her behalf.

41. Documents which relate to otherwise reference the disposition of assets of the Debtor.

42. Documents which relate to or otherwise reference any agreements between you and any third party related to the sale of personal property, including without limitation any brokerage or commission agreements.

43. Documents which relate to or otherwise reference any efforts by you to obtain financing.

44. Documents exchanged between you and the Internal Revenue Service, the Florida Department of State, the Florida Department of Business and Professional Regulation, the Florida Attorney General's Office and any other governmental entity that relates to the financial condition of the Debtor.

45. Documents concerning the financial condition of

46. Documents concerning any payments made to any insiders of the Debtor, or any affiliates of any insiders of the Debtor.

47. All documents evidencing the Company's ownership of any kind in any other type

of business enterprise, and the financial condition of such a business enterprise, including without limitation profit and loss statements, income statements, accounts receivable ledgers, and accounts payable ledgers for any business in which the Companies owns or owned an interest during the period of June 8, 2018, through the present. Include drafts of any and all documents referenced in this paragraph.

48. Any and all credit card statements for any credit card which are in the Debtor's name, in the name of any entity to which the Company has an interest, or on which the Company has an authorized user for the period of January 8, 2018, through the Petition Date. Include any statements that the Company has made payments on for the benefit of another person.

49. Any and all bills of sale, contracts or other written evidence of any personal or real property purchased or sold, or transferred in any manner whatsoever, including voluntarily or involuntarily, by the Company for the period of January 1, 2018, through the Present. Such documentation would include, but not be limited to, any documentation evidencing any repossessions, replevins, garnishments, levies, or foreclosure actions.

50. Documents and communications exchanged between you and the Debtor, and any creditor of the Debtor that relates to or otherwise references the Debtor's financial condition.

51. Investor reports and other documents showing the condition of the Debtor and its finances.