**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**
**www.flnb.uscourts.gov**

In re:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC | Case No. 24-10056-KKS |
| CELEBRATION POINTE HOLDINGS II, LLC | Case No. 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC | Case No. 24-10058-KKS |
| | Chapter 11 |
| | *Joint Administration under* |
| Debtors. | *Case No. 24-10056-KKS* |

_____/

**DEBTORS' MOTION FOR FINAL ORDER**
**(I) APPROVING POSTPETITION FINANCING,**
**(II) GRANTING SUPERPRIORITY ADMINISTRATIVE**
**EXPENSE STATUS, AND (III) GRANTING RELATED RELIEF**

---

**STATEMENT OF RELIEF REQUESTED**

The Debtors seek authority in this Motion to borrow money, pursuant to a credit facility, from the DIP Lender (as hereinafter defined), in order to fund the Debtors' emergence from bankruptcy, including the payment of operating expenses and the costs of administration in this Chapter 11 case. The principal terms of the credit facility are set forth in Section IV herein.

---

**CELEBRATION POINTE HOLDINGS, LLC, CELEBRATION POINTE HOLDINGS II, LLC** and **SHD-CELEBRATION POINTE, LLC** ("SHD-CP"), debtors and debtors in possession (collectively, the "Debtors"), by and through undersigned counsel, hereby file this *Motion for Final Order (i) Approving Postpetition Financing, (ii) and Granting Superpriority Administrative Expense*

1

*Status, and (iii) Granting Related Relief* (this "Motion"), and respectfully request that this Court enter an order, *inter alia*:

      A.    Authorizing the Debtors to borrow up to an aggregate principal amount of $5,000,000 on an unsecured basis financing revolving line of credit (the "<u>DIP Facility</u>") from Patricia Shively (the "DIP Lender"),[1] substantially in accordance with the terms of this Motion and the budget attached as **<u>Exhibit A</u>**[2] and incorporated herein by reference (the "<u>Budget</u>");

      B.    Authorizing the Debtors to: (i) execute a definitive credit agreement (the "<u>Loan Agreement</u>"), and such other documents, instruments, and agreements as may be required by the Loan Agreement (collectively, the "<u>DIP Loan Documents</u>"); and (ii) perform all such other and further acts as may be necessary or appropriate in connection with the DIP Loan Documents;

      C.    Pursuant to, *inter alia,* 11 U.S.C. §§ 364(b) and 364(c) and granting to the DIP Lender, on account of the DIP Facility, an allowed super-priority administrative expense claim pursuant to § 364(c)(1) having priority over any and all expenses and claims specified in any other section of the Bankruptcy Code, including, without limitation, §§ 105, 326, 328, 330, 331, 364, 503(a), 503(b), 507(a), and 507(b), 546(c), 546(d), 726, 1113, and 1114, in each of the Debtor's Chapter 11 Cases;

      D.    Modifying and, to the extent necessary, lifting the automatic stay imposed by section 362 of the Bankruptcy Code to permit the DIP Lender and the Debtors to implement the terms of this Motion, the DIP Loan Documents, and the final order granting this Motion and approving the DIP Facility;

      E.    Modifying or, to the extent necessary, vacating the automatic stay imposed by 11 U.S.C. § 362 as to implement and effectuate the terms and provisions of the DIP Documents and the Final DIP Order; and

      F.    Granting the Debtors such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Motion.

---

[1] The DIP Lender is an insider of the Debtor, with the DIP Lender owning fifty (50%) percent of the equity in the Debtor.

[2] Exhibit A is a list of preliminary needs and will be updated prior to the hearing on the Motion.

## I.    <u>JURISDICTION AND VENUE</u>

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The Debtors consent to the entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.    The statutory predicates and other bases for the relief sought in this Motion are sections 105, 361, 362, 363, 364, 503, 507, and 545 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "<u>Bankruptcy Code</u>"), Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and N.D. Fla. LBR 9073-1 and N.D. Fla. AO 05-001 C. 2 (the "<u>Local Rules</u>").

## II.    <u>GENERAL BACKGROUND</u>

4.    On March 14, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "Chapter 11 Case(s)").

5.    On March 22, 2024, the Court entered an order jointly administering the Debtors' Chapter 11 Cases (ECF No. 17).

6.      No creditors' committee has been appointed in this case by the Office of the United States Trustee. No examiner has been requested or appointed in this case. And each Debtor continues to manage and operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.      For more information on the Debtors' businesses and the reasons for the bankruptcy filings, the Debtors respectfully refer parties to the *Debtors' Joint Chapter 11 Case Management Summary* [ECF No. 47] (the "Case Management Summary"). Annexed thereto, are charts summarizing the following information: (a) the Debtors' major loan obligations, and (b) details of the UCC searches conducted for the Debtors. (*id.* at Exhibits C and D).

## III.    THE NEED FOR AND PROPOSED USES OF THE DIP FACILITY

8.      Historically and traditionally, the Debtors borrow funds from the DIP Lender in the ordinary course of business. This normal course of borrowing would be accorded administrative expense priority status under section. 364(a) of the Bankruptcy Code. Out of an abundance of caution, the Debtors file this Motion should the Court determine that such borrowing is not in the ordinary course of business.

9.      The Debtors require immediate access to the DIP Loan to satisfy near-term and long-term expenses critical to the business and their reorganization efforts, which, in turn, will preserve and maximize the value of the Debtors' estates. Absent

4

immediate funding, the Debtors are unable to generate sufficient levels of operating cash flow in the ordinary course of business to cover operational costs and the projected administrative costs of these Chapter 11 Cases.

10.     The Debtor requires the funding available from the DIP Loan to, among other things, fund working capital, meet payroll obligations of related companies, pay rent, pay suppliers, cover overhead costs, and make any other payments that are essential for the continued management, operation, and preservation of the Debtors' business and the special purpose entities ("SPEs") owned by the Debtors and which are critical pieces of the Debtors' master development project. The preliminary list of uses is set forth in the Budget attached as **Exhibit A**.

11.     The ability to make these payments when due is essential to the continued operations of the Debtor's business during the pendency of this chapter 11 case. If the Debtors cannot quickly access the DIP Facility, based on its financial forecasts, their entire business and reorganization will be in jeopardy. This will critically harm the value of the Debtors' bankruptcy estate to the detriment of all creditors.

12.     As such, absent immediate access to the DIP Loan, the Debtor could (a) face additional interruptions of its business; (b) lose the support of its creditors and other key constituencies, including suppliers, customers, and the tenants and

workforce of the SPEs and developer; and (c) be forced to significantly modify, reduce, or shut down entirely, its business operations.

13.     To avoid those outcomes, it is imperative that the Debtors have access to the DIP Facility beginning no later than **September 1, 2024**, in order to meet critical obligations in the ordinary course and maintain property of the estates in the near term.

## IV.     TERMS OF THE DIP FACILITY MATERIAL TERMS

14.     The Debtors and DIP Lender acknowledge and agree that the Debtors are in need of financing.

15.     The Debtors conducted arm's length, good faith negotiations with the DIP Lender. Exercising sound business judgment, the Debtors determined that the proposal for debtor in possession financing advanced by the DIP Lender was the most favorable under the circumstances, could be documented and accessed quickly, and adequately addressed the Debtors' reasonably foreseeable liquidity needs while maximizing the value of the Debtors' assets and estates. Following discussions with the DIP Lender, the Debtors were able to secure a commitment for the DIP Facility.

16.     The principal features of the DIP Facility are as follows:

> Amount of DIP Facility. The DIP Facility will be in the maximum principal amount of up to **$5,000,000** (the "DIP Commitment"), which shall be provided as a line of credit to be used by the Debtors as necessary.

Repayment Priority. The DIP Facility shall be entitled to an allowed super-priority administrative expense claim under section 364(b) and (c).

Overview and Use of Funds. The DIP Facility shall be made available to the Debtors in the aggregate amount of the DIP Commitment for the following uses: (i) the operating expenses of the Debtors and SPEs as set forth in the Budget; and (ii) other agreed-on uses.

Conditions Precedent to DIP Draw. The DIP Lender will make available the DIP Facility upon the entry of a final order of the Bankruptcy Court approving the DIP Facility and otherwise in a form approved by the DIP Lender (the "Final DIP Order").

Interest; Default Interest. The outstanding principal amount of the DIP Facility shall accrue interest from the Effective Date (i.e., the date of any advances under the DIP Loan) equal to ten percent (10%) per annum. While an event of default has occurred and is continuing, such amounts shall accrue an additional five percent (5%) in interest per year. No payment shall be required until the Maturity Date.

Prepayments. The DIP Facility may be prepaid, in whole or in part, without penalty.

Maturity Date. The DIP Facility shall mature and shall be due and payable, upon the earliest of (i) twelve (12) months after the entry of the DIP Order; (ii) Confirmation of a Plan of Reorganization; or (iii) acceleration of the DIP Facility following an event of default (the "Maturity Date").

Events of Default. Conversion, dismissal, or appointment of a Chapter 11 Trustee in the bankruptcy cases or a failure to pay when due.

17.    The summaries and descriptions of the DIP Facility in this Motion are intended as a summary only and entirely qualified by the DIP Financing Order(s) entered by the Court. To the extent there is any inconsistency between the language of this Motion, and the DIP Order, the DIP Order shall control any such inconsistency.

## V.    RELIEF REQUESTED AND GROUNDS FOR RELIEF

18.    The Debtors submit that entry into the DIP Loan Documents is in the best interests of the Debtors, their estates, and creditors in that it provides the Debtors with assurance that the Debtors can continue to maintain and operate the business pending reorganization. Accordingly, the Debtors seek authority to obtain the necessary postpetition funding from the DIP Lender subject to the terms and requested relief set forth in this Motion.

### A.    The DIP Facility is the Best Option to Obtain Postpetition Funding

19.    The Debtors and the DIP Lender have negotiated the terms and conditions of the DIP Facility in good faith and at arm's-length, and the terms and conditions of which are fair and reasonable and are supported by reasonably equivalent value.

20.    Other than the DIP Facility, the Debtors are unable to obtain, in the ordinary course of business or otherwise, postpetition funding on an unsecured basis.

21.     Under section 364 of the Bankruptcy Code, a debtor is not required to seek credit from every possible source, "the statute imposes no duty to seek credit from every possible lender before concluding that such credit in unavailable." *Bray v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986); *see also, In re Sky Valley, Inc.,* 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988) ("it would be unrealistic and unnecessary to require [a debtor] to conduct such an exhaustive search for financing."). Rather, a debtor need only demonstrate "by a good faith effort that credit was not available without" the protections of section 364(c). *Bray,* 789 F.2d at 1088.

22.     There are no prohibitions in the Bankruptcy Code for an insider or affiliate to make a debtor-in-possession loan. *See In re 495 Central Park Ave. Corp.,* 136 B.R. 626 (Bankr. S.D.N.Y. 1992 (allowing priming debtor-in-possession loan from shareholders of the debtor); *Bland v. Farmworker Creditors (In re Bland),* 308 B.R. S.D. Ga. 2003 (recognizing that courts can approve loans from insiders).

23.     Despite its efforts in seeking an alternative unsecured lender, the Debtors have been unable to secure debtor-in-possession financing on such favorable terms from any source other than the DIP Lender. Accordingly, the Debtors submit that the DIP Loan represents the best and only terms available for post-petition financing.

24.    With respect to postpetition credit under section 364 of the Bankruptcy Code, courts "permit debtors-in-possession to exercise their basic business judgment consistent with their fiduciary duties." *In re Ames Dep't Stores,* 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990). Bankruptcy courts also defer to a debtor's business judgment regarding the need for and proposed use of funds unless such judgment is arbitrary and capricious. *In re Curlew Valley Assocs.,* 14 B.R. 507, 511-14 (Bankr. D. Utah 1981). "Under the 'business judgment rule', the Bankruptcy Court recognizes that it is 'no more equipped to make subjective business decisions for insolvent businesses than [the Court is] for solvent businesses,' and the formulation of the business judgment rule in corporate litigation is also the appropriate formulation of the business judgment rule in the Bankruptcy Court. *In re Weaver Oil Co., Inc.*, No. 08-40379-LMK, 2008 WL 8202063, at *2 (Bankr. N.D. Fla. Nov. 17, 2008) (citation omitted).

25.    After considering all potential alternatives and in exercising of their business judgment, the Debtors have determined that the financing to be provided under the terms of this Motion is in the best interests of the Debtors and their estates, their creditors, and other parties in interest. Such funding and funds are also essential to permit the orderly continuation of the Debtors' operations, to maintain business relationships, to make essential capital expenditures, and to satisfy other working

capital and operation needs. All of which are directly connected to preserving and maximizing the value of the Debtors' estates.

26.    The Debtor and the DIP Lender have negotiated the terms and conditions of the proposed DIP Loan in good faith, the terms and conditions of such loan are fair and reasonable and are supported by reasonably equivalent value. Any credit extended by the DIP Lender pursuant to the terms of this Motion will have been extended in "good faith" (as that term is used in 11 U.S.C. § 364(e)).

## VI.    **WAIVER OF BANKRUPTCY RULE 6004(H)**

27.    To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates. By this Motion, the Debtors request that the order approving this Motion be effective immediately by providing that the fourteen (14) day stay under Bankruptcy Rule 6004(h) is waived, so that the Debtors may immediately use some or all of the DIP Facility in the manner requested herein and in accordance with the Budget. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and

to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## VII.  **NOTICE**

28.     No trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been given by (i) the Court's CM/ECF Transmission to the United States Trustee, Simmons Bank, and all parties receiving electronic noticing as set forth on the attached Certificate of Service; and (ii) United States First Class Mail, postage prepaid, and/or email to the DIP Lender, all known secured creditors of the Debtor, and all parties listed on the attached Mailing Matrix attached to the Certificate of Service.

29.     The Debtors submit that, given the nature of the relief requested herein, no other or further notice need be given. Accordingly, the Debtors request that the Court enter find that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Bankruptcy Rules, and this Court's Local Rules and Administrative Orders. The Debtors submit that, given the nature of the relief requested herein, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order (i) approving the postpetition financing on the terms set forth in this Motion, (ii) granting the superpriority administrative expense status to the DIP Lender, (iii) modifying or vacating the automatic stay as may be necessary, (iv) authorizing the

Debtors to enter into and effectuate the DIP Loan Docs and other requirements for the DIP Facility, (v) waiving the stay and notice periods under Rule 6004, as applicable, and (vi) granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this 29th day of July 2024.

/s/ R. Scott Shuker

R. Scott Shuker, Esq.
Florida Bar No. 0984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Telephone: 407-337-2060
*Attorneys for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion for Final Order (i) Approving Postpetition Financing, (ii) and Granting Superpriority Administrative Expense Status, and (iii) Granting Related Relief* was served as set forth below:

☒ **Served via Notice of Electronic Filing (NEF):** The undersigned verifies that the foregoing document was served via NEF on July 29, 2024, to the below-listed person(s) and entities:

- Noel R. Boeke  noel.boeke@hklaw.com and wendysue.henry@hklaw.com
- John Blair Boyd  bk@svllaw.com and blairb@svllaw.com
- Scott Wallace Cichon Scott.Cichon@cobbcole.com Bonnie.Rubino@cobbcole.com
- John D. Elrod  elrodj@gtlaw.com and fieldss@gtlaw.com
- Matthew Blake Hale  mhale.ecf@srbp.com
- Suzanne Hill  shill@rumberger.com, shillsecy@rumberger.com, and docketingorlando@rumberger.com

- Zachary P Hyman  zach@millenniallaw.com, assistant@millenniallaw.com, and jessica@millenniallaw.com
- Inez M Markovich  immarkovich@mccarter.cm
- Paul Nicholas Mascia  pmascia@nardellalaw.com
- Jon E Kane  jkane@southmilhausen.com and tidera@southmilhausen.com
- Conor McLaughlin  conor.mclaughlin@usdoj.gov
- Jose I. Moreno  jimoreno@bellsouth.net and ruizcalderondr64903@notify.bestcase.com
- Michael Anthony Nardella  mnardella@nardellalaw.com klynch@nardellalaw.com, and msayne@nardellalaw.com
- Michael J Niles  mniles@bergersingerman.com efile@bergersingerman.com zmorton@bergersingerman.com, and efile@ecf.courtdrive.com
- Edward J. Peterson  edwardp@jpfirm.com, andrenaw@jpfirm.com, Jillc@jpfirm.com, melanief@jpfirm.com, and AngelinaL@jpfirm.com
- Michael Stephen Provenzale  Michael.provenzale@lddkr.com, anne.fisher@lowndes-law.com, and litcontrol@lowndes-law.com
- Nicholas V. Pulignano  nvp@marksgray.com
- Lauren Marie Reynolds  lreynolds@whww.com, scolgan@whww.com; mbretana@whww.com, and mbretana@ecf.courtdrive.com
- Brian G. Rich  brich@bergersingerman.com, efile@bergersingerman.com, efile@ecf.courtdrive.com, and zmorton@bergersingerman.com
- Bradley M. Saxton  bsaxton@whww.com, scolgan@whww.com, mbretana@whww.com, and mbretana@ecf.courtdrive.com
- Sharon T. Sperling  sharon@sharonsperling.com, share.sharonsperling@gmail.com, and info@sharonsperling.com
- Mark E Steiner  MES@lgplaw.com and pm@lgplaw.com
- Jesse Ellsworth Summers  esummers@burr.com and sguest@burr.com
- James Timko  jtimko@deanmead.com and mgodek@deanmead.com
- United States Trustee  USTPRegion21.TL.ECF@usdoj.gov
- Richard Scott Williams  swilliams@rumberger.com
- David C Willis  dwillis@rumberger.com, dwillissecy@rumberger.com, and docketingorlando@rumberger.com

☒ **Served by U.S. Mail:** On July 29, 2024, the undersigned served the person(s) and/or entity(ies) listed below via First Class U.S. Mail, postage prepaid, at the addresses listed below or on the attached mailing matrix obtained from the Court's case management system:

☒ *See* attached mailing matrix; **<u>AND</u>**

☒ The following:

| | |
|---|---|
| Royal Oaks of Gainesville, LLC<br>2210 NW 2nd Ave.<br>Gainesville, FL 32603 | SHD-Celebration Pointe, LLC<br>5001 Celebration Pointe Ave., Ste 180<br>Gainesville, FL 32608 |
| Florida Department of Transportation<br>Office of Comptroller, MS 24<br>605 Suwanee Street<br>Tallahassee, FL 32399-0405 | State of Florida Auditor General<br>Local Government Audits/342<br>111 West Madison Street, Room 401<br>Tallahassee, FL 32399-1450 |
| SIB Program Manager<br>Florida Department of Transportation<br>Office of Comptroller – Project<br>Finance<br>605 Suwanee Street. MS #10<br>Tallahassee, FL 32399-0405 | Barwick Banking Company<br>ATTN: Chad Bowling, CEO<br>2020 E Main St<br>Barwick, GA 31720 |
| Barwick Banking Company<br>ATTN: Chad Bowling, CEO<br>105 Sw 128th St<br>Ste 100<br>Newberry, FL 32669 | Barwick Banking Company<br>C/O James Bange, Registered Agent<br>1200 Plantation Island Dr., Ste 110<br>St. Augustine, FL 32080 |

☐ **Served by Email:** On <u>N/A</u> the undersigned served each person or entity listed below via the means noted for each:

I declare under penalty of perjury that the foregoing is true and correct.

/s/ R. Scott Shuker
R. Scott Shuker

### Exhibit "A"

| Mortgages/Deficits for Operations | 24-Jul | Notes |
|---|---|---|
| SDPS 4 | $ 9,000.00 | |
| SDPS 5 | $ 15,000.00 | operating shortfall |
| SDPS 7 | $ 10,000.00 | P2 Garage, O5, 900 Carry Cost. |
| SDPS 8 | $ 11,000.00 | shortfall for mortgage. |
| CPOP 2 | $ 65,000.00 | Shortfall for CPOP2 loaning to cover carry cost earlier in month. Covers Vystar mortgage 7/19. |
| P1 Garage | $ 15,000.00 | Operating Costs |
| VPS/VPSS | $ 100,000.00 | Will disperse to various operations to clean AP. Covers the payroll  week & priority AP. |
| The Vue HOA | $ 15,000.00 | |
| The Vue Mortgages | $ 10,000.00 | Barwick & Truist |
| **Operations Totals** | **$ 250,000.00** | |
| | | |
| City Place Framer | $ 315,000.00 | |
| Viking Companies | $ 95,000.00 | Operating Costs May/June/July. |
| **VIKING Related Urgent** | **$ 410,000.00** | |
| | | |
| **CPH DIP AP - required to pay for normal operations** | | |
| CPA | $ 70,320.84 | Will disperse to various operations to clean AP. |
| CDD Operations & MGMT | $ 35,232.86 | Audit, Utilities, other urgent cash requirements |
| EDA - | $ 9,502.50 | Archer Braid Trail retainer |
| JMCO | $ 8,559.25 | Executory Contract |
| John Hancock Life Insurance | $ 4,233.09 | |
| Lincoln Life Insurance | $ 5,739.80 | |
| Viking Companies | $ 105,574.87 | Bankruptcy Management Cost |
| VPS | $ 846.08 | |
| | **$ 240,009.29** | |
| | | |
| Stankunas | $ 200,000.00 | Request for more City Place money |

| Total | $ 1,100,009.29 | |
|---|---|---|

Label Matrix for local noticing
1129-1
Case 24-10056-KKS
Northern District of Florida
Gainesville
Mon Jul 29 12:17:05 EDT 2024

ARCISCAP CELEBRATION POINTE INVESTMENT (B.V.
c/o James A. Timko, Esq.
Dean Mead Law Firm
420 S. Orange Ave., Ste. 700
Orlando, FL 32801-4911

(p)ALACHUA COUNTY TAX COLLECTOR
ATTN MISTY BLACKFORD
12 SE 1ST STREET
GAINESVILLE FL 32601-6882

Arcis Real Estate Secured Fund II, L.P.
135 West 41 Street
New York, NY 10036-7303

Celebration Pointe Community Development Dis
One Daytona Boulevard
Suite 600
Daytona Beach, FL 32114-1212

Celebration Pointe Holdings II, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Celebration Pointe Holdings, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

EDA Consultants Inc
c/o: Jose I Moreno PA
240 NW 76TH DRIVE
SUITE D
Gainesville, FL 32607-6656

Florida Credit Union
c/o J. Blair Boyd
Post Office Box 3637
Tallahassee, FL 32315-3637

Florida Department of Transportation
c/o Rumberger, Kirk & Caldwell, P.A.
300 S Orange Ave.
Suite 1400
Orlando, FL 32801-3380

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Frankel Media Group LLC
c/o Noel Boeke, Esq.
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3644

Jon Guven
J & R Gator Investments, LLC
1790 Mall of Georgia Blvd
Buford, GA 30519-8705

ICEBERG CAPITAL PARTNERS, III, LLC
501 E. Las Olas Blvd Ste 200/308
Fort Lauderdale, FL 33301-2881

ICEBERG REAL ESTATE INVESTMENTS, LLC
501 E. Las Olas Blvd Ste 200/308
Fort Lauderdale, FL 33301-2881

James B. Euliano, Trustee, and Neil R. Eulia
c/o Lauren M. Reynolds
PO Box 880
Winter Park, FL 32790-0880

PFM Financial Advisors LLC
c/o McCarter & English, LLP
Attn: Inez M. Markovich
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7242

Tamara Robbins
PO Box 2317
Alachua, FL 32616-2317

Royal Oaks of Gainesville, LLC
2210 NW 2nd Ave.
Gainesville, FL 32603-1405

SHD-Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Patricia A. Shively
608 SW 97th Terrace
Gainesville, FL 32607-6309

TRUIST BANK
c/o Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

(p)UNITED STATES ATTORNEY'S OFFICE
111 NORTH ADAMS STREET
4TH FLOOR
TALLAHASSEE FL 32301-7730

U.S. Bank, N.A., as Indenture Trustee
Greenberg Traurig, LLP
c/o John D. Elrod
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305-1780

U.S. Securities & Exchange Commission
Atlanta Reg Office and Reorg
950 E Paces Ferry Rd NE
Ste. 900
Atlanta, GA 30326-1382

John C. Vanduzer
James Moore & Co., P.L.
5931 NW 1st Place
Gainesville, FL 32607-2063

Vystar Credit Union
c/o J. Ellsworth Summers, Jr., Esq.
Burr & Forman LLP
50 North Laura Street, Suite 3000
Jacksonville, FL 32202-3658

*ARCIS CAPITAL ADVISORS II
54 West 40th Street
New York, NY 10018-2602

*ArcisCap-Celebration Pointe
Investment LLC
4503 Michigan Trail
Kewadin, MI 49648-9301

*Capital One
Attn: General Correspondence
P.O. Box 30285
Salt Lake City, UT 84130-0285

*Catalyst Income Fund 2022-A1, LLC
11720 Amberpark Drive
Suite 160
Alpharetta, GA 30009-2271

*Catalyst Synartis MF B Series Condo
11720 Amberpark Drive
Suite 160
Alpharetta, GA 30009-2271

*Celebration Pointe Capital, LLC
42809 Souther Drive
Washington, DC 20210-0001

*GNV RE CP Fund, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

*J & R GATOR INVESTMENTS LLC
1790 Mall of Georgia Blvd.
Buford, GA 30519-8705

*James Euliano
4585 Old Carriage Trail
Oviedo, FL 32765-8454

*Neil Euliano
3914 SW 95th Drive
Gainesville, FL 32608-4648

*State Infrastructure Bank
605 Suwannee Street
Tallahassee, FL 32399-0450

*Synartis Capital Management
11720 Amberpark Drive
Suite 160
Alpharetta, GA 30009-2271

*U.S. Bank, N.A.
799 E. Wisconsin Ave.
Milwaukee, WI 53202-5300

ARCISCAP CELEBRATION POINTE INVESTMENT (B.V.
c/o James A. Timko, Esq.
Dean Mead
420 S. Orange Ave., Suite 700
Orlando, FL 32801-4911

Aleia M. Hornsby, Thompson Hine LLP
3560 Lenox Road
Suite 1600
Atlanta, GA 30326-4274

Archaeological and Historical Cons
4800 SW 64th Ave., Ste 107
Fort Lauderdale, FL 33314-4438

ArcisCap-YJ Holding LLC
c/0 James Timko, Esq.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801-4911

ArcisCap-YJ Holding LLC
c/o James Timko, Esq.
420 S. Orange Ave, Suite 700
Orlando, FL 32801-4911

Barwick Banking Company
1200 Plantation Drive S.
Suite 110
Saint Augustine, FL 32080

CP City Place Holdings, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

CP City Place Partners, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

CP City Place Partners, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

CP Holdings Consolidated VII, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Catalyst Income Fund 2022-1A, LLC
c/o Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, PA
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Income Fund 2022-A1,LLC
c/o Matthew B. Hale, Esquire
Stichter Riedel Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Synartis MF B Series Condo 3A-2023,
c/o Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, PA
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Synartis MF B Series Condo, LLC
c/o Matthew B. Hale, Esquire
Stichter Riedel Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Synartis MF B Series MF 2A-2022, LL
c/o Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, PA
110 E. Madison St., #200
Tampa, FL 33602-4718

Celebration Pointe Assoc., Inc.
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Celebration Pointe CDD #1
Cobb Cole
One Daytona Boulevard, Suite 600
Daytona Beach, FL 32114-4346

Celebration Pointe CDD No. 1
3501 Quadrangle Blvd.
Suite 270
Orlando, FL 32817-8329

Celebration Pointe Community Development Dis
Cobb Cole
One Daytona Boulevard, Ste 600
Daytona Beach, FL 32114-4346

Celebration Pointe Office Partners II
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Celebration Pointe Office Partners III
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Cobb Cole
P.O. Box 2491
Daytona Beach, FL 32115-2491

Cupkovic Architecture, LLC
6060 Rockside Woods Blvd N
Suite 100
Independence, OH 44131-2381

EDA Consultants, Inc.
720 SW 2nd Ave.
South Tower, Ste 300
Gainesville, FL 32601-6271

Edward J. Peterson
Johnson Pope Bokor Ruppel & Burns, LLP
400 N. Ashley Drive, Suite 3100
Tampa, FL 33602-4337

England Thims & Miller, Inc.
14775 Old St Augustine Rd
Jacksonville, FL 32258-2463

Florida Credit Union
P.O. Box 5549
Gainesville, FL 32627-5549

Florida Credit Union
Post Office 5158
Gainesville, FL 32627

Florida Department of Transportation
@Rumberger Kirk
300 S Orange Avenue Suite 1400
Orlando, FL 32801-3380

Frankel Media Group LLC
c/o Noel Boeke, Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa FL 33602-3642

(p)FRANKEL MEDIA GROUP LLC
ATTN JEANNETTE BAER
5001 CELEBRATION POINTE AVENUE
SUITE 520
GAINESVILLE FL 32608-5085

Frankel Media Group, LLC d/b/a Frankel
Noel Boeke, c/o Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3642

Freddie Wehbe
13284 SW 7th Ave.
Newberry, FL 32669-3345

GSE Engineering & Consulting, Inc.
5590 SW 64th Street
Ste B
Gainesville, FL 32608-9607

Gainesville PropCo LLC
c/o Leanne Prendergast
Pierson Ferdinand LLP
12620 Beach Blvd., Ste. 3 #126
Jacksonville, FL 32246-7130

Heather Dyrkolbotn
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Holden, Roscow & Caedington PI
5608 NW 43rd Street
Gainesville, FL 32653-3332

Holden, Roscow & Caedington, PL
5608 NW 43rd Street
Gainesville, FL 32653-3332
'

IMG College, LLC
540N Trade Street
Winston-Salem, NC 27101-2915

Iceberg Real Estate Investments, LLC
c/o Zachary P. Hyman, Esq.
501 East Las Olas Blvd., Ste 200/314
Fort Lauderdale, FL 33301-2881

Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Philadelphia, PA 19101-7346

JON E. KANE
South Milhausen, P.A.
1000 Legion Place, Suite 1200
Orlando, Florida 32801-1005

James B. Euliano, Trustee
and Neil R. Euliano, Trustee
c/o Bradley M. Saxton
PO Box 880
Winter Park, FL 32790-0880

James B. Euliano, Trustee
and Neil R. Euliano, Trustee
c/o Lauren M. Reynolds
PO Box 880
Winter Park, FL 32790-0880

James Moore & Co.
5931 NW 1st Pl
Gainesville, FL 32607-2063

Johnson Controls Security Solutions
P.O. BOx 371967
Pittsburgh, PA 15250-7967

Jon Guven
c/o Bloom Parham, LLP
977 Ponce de Leon Ave., NE
Atlanta, GA 30306-4265

Jon W. Pritchett
8601 SW 31st Ave.
Gainesville, FL 32608-2727

Lauren L. Stricker, Esq.
Shuker & Dorris, P.A.
121 S. Orange Ave., Ste. 1120
Orlando, FL 32801-3238

(p)TCM HALL SE FINANCE LLC
101 SE 2ND PLACE STE 117
GAINESVILLE FL 32601-6592

MILLENNIAL LAW, INC.
501 East Las Olas Blvd, Suite 200/314
Fort Lauderdale Fl 33301-2881

Mainstreet Comm. Bank of FL
204 S. Woodland Blvd.
Deland, FL 32720-5414

Mainstreet Community Bank
204 S. Woodland Blvd
Deland, FL 32720-5414

McCarter & English, LLP
Attn: Inez M. Markovich, Esq.
1600 Market Street, Suite 3900
Philadelphia, PA 19103-7242

McRock, LLC
2970 SW 50th Terrace
Gainesville, FL 32608-5076

Michael A. Nardella, Esq.
Nardella & Nardella, PLLC
135 W Central Blvd.
Ste 300
Orlando, FL 32801-2435

PHG Gainesville CP, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Patricia A. Shively & Patricia Ann Shively T
Edward J. Peterson, III
Johnson Pope Bokor Ruppel & Burns, LLP
400 N. Ashley Drive, Suite 3100
Tampa, FL 33602-4337

Patricia A. Shively (TRUST)
608 SW 97th Terrace
Gainesville, FL 32607-6309

Phillip W. Pritchett
1050 SE 6th Street
Lake Butler, FL 32054-2740

R. Scott Williams
2001 Park Place Suite 1300
Birmingham, AL 35203-2700

Renaissance Printing
PO Box 357186
Gainesville, FL 32635-7186

Rennia Aviation, LLC
4050 NE 45th Ave
Gainesville, FL 32609-1682

Richard S. Blaser
646 SW 133rd Way
Newberry, FL 32669-3339

Ryan Frankel
779 SW 136th Street
Newberry, FL 32669-3386

SDPS Real Eetate Investment III
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investment V LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investment VI, LLC
5001 Celebratoin Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investment, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments III
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments IV, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

SDPS Real Estate Investments V, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

SHD Management, LLC
2579 SW 87th Dr
Gainesville, FL 32608-9340

SHD Management, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

SHD-Celebration Pointe Holdings, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Sharon T. Sperling
Attorney for Jon Guven
PO Box 358000
Gainesville FL 32635-8000

(c)SITE SOLUTIONS, LLC
STE 720
3715 NORTHSIDE PKWY NW BLDG 300-720
ATLANTA GA 30327-2850

Spurriers Gridiron Grille CP, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

State Board of Administration of Florida
P.O. Box 13300
Tallahassee, FL 32317-3300

Studio for Housing Design LLC
3084 Mercer University Dr.
Suite 110
Atlanta, GA 30341-4139

Sunbelt Rentals Inc
Sunbelt Rentals
2015 Directors Row
Orlando, FL 32809-6231

Svein Dyrkolbotn
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Svein Dyrkolbotn
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Svein Dyrkolbotn
c/o Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Svein H. Dyrkolbotn
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Synartis Capital Management, LLC
c/o Matthew B. Hale, Esquire
Stichter Riedel Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Synartis Income Fund, LLC and
Catalyst Synartis CP Master 4A-2023, LLC
c/o Matthew B. Hale, Esq.
110 E. Madison St., #200
Tampa, FL 33602-4718

The Shops at Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

The Vue at Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

The Zall Company, LLC
2946 Larimer Street
Denver, CO 80205-2309

U.S. Bank Trust Company, N.A., as Indenture
GREENBERG TRAURIG, LLP
c/o John D. Elrod
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305-1780

U.S. Bank Trust Company, N.A., as Indenture
GREENBERG TRAURIG, LLP, c/o John D. Elro
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305-1780

U.S. Bank, N.A., as Indenture Trustee
c/o Greenberg Traurig, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305-1780
Attn.: John D. Elrod

Viking Companies, LLC
2579 SW 87th Dr
Gainesville, FL 32608-9377

Viking Companies, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Viking Companies, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Viking Construction Company
5001 Celebration Pointe Ave, Ste 180
Gainesville, FL 32608-5379

Viking Construction Company of Florida, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Viking Property Management LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Vue-F, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

(p)VYSTAR CREDIT UNION
PO BOX 45085
JACKSONVILLE FL 32232-5085

Vystar Credit Union
c/o J. Ellsworth Summers, Jr., Esq.
Burr & Forman LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202-3658

c/o Liebler Gonzalez & Portuondo
44 West Flagler Street, 24th Floor
Miami, FL 33130-6808

United States Trustee +
110 E. Park Avenue
  Suite 128
Tallahassee, FL 32301-7728

Sharon T. Sperling +
Law Office of Sharon T. Sperling
P.O. Box 358000
Gainesville, FL 32635-8000

Noel R. Boeke +
Holland & Knight, LLP
P.O. Box 1288
Tampa, FL 33601-1288

Merrick B. Garland +
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Bradley M. Saxton +
Winderweedle, Haines, Ward & Woodman, P.
POB 880
Winter Park, FL 32790-0880

Secretary of the Treasury +
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

Internal Revenue Service +
P.O. Box 7346
Philadelphia, PA 19101-7346

Edward J. Peterson III+
Johnson Pope Bokor Ruppel & Burns, LLP
400 N. Ashley Drive
Suite 3100
Tampa, FL 33602-4337

Brian G. Rich +
Berger Singerman LLP
313 N. Monoe Street
2nd Floor
Tallahassee, FL 32301-7641

John D. Elrod +
Greenberg Traurig, LLP
Terminus 200, Suite 2500
3333 Piedmont Road, N.E.
Atlanta, GA 30305-1811

Jose I. Moreno +
Jose I Moreno, P.A.
240 NW 76th Drive, Suite D
Gainesville, FL 32607-6656

Mark E Steiner +
Liebler, Gonzalez & Portuondo, P.A.
Courthouse Tower - 25th Floor
44 W. Flagler Street
Miami, FL 33130-1808

Michael Anthony Nardella +
Nardella & Nardella, PLLC
135 W. Central Blvd.
Suite 300
32801
Orlando, FL 32801-2430

James Timko +
Dean Mead Egerton Bloodworth Capouano &
420 S Orange Avenue
Suite 700
Orlando, FL 32801-4911

John Blair Boyd +
Sorenson Van Leuven Law Firm
Post Office 3637
Tallahassee, FL 32315

Matthew Blake Hale +
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St.
Suite 200
Tampa, FL 33602-4718

Zachary P Hyman +
Berger Singerman LLP
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301-4215

Michael J Niles +
Berger Singerman LLP
313 N. Monroe Street
Ste 301
Tallahassee, FL 32301-7643

Scott Wallace Cichon +
COBB COLE
149 S. Ridgewood Avenue
Suite 700
Daytona Beach, FL 32114-4335

Michael Stephen Provenzale +
Lowndes Drosdick Doster Kantor & Reed, P
P.O. Box 2809
Orlando, FL 32802-2809

Lauren Stricker +
Shuker & Dorris P.A.
121 South Orange Avenue
Ste 1120
Orlando, FL 32801-3238

Conor McLaughlin +
DOJ-Ust
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301-7728

Lauren Marie Reynolds +
Winderweedle Haines Ward & Woodman PA
P.O. Box 880
Winter Park, FL 32790-0880

Robert Scott Shuker +
Shuker & Dorris, PA
121 S Orange Avenue
Suite 1120
Orlando, FL 32801-3238

Jesse Ellsworth Summers Jr+
Burr & Forman LLP
50 N. Laura Street
Suite 3000
Jacksonville, FL 32202-3658

David C Willis +
Rumberger, Kirk & Caldwell
P. O. Box 1873
Orlando, FL 32802-1873

Suzanne Hill +
Rumberger, Kirk & Caldwell
300 South Orange Avenue
Ste 1400
Orlando, FL 32801-3380

Inez M Markovich +
McCarter & English, LLP
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7242

Richard Scott Williams +
Rumberger, Kirk & Caldwell
2001 Park Place
Suite 1300
Birmingham, AL 35203-2735

Nicholas V. Pulignano Jr+
Marks Gray, P.A.
1200 Riverplace Boulevard
Suite 800
Jacksonville, FL 32207-1834

Paul Nicholas Mascia +
Nardella & Nardella, PLLC
135 W Central Blvd
Ste 300
Orlando, FL 32801-2435

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Alachua County Tax Collector
12 SE 1st Street
Gainesville, FL 32601

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301

(d)Alachua County Tax Collector
12 SE 1st Street
Gainesville, FL 32601

Frankel Media Group, LLC
5001 Celebration Pointe Ave
Suite 520
Gainesville, FL 32608

Linda McGurn
101 SE 2nd Place, Ste 117
Gainesville, FL 32601

Vystar Credit Union
P.O. Box 45085
Jacksonville, FL 32232-5085

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Site Solutions, LLC
3715 Northside Pkwy Northcreek 300
Suite 720
Atlanta, GA 30327

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Catalyst Income Fund 2022-A1, LLC

(u)Catalyst Synartis MF B Series Condo, LLC

(u)Svein Dyrkolbotn

(u)MAINSTREET BANK

(u)Synartis Capital Management, LLC

(d)Arcis Real Estate Secured Fund II L.P.
135 West 41 Street
New York, NY 10036-7303

(d)ArcisCap-YJ Holding LLC
c/o James Timko, Esq.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801-4911

(u)Celebration Point Community Development Di

(d)Celebration Pointe Holdings II, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

(d)Florida Department of Transportation
@Rumberger Kirk
300 S Orange Avenue Suite 1400
Orlando, FL 32801-3380

(d)Jon Guven
J & R Gator Investments, LLC
1790 Mall of Georgia Blvd
Buford GA 30519-8705

(d)Patricia A. Shively
608 SW 97th Terrace
Gainesville, FL 32607-6309

(d)Patricia A. Shively, TRUST
608 SW 97th Terrace
Gainesville, FL 32607-6309

(d)SHD-Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

End of Label Matrix
Mailable recipients      177
Bypassed recipients       14
Total                    191