IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC, | Case No. 24-10056-KKS |
| CELEBRATION POINTE HOLDINGS II, LLC, | Case No. 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC, | Case No. 24-10058-KKS |
| | Chapter 11 |
| Debtors. | Joint Administration under Case No. 24-10056-KKS |

_____/

**OBJECTION OF U.S. BANK TRUST COMPANY,
NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE TO DEBTORS'
MOTION FOR FINAL ORDER (I) APPROVING POSTPETITION FINANCING,
(II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS,
AND (III) GRANTING RELATED RELIEF**

**COMES NOW**, U.S. Bank Trust Company, National Association, as Indenture Trustee (the "Indenture Trustee") and hereby files this Objection (the "Objection") to the *Debtors' Motion for Final Order (I) Approving Postpetition Financing, (II) Granting Superpriority Administrative Expense Status, and (III) Granting Related Relief* (the "Motion"). In support of its Objection, the Indenture Trustee states as follows:

**INTRODUCTION**

1. The Debtors have filed a deficient Motion that lacks the detail necessary for the Court, the Indenture Trustee, and other parties in interest to evaluate whether the proposed DIP Facility[1] is necessary, fair, and equitable, and whether it is in the best interests of the Debtors' creditors and the estates. For example, the Debtors have not provided a proposed order or loan

---
[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

documents with the Motion, which are standard filings accompanying requests for post-petition financing. Accordingly, there is insufficient information to determine the exact nature of the rights granted to the proposed DIP Lender, Patricia Shively ("Shively") – an insider of the Debtors. Additionally, the Budget requires more detail and must be modified to provide that all administrative creditors are paid in a timely manner, to ensure that sufficient funding is available for the Debtors to reorganize, and that creditors, such as the Indenture Trustee, are not harmed by unnecessary post-petition payments to insiders of the Debtors.

2. The Debtors have failed to demonstrate that the DIP Facility is appropriate under section 364(c). As proposed, the Motion does not meet the "entire fairness" test, the heightened standing in this Circuit for approving an insider-funded DIP Facility, and is not in the best interest of the Debtors' estates. Absent additional information and protections for the estates, the Motion should be denied.

## BACKGROUND

### I. The Bond Indebtedness

3. The Indenture Trustee serves as indenture trustee for the Bonds[2] issued by the Celebration Pointe Community Development District No. 1, a local unit of special-purpose government existing under the Constitution and laws of the State of Florida (the "District").

4. The District issued the Bonds for purposes of financing its acquisition,

---

[2] The Special Assessment Revenue Bonds, Series 2014 ("Series 2014 Bonds"), issued pursuant to that certain Master Trust Indenture dated as of December 1, 2014 (the "Master Indenture"), as amended and supplemented pursuant to that certain First Supplemental Trust Indenture dated as the same date (together with the Master Indenture, the "Series 2014 Indenture"), the Special Assessment Revenue Bonds, Series 2017 ("Series 2017 Bonds"), issued pursuant to the Master Indenture as amended and supplemented pursuant to that certain Second Supplemental Trust Indenture dated as of May 1, 2017 (together with the Master Indenture, the "Series 2017 Indenture"), and the Special Assessment Revenue Bonds, Series 2021 ("Series 2021 Bonds," and together with the Series 2014 Bonds and Series 2017 Bonds, the "Bonds"), issued pursuant to the Master Indenture as amended and supplemented by that certain Third Supplemental Trust Indenture dated as of October 1, 2021 (the "Series 2021 Indenture," and together with the Series 2014 Indenture and Series 2017 Indenture, the "Indentures").

construction, installation and equipping of public infrastructure including, but not limited to, public roadways, water management and control facilities, wetland mitigation, water distribution and sewer collection facilities, electrical infrastructure, public trails, and related costs.

5. The debt evidenced by the Bonds is secured by, without limitation, Special Assessments[3] levied under Fla. Stat. Ann. § 170.01, *et seq*. on the parcels of real estate located in the District—which Special Assessments are first liens on the real estate, co-equal with the lien of all state, county, district and municipal taxes, superior in dignity to all other liens, titles, and claims until paid, as well as Transportation Revenues[4] received from the County.

6. The lien of the Special Assessments and assignment of Transportation Revenues (inclusive of Mitigation Credits that were to be paid) to the Indenture Trustee as Pledged Revenues occurred in 2014, 2017 and 2021 contemporaneously with the District's issuance of each series of Bonds, as applicable, well before the Petition Date.

7. As of the Petition Date, the Indenture Trustee holds claims, secured by the Pledged Revenues, totaling not less than $8,357,742.83 and $4,318,914.46 against Debtors Celebration Pointe Holdings, LLC and Celebration Pointe Holdings II, LLC, respectively. Additional amounts have come due, or will come due, after the Petition Date.

II. **The Debtor's Bankruptcy Filing**

8. On March 14, 2024 (the "Petition Date"), the Debtors filed the voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), which are being jointly administered.

9. The Debtors are operating their business and managing their financial affairs as

---

[3] Collectively, the 2014 Assessments, 2017 Assessments and 2021 Assessments.
[4] As to the Series 2014 Bonds and Series 2017 Bonds, only.

debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

10. The Debtors filed the Motion on July 29, 2024, which is set for an evidentiary hearing on August 20, 2024.

11. The Debtors did not confer with the Indenture Trustee regarding the proposed DIP Facility.

## GROUNDS FOR OBJECTION TO THE MOTION

**I.     The Motion Does Not Provide Adequate Information Regarding the Terms of the Proposed DIP Facility.**

12. The Debtors seek to obtain post-petition credit which relief is statutorily governed under Bankruptcy Code section 364 and is procedurally governed under Fed. R. Bankr. P. 4001(c). Fed. R. Bankr. P. 4001(c)(1)(A) requires that a motion for authority to obtain credit "shall be accompanied by a copy of the credit agreement and a proposed form of order."

13. To date, the Debtors have failed to attach the credit agreement, a proposed order, or a final detailed budget to the Motion.

14. Thus, the Debtors' Motion is procedurally improper and should be denied.

15. In addition to being procedurally improper, failure to attach the necessary documents prevents the Indenture Trustee, as well as the Court and other parties, from evaluating the terms of the DIP Facility to determine the effect this financing agreement will have on the estate and the Trustee's liens and claims. Key facts currently missing from the Motion include, but are not limited to, the following:

   (a) whether the Budget will include any payments on account of the post-petition Special Assessments;

   (b) whether the Debtors seek to grant liens against any of the Debtors' property,

including such real estate covered by the Special Assessments;[5] and

(c) whether the financing provides sufficient liquidity required by the Debtors to satisfy administrative claims and to achieve their goals in this restructuring.

16. While the Debtors have included the Budget attached as Exhibit "A" to the Motion, it is vague and does not provide an accurate representation of the payments to be made by the Debtor.  The Budget only covered one week (which has since passed) and does not show how the Debtors will be able to make payments throughout the remainder of these Chapter 11 cases.[6]

17. The Indenture Trustee objects to the Motion to the extent that a more detailed budget, along with the other required documents, are not filed such that parties have sufficient time to review it, and the Indenture Trustee reserves all rights with regards to the Budget and the Motion.

18. Accordingly, the Motion is procedurally improper and additional information regarding the terms of the proposed financing must be disclosed prior to the Court granting any relief.

**II.    The Primary Purpose of the DIP Facility is to Benefit Insiders.**

19. In the Motion, the Debtors assert that, under the business judgment rule, the Court should defer to the Debtors' decision to enter into the proposed DIP Facility.  While that may normally be true, it is not the case here.  Courts have recognized that because "there is an

---

[5] It is not clear based solely on the Motion whether or not the DIP Lender seeks to be granted liens against any of the Debtors' property, including such real estate covered by the Special Assessments.  Upon information and belief there is no real estate or other collateral of the Debtors that is unencumbered and able to be pledge as collateral without priming the Indenture Trustee's lien.  The Indenture Trustee specifically objects to the Motion to the extent that it purports to prime or subordinate the superior lien positions of the Indenture Trustee.  The Indenture Trustee would require that entry of an order be conditioned upon the inclusion of language that provides that the Indenture Trustee's interest in the Pledged Revenues will not be primed by nor made subordinate to any liens granted to any party under the order.

[6] In the Motion, the Debtors state that the budget will be updated prior to the hearing, yet the updated budget has not been filed as of the filing of this Objection.

incentive and opportunity to take advantage, dominant shareholders' and other insiders' loans in a bankruptcy must be subject to rigorous scrutiny." *WHBA Real Estate Ltd. Pshp. v. Lafaette Hotel Pshp. (In re Lafayette Hotel Pshp.)*, 227 B.R. 445, 454 (S.D.N.Y. 1998), *aff'd* 198 F.3d 234 (2d Cir. 1999); *see also Citicorp Venture Capital v. Comm. of Creditors Holding Unsecured Claims (In re Papercraft Corp.)*, 211 B.R. 813, 823 (W.D. Pa. 1997) ("[I]nsider transactions are subjected to rigorous scrutiny and when challenged, the burden is on the insider not only to prove the good faith of a transaction but also to show the inherent fairness from the viewpoint of the corporation and those with interests therein."). *See In re Harford Sands Inc.*, 372 F.3d 637, 641 (4th Cir. 2004) ("An insider's dealings with a bankrupt corporation are ordinarily subject to 'rigorous' or 'strict' scrutiny."); *In re Lafayette Hotel P'ship*, 227 B.R. 445, 454 (S.D.N.Y. 1998) ("[S]ince there is an incentive and opportunity to take advantage. . . insiders' loans in a bankruptcy must be subject to rigorous scrutiny."), *aff'd*, 198 F.3d 234 (2d Cir. 1999).

20. The Debtors may argue that the terms of the DIP Facility are favorable. However, the loan will have administrative priority status, which will require the loan to be paid in full, in cash, on the effective date of any plan absent the insider lender, Shively, otherwise agreeing. Thus, Shively may hold a blocking right on confirmation of any plan that she does not support.[7] Moreover, given the lack of specificity regarding the DIP Facility, there is a risk that this agreement would be used to the detriment of the estates and their creditors.

21. In addition, as noted above, the Debtors have not established that the DIP Facility will be sufficient to solve their liquidity issues in these cases. The Debtors' budget is incomplete.

---

[7] That is a major issue for the estates given that the current proposed Chapter 11 Plan is premised on a Plan Support Agreement driven by the primary interest holders of Debtors, one of which is Shively. In fact, the treatment of Shively's claims under the Plan and their treatment under this Motion directly conflict. The Indenture Trustee reserves the right to file a separate objection to confirmation of the Plan.

6

Additionally, the payments that are included on the budget list payments to other insiders of the Debtors, specifically over $200,000 to Viking Companies, which, upon information and belief, is an insider. Neither the Budget nor the Motion explains what these payments are, why these payments are needed, or how these payments will benefit the estates (as opposed to insiders).

22. Neither the Debtors nor the DIP Lender have made any showing that this transaction was proposed in good faith. This is particularly troublesome given the insider nature of the proposed financing.

23. The Debtors have not satisfied their burden of proof on the elements necessary for approval of post-petition financing under section 364(c) of the Bankruptcy Code. Accordingly, the Motion must be denied.

## RESERVATION OF RIGHTS

24. The Indenture Trustee hereby reserves the right to amend, modify, and/or supplement this Objection or further object to the relief requested in the Motion, including the right to object to entry of a final order in connection with the Motion or the terms of the DIP Facility. Nothing herein is intended or shall be construed as a waiver of any of the Indenture Trustee's rights under the Bankruptcy Code or other applicable law.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Indenture Trustee respectfully requests that this Court (i) sustain this Objection, (ii) deny the relief requested in the Motion as currently proposed, and (iii) grant such other and further relief as deemed just and equitable.

Dated: August 12, 2024

Respectfully submitted,
GREENBERG TRAURIG, LLP

/s/ *John D. Elrod*
John D. Elrod (Fla Bar No. 0615013)
3333 Piedmont Road NE, Suite 2500

Atlanta, Georgia 30305<br>
Telephone: 678-553-2259<br>
Facsimile:  678-553-2269<br>
Email: elrodj@gtlaw.com<br>
*Counsel for U.S. Bank Trust Company,*<br>
*National Association, as Indenture Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I served or caused to be served the foregoing pleading by CM/ECF upon those parties registered to receive such electronic notifications in this case.

*/s/ John D. Elrod*<br>
John D. Elrod