UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC., | Case No. 24-10056-KKS |
| CELEBRATION POINTE HOLDINGS II, LLC, | Case No. 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC | Case No. 24-10058-KKS |
| | Chapter 11 |
| | *Jointly Administered under Case No. 24-10056-KKS* |
| Debtors. | |
| _____/ | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS'
MOTION FOR FINAL ORDER APPROVING POSTPETITION
FINANCING, GRANTING SUPERPRIORITY ADMINISTRATIVE
<u>EXPENSE STATUS AND GRANTING RELATED RELIEF (ECF NO. 139)</u>**

In support of her Objection (the "Objection") to Debtors' Emergency Motion for Final Order (I) Approving Postpetition Financing, (II) Granting Superpriority Administrative Expense Status, and (III) Granting Related Relief (ECF No. 139) (the "Financing Motion"), Mary Ida Townson, the United States Trustee for Region 21 (the "U.S. Trustee"), by and through her undersigned counsel, states as follows:

## JURISDICTION

1. This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4. On March 14, 2024, (the "Petition Date"), Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, and SHD-Celebration Pointe, LLC ("Debtors") commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq.

5. Pursuant to the Court's Order on March 22, 2024, the cases of the Debtors are jointly administered, with Case No. 24-10056 designated as the Lead Case. (ECF No. 17)

6. The Debtors have continued in possession of their business and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## ARGUMENT

7. The Financing Motion includes a budget attached to the Motion as Exhibit A (the "Budget").

8. The Budget contains numerous line items without necessary explanation or context, covers a limited time period which does not coincide with the Debtors' proposed use of the line of credit, and does not contain sufficient information to support the relief sought in the Financing Motion.

9. The Budget is wholly inadequate to allow creditors, the Court, the United States Trustee, and other parties in interest to evaluate the effect the proposed relief will have on the estate.

10. The Financing Motion does not include (i) a description of the efforts made to obtain financing from other lenders or describe (ii) the Debtors' ability to repay the DIP Loan, in contravention of this Court's requirements pursuant to the

Administrative Order Establishing Initial Procedures in Chapter 11 Cases (AO 05-001).

11. The Financing Motion lacks necessary information to allow creditors, the Court, and the United States Trustee to assess the propriety of the requested relief granting super-priority status pursuant to 11 U.S.C. § 364(c)(1).

12. The United States Trustee requests that any Order granting the requested relief include a carve-out for quarterly fees from any super-priority claim for each Debtor in these jointly administered cases.

13. Additionally, the Financing Motion fails to include a copy of the proposed credit agreement and a proposed form of order, as required by Bankruptcy Rule 4001(c)(1)(A).

14. In light of the above-referenced procedural and substantive deficiencies, the United States Trustee objects to the Debtors' Financing Motion.

15. The United States Trustee reserves all rights to amend, supplement, or modify this Objection and raise additional objections to the Financing Motion, as appropriate.

WHEREFORE, the United States Trustee objects to the Financing Motion and requests the Court (i) sustain the U.S. Trustee's objections set forth herein, (ii) deny the requested relief in the Financing Motion, and (iii) take such other action as the Court deems just and proper.

DATED:    August 13, 2024            Respectfully submitted,

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

/S/ CONOR J. MCLAUGHLIN
Conor J. McLaughlin
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
110 East Park Avenue, Suite 128
Tallahassee, FL 32301
850-942-1666
Florida Bar No. 0084477
Conor.McLaughlin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by first class U.S. Mail postage prepaid to: Celebration Pointe Holdings, LLC, Debtor, at 5001 Celebration Pointe Avenue, Suite 180, Gainesville, Florida 32608; R. Scott Shuker, Esq., via email to rshuker@shukerdorris.com; and electronically through CM/ECF to all parties having appeared electronically in the instant matter, on this the 13th day of August, 2024.

/S/ CONOR J. MCLAUGHLIN
Conor J. McLaughlin