UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

IN RE:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC, | Case No. 24-10056KKS |
| CELEBRATION POINTE HOLDINGS II, LLC, | Case No. 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC Debtors. | Case No. 24-10056-KKS |
| | Chapter 11 |
| | *Jointly Administered under Case No. 24-10056-KKS* |

_____|

**OBJECTION TO AMENDED DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C SEC. 1125 FOR CELEBRATION POINTE HOLDINGS, LLC et. al.**

ARCISCAP-CELEBRATION POINTE INVESTMENT (B.V.I) LIMITED ("ARCISCAP"), hereby objects to the approval of the Amended Disclosure Statement Pursuant to 11.U.S.C. Sec. 1125 for Celebration Pointe Holdings, LLC et. al. (Doc. No. 166) (the "Disclosure Statement"), as follows:

**INTRODUCTION**

ARCISCAP, as the largest creditor of the above captioned debtors (the "Debtors"), has conducted extensive negotiations with the Debtors and its insiders to come up with a confirmable chapter 11 plan. Unfortunately, ARISCAP has learned that the individual, who is a guarantor of the Debtors largest debts and is necessary to fund the proposed chapter 11 plan, was unable to complete a capital event (the sale of certain business interests) that was necessary to fund the proposed chapter 11 plan. Based on the Debtors' post-petition performance and lack of liquidity,

the Debtors may not be able to confirm any plan without outside financing. It has been communicated to ARISCAP that the Debtor will be filing an unspecified further amended plan that will result in a materially adverse treatment of ARISCAP and other creditors.  As a result, the Disclosure Statement does not provide the adequate information necessary to be approved and the anticipated amended plan will need to be resolicited.   The Disclosure Statement should not be approved.

## PERTINENT BACKGROUND

The above captioned debtors (the "Debtors") consist of the manager of and two holding companies that own interests in various special purpose entities ("SPEs"). The SPEs own multiple portions of an integrated real estate project in Gainesville, Florida. The SPEs' properties are in various stages of completion and development. The Debtors do not manage the day-to-day operations of the SPEs and hired a company named Viking Companies, LLC, that is owned by an insider of the Debtors, Svein Dyrkolbotn ("Dyrkolbotn").

ARCISCAP has filed a claim in the amount of $44,054,216.55 (the "Debt"), along with certain claims of interest in case no. 24-10056-KKS (the "Claims"). The Claims are the result of a construction loan in the principal amount of $70,000,000, and multiple amendments entered into over an eight (8) year period. The Debt is secured by guaranties signed by Dyrkolbotn and Patricia Shively (collectively, the "Guarantors") and certain pledge interests.

On March 14, 2024, the Debtors filed their chapter 11 bankruptcy petitions.

On June 28, 2024, the Debtors filed their first Disclosure Statement (Doc. No. 126) (the "First Disclosure Statement"). The First Disclosure Statement and corresponding chapter 11 plan was filed, as characterized by the Debtor's counsel, as an initial offer to the creditors.

5291167.v1

ARCISCAP, Shively, Dyrkolbotn, and the Debtors, conducted significant settlement negotiations during the bankruptcy case.

While negotiations were not completed, in order to meet the Court's deadline, the Debtors filed the amended Disclosure Statement on September 6, 2024.

The amended Disclosure Statement and corresponding amended chapter 11 plan classify ARCISCAP as the sole member of Class 17 and reflects a payment of $19,000,000 to ARCISCAP upon confirmation and the granting of ARCISCAP an equity interest in the reorganized Debtors.

In the Disclosure Statement it states "the Plan is premised on a Plan Support Agreement ("PSA") between the primary interested holders of Debtor, Dyrkolbotn and Ms. Patti Shively ("Shively")." (DS, Pg. 5). Despite the Plan being premised on the PSA, the PSA has not been filed with the Court or included with the Disclosure Statement.  It is not clear if the PSA has been completed and signed by the parties. The PSA is important not just to confirm an agreement exists to fund the Debtors' reorganization, but also because the Debtors are seeking to enjoin claims against Dyrkolbotn and Shively.  Without the PSA, creditors cannot determine for themselves if Dyrkolbotn's and Shively's contributions to the Plan (if any) would justify such an injunction.

The Disclosure Statement also fails to include Exhibit A, the Debtors' financial projections, and Exhibit B, the Debtors' liquidation analysis.  Footnotes 6 and 7 state these exhibits will be filed ten (10) days prior to the hearing to approve the Disclosure Statement.  These exhibits were not filed.

The Disclosure Statement states the Debtors' source of cash flow is from the various SPEs (while admitting the cash flow alone is not enough to fund the Plan).  Based on the Debtors' Monthly Operating Reports, the Debtors receive very little to no income from the SPEs. Despite suspending all payments on the ARCISCAP loan (which were being made by Shively prepetition),

Celebration Pointe Holdings, LLC ("CPH") reported a $313,948 **loss** from the Petition Date through August 31, 2024. (Doc. No. 172). Celebration Pointe Holdings II, LLC ("CPHII") reported a $58,303 **loss** from the Petition Date through August 31, 2024. (Doc. No. 173). SHD-Celebration Pointe, LLC ("SHD"), which is the manager of CPH and CPHII, has reported a gain of $135,866 from the Petition Date through August 31, 2024. (Doc. No. 174). As a result, since the Petition Date, the Debtors collectively are operating in the negative.

Recently, the Debtors informed ARCISCAP that the recent hurricanes prevented Shively from selling her insurance business to fund plan payments to ARCISCAP, Synartis Capital Management LLC, and certain bondholders (and possibly others). The Debtors are therefore unable to go forward with the Plan described in the Disclosure Statement. As of the date of this Objection, the Debtors are still in the process of determining a course of action, and what the proposed treatment of ARCISCAP and other creditors in a second amended Plan will entail.

## **OBJECTIONS**

### **The Disclosure Statement Does Not Provide Adequate Information**

Section 1125(b) of the Bankruptcy Code provides that a debtor may not solicit acceptances of its plan until after the Court has approved a disclosure statement as containing adequate information. 11 U.S.C. Sec 1125(b). "Adequate information" is defined in section 1125(a) of the Bankruptcy Code as follows:

> (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information

4

to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. Sec. 1125(a)(1).  "The Court considers the adequacy of information under Sec. 1125(a) on a case-by-case basis, with a view to deciding whether the information in the Disclosure Statement provides creditors with an accurate basis to determine their position in the plan." In re Ocala Management, Inc., 2013 WL 12461131 *2 (Bankr. M.D. Fla. 2013) (citations omitted). When determining whether adequate information has been provided, several courts have considered the following factors:

> 1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

In re Coastal Realty Investments, Inc., 2013 WL 214235 *5 (Bankr. GASB 2013).

The Disclosure Statement should not be approved.  The Debtors have little income. Their main assets are interests in SPEs and any distribution rights therefrom.  The Debtors appear to be entirely reliant on Shively to fund the Plan and she is no longer be able to fund the Plan.  Further, to be able to determine if the Plan is feasible, the creditors need to know what the SPEs own, the Debtors' interests in each of the SPEs, and the projections of distributions from each SPE to the Debtors and the information relied on for those projections.  This information has not been provided. The Debtors try to paper over the

5

lack of cashflow from the SPEs, by relying on the PSA and Shively. But, the PSA has not provided, and it appears the PSA may no longer be plausible due to Shively's recent inability to sell her insurance company. Since the Plan is reliant on the PSA and Shively, an analysis of her financial position in necessary as well and is a key issue for Plan confirmation. This information also has not been provided.

Further, no liquidation analysis has been provided to support any claim by the Debtors that the creditors will receive more through the Plan than in a chapter 7 liquidation. As a result, the Debtors' need to provide a detailed analysis of the value of their interests in the SPEs. This information has also not been provided.

**Any Plan Amendment Will Require Resolicitation**

The Debtors are seeking approval of the Disclosure Statement for the Plan that is now moot and approval of the Disclosure Statement will place creditors in the position of litigating plan confirmation without knowing how they are being treated under a to be filed amended plan. It is more than likely that the amended plan will treat the creditors, particularly ARISCAP, in a materially adverse manner. Such amendments require resolicitation of the amended plan with a new disclosure statement. See Fed. R. Bk. P. 3019(a); In re: 160 Royal Palm, LLC, 2020 WL 4785543 *4 (Bankr. FLSB 2020).

To be clear, ARCISCAP does hope to get the issues in this case resolved and has spent months negotiating with the Debtor to reach a resolution. But, reasonable disclosure is the underpinning of obtaining the benefits of a chapter 11 bankruptcy. Due to the circumstances of this case and Shively's admitted inability to fund the current Plan, the Disclosure Statement should not be approved.

6

Respectfully submitted,

/s/ James A. Timko, Esq
James A. Timko, Esq.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: 407-841-1200
Facsimile:    407-423-1831
Email: jtimko@deanmead.com
***Counsel for ARCISCAP-CELEBRATION
POINTE INVESTMENT (B.V.I.) LIMITED, a
British Virgin Islands Business Company***

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2024, a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive Notices of Electronic Filing and by U.S. mail to the Debtors at the addresses listed below.

Service via Notice of Electronic Filing:
Noel R. Boeke
noel.boeke@hklaw.com, danielle.decker@hklaw.com;hapi@hklaw.com
John Blair Boyd
bk@svllaw.com, blairb@svllaw.com
Scott Wallace Cichon
Scott.Cichon@CobbCole.com, Bonnie.Rubino@CobbCole.com
John D. Elrod
elrodj@gtlaw.com, fieldss@gtlaw.com
Matthew Blake Hale
mhale.ecf@srbp.com
Suzanne Hill
shill@rumberger.com, shillsecy@rumberger.com;docketingorlando@rumberger.com
Zachary P Hyman
zhyman@bergersingerman.com, assistant@millenniallaw.com, jessica@millenniallaw.com
Inez M. Markovich
imarkovich@mccarter.com
Paul Nicholas Mascia
pmascia@nardellalaw.com
Conor McLaughlin
conor.mclaughlin@usdoj.gov
Jose I. Moreno
jimoreno@bellsouth.net, ruizcalderondr64903@notify.bestcase.com
Michael Anthony Nardella
mnardella@nardellalaw.com,
klynch@nardellalaw.com;msayne@nardellalaw.com;kosment@nardellalaw.com
Michael J. Niles
mniles@bergersingerman.com,
efile@bergersingerman.com;zmorton@bergersingerman.com;efile@ecf.courtdrive.com
Edward J. Peterson
edwardp@jpfirm.com,
andrenaw@jpfirm.com;Jillc@jpfirm.com;melanief@jpfirm.com;AngelinaL@jpfirm.com
Charles A. Postler
cpostler.ecf@srbp.com
Michael Stephen Provenzale
michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com;litcontrol@lowndes-law.com
Nicholas V. Pulignano
nvp@marksgray.com

Lauren Marie Reynolds
lreynolds@whww.com, scolgan@whww.com; mbretana@whww.com;
mbretana@ecf.courtdrive.com
Brian G. Rich
brich@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.courtdrive.com;zmorton@bergersingerman.com
Bradley M. Saxton
bsaxton@whww.com, scolgan@whww.com; mbretana@whww.com;
mbretana@ecf.courtdrive.com
Robert Scott Shuker
rshuker@shukerdorris.com, mfranklin@shukerdorris.com ; bkry@shukerdorris.com;
atillman@shukerdorris.com;lstricker@shukerdorris.com
Sharon T. Sperling
sharon@sharonsperling.com, share.sharonsperling@gmail.com; info@sharonsperling.com
Mark E. Steiner
MES@lgplaw.com, pm@lgplaw.com
Lauren Stricker
lstricker@shukerdorris.com, atillman@shukerdorris.com; bankruptcy@shukerdorris.com ;
Jesse Ellsworth Summers
esummers@burr.com, sguest@burr.com
James Timko
jtimko@deanmead.com; mgodek@deanmead.com
United States Trustee
USTPRegion21.TL.ECF@usdoj.gov
Richard Scott Williams
swilliams@rumberger.com
David C. Willis
dwillis@rumberger.com, dwillissecy@rumberger.com;docketingorlando@rumberger.com


Service via U.S. Mail:

Celebration Pointe Holdings, LLC
Celebration Pointe Holdings, II, LLC
SHD-Celebration Pointe, LLC
5001 Celebration Pointe Ave., Suite 180
Gainseville, FL 32608
***Debtors***

Robert Scott Shuker
Lauren Stricker
Shuker & Dorris, PA
121 S. Orange Avenue, Suite 1120
Orlando, FL 32801
***Debtors Counsel***

5291167.v1

United States Trustee
110 E. Park Avenue, Suite 128
Tallahassee, FL 32301

Conor McLaughlin
DOJ-UST
110 E. Park Avenue, Suite 128
Tallahassee, FL 32301
***United States Trustee's Counsel***

/s/ James A. Timko, Esq
James A. Timko, Esq.

5291167.v1