UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CELEBRATION POINTE HOLDINGS, LLC,
CELEBRATION POINTE HOLDINGS II, LLC,
and SHD-CELEBRATION POINTE, LLC,

      Debtors.
_____/

Case No. 24-10056-KKS
Chapter 11

Jointly Administered Under
Case No. 24-10056-KKS

## MOTION OF BERGER SINGERMAN LLP TO WITHDRAW AS COUNSEL OF RECORD FOR SVEIN DYRKOLBOTN

Berger Singerman LLP ("Berger Singerman") respectfully requests the entry of an order authorizing it to withdraw as counsel of record for Svein Dyrkolbotn ("Svein"), and in support thereof states as follows:

1. Berger Singerman was retained by Svein to represent him in the above-captioned bankruptcy cases.

2. Prior to the commencement of the Chapter 11 cases, Svein and Patricia A. Shively ("Ms. Shively") had been business partners in the Debtors' real estate project commonly known as "Celebration Pointe". Svein and Ms. Shively had worked together for years to develop the project and shared a common vision for the project, with each of them serving different roles. Each of them are co-guarantors or individual guarantors on substantially all of the secured (and certain unsecured debt) related to the project.

3. Ms. Shively was represented by Edward Peterson in this case until such time as he was replaced by attorneys at Nelson Mullin. Upon Berger Singerman's engagement and in collaboration with Mr. Peterson on behalf of Ms. Shively, Svein and Ms. Shively entered into a Common Interest Agreement. Thereafter, the parties commenced working with the Debtors to

35108579-1

seek confirmation of a consensual Plan of Reorganization. Berger Singerman, on behalf of Svein, was involved in negotiations (along with Mr. Shuker on behalf of the Debtors and Mr. Peterson on behalf of Ms. Shively) with the various creditor constituents in an effort to achieve a result that would salvage a very complex and difficult situation, seek to maximize value for creditors and minimize exposure, where possible, on the guarantees.

4. Unfortunately, Ms. Shively advised the parties that she would no longer support the Plan financially. Accordingly, the Debtors have sought additional time to determine the pathway forward in light of the present situation.

5. On March 10, 2025, Edward Peterson joined Berger Singerman as a partner. This transition was unrelated to these cases in any way. Mr. Peterson was no longer representing Ms. Shively when he joined Berger Singerman, but in an abundance of caution, Mr. Peterson and others who joined Berger Singerman with him, were electronically and substantively "walled off" from any files, information or knowledge regarding Berger Singerman's ongoing representation of Svein.

6. Between March 10, 2025, and June 16, 2025, Berger Singerman continued working with the Debtors to formulate a new plan or alternative plan forward. Berger Singerman appeared at Court hearings, as did counsel from Nelson Mullin on behalf of Ms. Shively. At no time did Ms. Shively raise any concerns over any alleged conflicts of interest due to Mr. Peterson joining Berger Singerman. Further, as disclosed in Court at the Status Conference on June 10, 2025, Ms. Shively had filed a State Court Complaint against multiple parties including Svein and his related business entity. That suit was filed on June 3, 2025, and that same day Nelson Mullin asked if Berger Singerman would accept service of process of the Complaint.

7. Based upon the filing of the Complaint and despite the absence of any objection to Berger Singerman's ongoing representation of Svein, on June 13, 2025, undersigned sent an email to counsel for Ms. Shively requesting additional confirmation that she had no objection to such ongoing representation.  **See Exhibit A.**

8. Ms. Shively's counsel responded that they now object to Berger Singerman's continued representation of Svein.  **See Exhibit A, portion dated June 16, 2025.**

9. The Florida Rules of Professional Conduct provide:

**RULE 4-1.10 IMPUTATION OF CONFLICTS OF INTEREST; GENERAL RULE**

(a) Imputed Disqualification of All Lawyers in Firm. While lawyers are associated in a firm, none of them may knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9 except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b) Former Clients of Newly Associated Lawyer. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b);  and

(c) that is material to the matter. (c) Representing Interests Adverse to Clients of Formerly Associated Lawyer. When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless: (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and (2) any lawyer remaining in the firm has information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter. (d) Waiver of Conflict. A disqualification prescribed by this rule may be waived by the affected client under the conditions stated in rule 4-1.7.

The commentary on the Rule provides, that absent "former client" consent, that ethical walls are not enough to overcome the imputed knowledge standard.


10. Accordingly, despite the fundamental right of a party to select counsel of its choosing and the financial impact that this decision may have on Svein and other impacted parties, absent Ms. Shively's consent, Berger Singerman feels compelled to withdraw as requested by Ms. Shively.

11. Accordingly, by this motion, Berger Singerman requests the entry of an Order permitting it to withdraw as counsel for Svein.

WHEREFORE, Berger Singerman respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit "B,"** (a) granting this Motion; (b) authorizing Berger Singerman to withdraw as counsel for Svein in the above-captioned bankruptcy cases; and (c) granting such other and further relief as this Court deems just and proper.

Dated: June 17, 2025

Respectfully submitted,

BERGER SINGERMAN LLP
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax (850) 561-3013

By: _/s/ Brian G. Rich_
  Brian G. Rich
  Florida Bar No. 38229
  brich@bergersingerman.com
  Michael J. Niles
  Florida Bar No. 107203
  mniles@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the Court's CM/ECF system on June 17, 2025 on all counsel or parties of record.

By: _/s/ Brian G. Rich_
  Brian G. Rich

35108579-1

# **EXHIBIT A**

**(Email)**

35108579-1

**From:** Jim Wheeler <jim.wheeler@nelsonmullins.com>
**Sent:** Monday, June 16, 2025 9:01 AM
**To:** Brian Rich <BRich@bergersingerman.com>
**Cc:** Anthony Carriuolo <ACarriuolo@bergersingerman.com>; Matthew Lindenbaum <matthew.lindenbaum@nelsonmullins.com>; Rob Lindholm <robert.lindholm@nelsonmullins.com>; Dylan Trache <dylan.trache@nelsonmullins.com>; Shane Ramsey <shane.ramsey@nelsonmullins.com>
**Subject:** RE: CHP - Patricia Shively - Edward Peterson - Berger Singerman

**[External E-mail]**

Brian  -  As you know we are Patricia's Shively's counsel with respect to the bankruptcy and litigation involving your client, Svein Dyrkolbotn and the related Viking Companies.  However, we do not represent Mrs. Shively in all matters.  With respect to your email as to Edward Peterson, we have consulted with Patricia Shively as well as her other counsel as to all matters related to Edward Peterson and the conflicts of interest and other issues that arise given his previous representation of Mrs. Shively and his current partnership in a firm that currently represents a party that she is adverse to in a lawsuit.  At our client's direction, we are advising you that Patricia Shively does in fact oppose Berger, Singerman's continued representation of Svein Dyrkolbotn and the related Viking Companies.  To be clear, Patricia Shively does NOT confirm that she is unopposed to your firm's representation of Svein Dyrkolbotn and the related Viking Companies and in fact requires your firm's withdrawal.  Any further written communication from your firm to Nelson Mullins regarding Patricia Shively should also be directed to Matthew Lindenbaum, Rob Lindholm, Dylan Trache and Shane Ramsey.  Any calls should be placed to Matthew Lindenbaum.

- Jim Wheeler

**JAMES J. WHEELER  PARTNER**

**jim.wheeler@nelsonmullins.com**

**LYNN FINANCIAL CENTER | SUITE 310**

**1905 NW CORPORATE BLVD | BOCA RATON, FL 33431**

**T 561.883.8954   F 561.218.8963**

**NELSONMULLINS.COM   VCARD   VIEW BIO**

**From:** Brian Rich <BRich@bergersingerman.com>
**Sent:** Friday, June 13, 2025 2:03 PM
**To:** Jim Wheeler <jim.wheeler@nelsonmullins.com>
**Cc:** Anthony Carriuolo <ACarriuolo@bergersingerman.com>
**Subject:** CHP

Jim: As you are aware, Edward Peterson joined our firm several weeks ago. Prior to his departure from Johnson Pope, Ms Shively had retained your firm and when Edward left Johnson Pope, Ms. Shively signed the letter transitioning all of her files

Jim:

As you are aware, Edward Peterson joined our firm several weeks ago.   Prior to his departure from Johnson Pope, Ms Shively had retained your firm and when Edward left Johnson Pope, Ms. Shively signed the letter  transitioning all of her files from Johnson Pope to Nelson Mullin. Edward did not retain any Shively files.   At our firm, Edward has been electronically and fully "walled off" from any files or information at Berger Singerman related to our ongoing representation of Svein. Additionally, since Edward's departure from Johnson Pope, Berger Singerman has continued to represent Svein in matters that are now potentially adverse to Ms. Shively, including numerous lawsuits commenced against each of them as co-guarantors.  The lawsuit that Ms. Shively commenced last week against Svein and others was forwarded to us by Nelson Mullins and we were asked by Nelson Mullins to accept service of process for Svein and Viking Companies, which we have agreed to do.   Based upon all of the above, we are confirming that Ms. Shively does not oppose our continued representation of Svein and his related entities in these ongoing matters.



**Brian Rich**
**Berger Singerman** *Florida's Business Law Firm*
313 N Monroe Street | Suite 301 | Tallahassee, FL 32301
D: (850)521-6725 | M: (786)427-7511
bergersingerman.com | vCard

*******************************************************************************

**Berger Singerman LLP is not responsible for any government filings that may be required under the Corporate Transparency Act ("CTA"). Unless we have expressly agreed in writing to provide legal advice concerning the CTA, our engagement or communications do not include any such advice, and no attorney-client relationship regarding the CTA is established by this communication.**

***WARNING! WIRE FRAUD AND EMAIL HACKING/PIRATING ARE ON THE RISE! IF YOU HAVE A CLOSING WITH OUR OFFICE AND YOU RECEIVE AN EMAIL CONTAINING WIRE TRANSFER INSTRUCTIONS, DO NOT RESPOND TO THE EMAIL. INSTEAD, CALL OUR OFFICE USING PREVIOUSLY KNOWN CONTACT INFORMATION FOR OUR OFFICE TO VERIFY OUR WIRE TRANSFER INSTRUCTION PRIOR TO SENDING YOUR FUNDS AND NOT THE INFORMATION PROVIDED TO YOU IN ANY SUCH EMAIL.***

**This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If this information is received by anyone other than the named and intended addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). Thank you.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Confidentiality Notice**

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

# **EXHIBIT B**

**(Proposed form of Order)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CELEBRATION POINTE HOLDINGS, LLC,
CELEBRATION POINTE HOLDINGS II, LLC,
and SHD-CELEBRATION POINTE, LLC,

Debtors.
_____/

Case No. 24-10056-KKS
Chapter 11

Jointly Administered Under
Case No. 24-10056-KKS

## ORDER GRANTING MOTION OF BERGER SINGERMAN LLP TO WITHDRAW AS COUNSEL OF RECORD FOR SVEIN DYRKOLBOTN

THIS MATTER came before the Court without a hearing upon the *Motion of Berger Singerman LLP to Withdraw as Counsel for Svein Drykolbotn* [ECF No. ___] (the "Motion")[1], filed by Berger Singerman ("Berger Singerman"). Having reviewed the Motion, the Court finds good cause exists to grant the relief requested. It is, therefore,

**ORDERED** that:

1. The Motion is GRANTED.

2. Berger Singerman is authorized to withdraw as counsel for Svein Drykolbotn in the above-captioned bankruptcy cases.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

35108579-1

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**DONE AND ORDERED** on _____.

_____
Karen K. Specie
United States Bankruptcy Judge

Prepared by:
Brian G. Rich, Esq.
Berger Singerman LLP
*Counsel to Movant*
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax (850) 561-3013
E-mail: brich@bergersingerman.com

Copies to:
Brian G. Rich, Esq.
(*Attorney Rich is directed to serve a copy of this Order upon interested parties and file a Certificate of Service within 3 business days of entry of the Order*).