UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

| | |
|---|---|
| CELEBRATION POINTE HOLDINGS, LLC | CASE NO.: 24-10056-KKS |
| CELEBRATION POINTE HOLDINGS II, LLC | CASE NO.: 24-10057-KKS |
| SHD-CELEBRATION POINTE, LLC | CASE NO.: 24-10058-KKS |
| | CHAPTER: 11 |
| Debtors. | *Jointly Administered under Case No. 24-10056-KKS* |

_____/

### ORDER DENYING, WITHOUT PREJUDICE, *MOTION OF BERGER SINGERMAN LLP TO WITHDRAW AS COUNSEL OF RECORD FOR SVEIN DYRKOLBOTN* (ECF No. 342)

THIS CASE is before the Court on the *Motion of Berger Singerman LLP to Withdraw as Counsel of Record for Svein Dyrkolbotn* ("Motion," ECF No. 342). For the reasons articulated below, the Motion is due to be denied.

The Motion does not comply with the Local Rules of the Northern District of Florida, applicable to bankruptcy cases pursuant to N.D. Fla. LBR 2090-1 (A)(1), or this Court's Local Rules.

N.D. Fla. LBR 2090-1(E)(1) provides:

No attorney, having made an appearance for a creditor in a contested matter or adversary proceeding or having filed a petition on behalf of a debtor, shall abandon the case or proceeding in which the appearance was made or withdraw as counsel for any party, except by leave of Court obtained after giving fourteen (14) days' notice to the party or client affected and to opposing counsel.

N.D. Fla. Loc. R. 11.1(H)(2) provides:

**Prior Notice.** An attorney must not move for leave to withdraw without first giving 14 days' notice to the client, unless giving notice is impossible. The motion must set out the client's position on the motion.

The Motion does not state that counsel gave the client fourteen (14) days' advance notice of intent to withdraw. The Motion also does not specify the client's position on the Motion.

The Court recognizes that the Motion is based on somewhat unique circumstances and the Rules Regulating the Florida Bar may mandate withdrawal, regardless of the client's position on the Motion. But because the District Court's local rule says "must" rather than "may," and to ensure uniform application of the local rules, the Court is compelled to deny the Motion without prejudice.

For the reasons stated, it is

ORDERED: The *Motion of Berger Singerman LLP to Withdraw as*

*Counsel of Record for Svein Dyrkolbotn* (ECF No. 342) is DENIED, without prejudice.

DONE and ORDERED on     June 18, 2025    .

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: Counsel for Berger Singerman LLP is directed to serve a copy of this Order on interested parties and file a proof of service within 3 business days of entry of the Order.

3