Judge Karen Specie
June 10, 2025

_____

US BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

_____

TRANSCRIPT OF REMOTE HEARING

RE:            CELEBRATION POINTE HOLDINGS, LLC
               CASE NO.: 24-10056-KKS
               CELEBRATION POINTE HOLDINGS, II, LLC
               CASE NO.: 24-10057-KKS
               CELEBRATION POINTE, LLC
               CASE NO.: 24-10058-KKS

DATE TAKEN:    Tuesday, June 10, 2025

TIME:          2:37 p.m. to 3:24 p.m.

     This cause came on to be heard via Zoom at the time
aforesaid, when the following proceedings were
stenographically reported by:

          JUDY LYNN MARTIN, STENOGRAPHER

Job No. :  409403

Judge Karen Specie
June 10, 2025

Page 2

```
 1   APPEARANCES:  (All parties appearing via Zoom)

 2   On behalf of ArcisCap Celebration Pointe Investment
     (B.V.I.) Limited:
 3
         Dean Mead Egerton Bloodworth Capouano & Bozarth PA
 4       420 South Orange Avenue, Suite 700
         Orlando, Florida 32801
 5       (407) 841-1200
         BY:  JAMES TIMKO, ESQUIRE
 6       jtimko@deanmead.com

 7   On behalf of Catalyst Income Fund 2022-A1, LLC; Catalyst
     Synartis MF B Series Condo, LLC; Catalyst Synartis CP
 8   Master 4A-2023, LLC; Synartis Capital Management, LLC;
     Catalyst Synartis MF B Series MF 2A2022, LLC; and
 9   Synartis Income Fund, LLC:

10       Hale Stichter, Riedel, Blain & Postler, P.A.
         110 East Madison Street, Suite 200
11       Tampa, Florida 33602
         (813) 229-0144
12       BY:  MATTHEW BLAKE HALE, ESQUIRE
         mhale.ecf@srbp.com
13       BY:  CHARLES A. POSTLER, ESQUIRE
         cpostler.ecf@srbp.com
14
     On behalf of Celebration Pointe Holdings II, LLC;
15   Celebration Pointe Holdings, LLC; and SHD-Celebration
     Pointe, LLC:
16
         Shuker & Dorris, PA
17       121 South Orange Avenue, Suite 1120
         Orlando, Florida 32801
18       (407) 337-2060
         BY:  ROBERT SCOTT SHUKER, ESQUIRE
19       rshuker@shukerdorris.com
         BY:  LAUREN STRICKER, ESQUIRE
20       lstricker@shukerdorris.com

21

22   On behalf of Svein Dyrkolbotn:

23       Berger Singerman LLP
         313 North Monroe Street, 2nd Floor
24       Tallahassee, Florida 32301
         (850) 561-3010
25       BY:  BRIAN G. RICH, ESQUIRE
         brich@bergersingerman.com
```

Judge Karen Specie
June 10, 2025

```
                                                              Page 3
  1    APPEARANCES (Continued):

  2    On behalf of Florida Department of Transportation:

  3         Rumberger, Kirk & Caldwell
            2001 Park Place, Suite 1300
  4         Birmingham, Alabama 35203
            (205) 327-5550
  5         BY:  RICHARD SCOTT WILLIAMS, ESQUIRE
            swilliams@rumberger.com
  6

  7    On behalf of Jon Guven:

  8         Law Office of Sharon T. Sperling
            P.O. Box 358000
  9         Gainesville, Florida 32635-8000
            (352) 371-3117
 10         BY:  SHARON T. SPERLING, ESQUIRE
            sharon@sharonsperling.com
 11

 12    On behalf of Iceberg Capital Partners, III, LLC and
       Iceberg Real Estate Investments, LLC:
 13
            Millennial Law
 14         320 SE 11th Street
            Fort Lauderdale, Florida 33316
 15         (954) 271-2719
            BY:  ZACHARY P. HYMAN, ESQUIRE
 16         zach@millenniallaw.com

 17    On behalf of James B. Euliano, Trustee, and Neil R.
       Euliano, Trustee:
 18
            Winderweedle Haines Ward & Woodman PA
 19         P.O. Box 880
            Winter Park, Florida 32790
 20         (407) 246-6566
            BY:  LAUREN MARIE REYNOLDS, ESQUIRE
 21         lreynolds@whww.com

 22    On behalf of Mainstreet Bank:

 23         Lowndes Drosdick Doster Kantor & Reed, P.A.
            P.O. Box 2809
 24         Orlando, Florida 32802-2809
            (407) 843-4600
 25         BY:  MICHAEL STEPHEN PROVENZALE, ESQUIRE
            michael.provenzale@lowndeslaw.com
```

Judge Karen Specie
June 10, 2025

Page 4

```
 1   APPEARANCES (Continued):

 2   On behalf of Patricia A. Shively:

 3        Nelson Mullins Riley & Scarborough LLP
          1222 Demonbreun Street, Suite 1700
 4        Nashville, Tennessee 37203
          (615) 664-5355
 5        BY:  SHANE GIBSON RAMSEY, ESQUIRE
          shane.ramsey@nelsonmullins.com
 6
          -and-
 7
          Nelson Mullins Riley & Scarborough LLP 101
 8        Constitution Avenue NW, Suite 900
          Washington, D.C. 20001
 9        (202) 689-2993
          BY:  DYLAN TRACHE, ESQUIRE
10        dylan.trache@nelsonmullins.com

11   On behalf of U.S. Bank, N.A., as Indenture Trustee:

12        Greenberg Traurig, LLP
          Terminus 200, Suite 2500
13        3333 Piedmont Road, N.E.
          Atlanta, Georgia 30305
14        (678) 553-2259
          BY:  JOHN D. ELROD, ESQUIRE
15        elrodj@gtlaw.com

16   On behalf of United States Trustee:

17        DOJ-Ust
          110 East Park Avenue, Suite 128
18        Tallahassee, Florida 32301
          (850) 942-1660
19        BY:  CONOR McLAUGHLIN, ESQUIRE
          conor.mclaughlin@usdoj.gov
20

21   On behalf of VyStar Credit Union:

22        Burr & Forman LLP
          50 North Laura Street, Suite 3000
23        Jacksonville, Florida 32202
          (904) 232-7203
24        BY:  JESSE ELLSWORTH SUMMERS, JR., ESQUIRE
          esummers@burr.com
25
```

Judge Karen Specie
June 10, 2025

Page 5

1    APPEARANCES (Continued):

2    Present Also:

3          Neil Euliano

4          Hal Rogers

5          Robert Anderson

6          Jeremy Campana

7          Michael Legge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Judge Karen Specie
June 10, 2025

Page 6

1    The following proceedings began at 2:37 p.m.:

2         MADAM CLERK:  Case Number 24-10056 before the

3    Court on various matters listed on the calendar.

4         Appearances, Mr. Rich.

5         MR. RICH:  Afternoon, Your Honor.  Brian Rich

6    from Berger Singerman.  I'm here today on behalf of

7    -- I can't say Svein, because we also have

8    Mrs. Dyrkolbotn here as well, but I recommend

9    Mr. Dyrkolbotn in this case.

10        THE COURT:  Thank you.

11        MADAM CLERK:  Ms. Reynolds.

12        MS. REYNOLDS:  Good afternoon, Your Honor.

13   Lauren Reynolds on behalf of James and Neil Euliano

14   as trustees of their respective trust.  And,

15   your Honor, Mr. -- Mr. James or Neil Euliano may be

16   attending and observing today's hearing.

17        THE COURT:  Thank you.

18        MADAM CLERK:  Mr. Postler.

19        MR. POSTLER:  Good afternoon, Your Honor.

20   Good afternoon.  Charles Postler, Stichter Riedel

21   Blain & Postler on behalf of the Synartis lenders.

22        MADAM CLERK:  Mr. Trache.

23        MR. TRACHE:  Good afternoon, Your Honor.

24   Dylan Trache on behalf of Patricia Shively and her

25   related trust.

Judge Karen Specie
June 10, 2025

Page 7

1          MADAM CLERK:  Mr. Timko.

2          MR. TIMKO:  Good afternoon, Your Honor.

3     James Timko on behalf of ArcisCap Celebration

4     Pointe Investment.

5          MADAM CLERK:  Mr. Summers.

6          MR. SUMMERS:  Good afternoon, Your Honor.

7     Ellsworth Summers for VyStar Credit Union.

8          MADAM CLERK:  Mr. Elrod.

9          MR. ELROD:  Good afternoon, Your Honor.

10    John Elrod of Greenberg Traurig on behalf U.S. Bank

11    Trust Company as Indenture Trustee.

12         MADAM CLERK:  Mr. Hyman.

13         MR. HYMAN:  Zachary Hyman on behalf of the

14    Iceberg parties.

15         MADAM CLERK:  Ms. Sperling.

16         MS. SPERLING:  Good afternoon.

17    Sharon Sperling on behalf of Jon Guven, J & R Gator

18    Investments.

19         MADAM CLERK:  Mr. Hale.

20         MR. HALE:  Good afternoon, Your Honor.

21    Matthew Hale, also on behalf of the Synartis

22    lenders.

23         MADAM CLERK:  Mr. Provenzale.

24         MR. PROVENZALE:  Good afternoon, Your Honor.

25    Michael Provenzale on behalf of Mainstreet

Judge Karen Specie
June 10, 2025

Page 8

1   Community Bank of Florida.  With me on the call is

2   Robert Anderson and Hal Rogers from the bank.

3        MADAM CLERK:  Mr. Williams.  Mr. Williams.

4        MR. WILLIAMS:  Sorry, Your Honor, I can't get

5   this to work correctly.  Your Honor,

6   Scott Williams -- there we are.  Scott Williams on

7   behalf of the Florida Department of Transportation.

8   Thank you.

9        MADAM CLERK:  Mr. Shuker.

10        MR. SHUKER:  Good afternoon, Your Honor

11   Scott Shuker on behalf of the debtors.

12        MADAM CLERK:  Ms. Stricker.

13        MS. STRICKER:  Good afternoon, Your Honor.

14   Lauren Stricker also on behalf of the debtors.

15        MADAM CLERK:  Is there anyone else present who

16   wishes to appear -- oh, I'm sorry.  Mr. McLaughlin.

17        MR. McLAUGHLIN:  Yes, Your Honor.  Good

18   afternoon.  Conor McLaughlin for the United States

19   Trustee.

20        MADAM CLERK:  Is there anyone else present who

21   wishes to appear?

22        MR. RAMSEY:  Shane Ramsey on behalf of

23   Patricia Shively and (technical interference) Trust

24   entities.

25        THE COURT:  Thank you very much.  Good

Judge Karen Specie
June 10, 2025

Page 9

1    afternoon, everyone.  We are here to conduct a

2    continued status hearing in this case.

3         First of all is there anyone whose name we did

4    not call who wishes to enter an appearance at this

5    time?

6         All right.  Hearing no one, Mr. Shuker, how

7    are we doing?

8         MR. SHUKER:  Well, we are making progress,

9    Your Honor.  I would call it two steps forward, one

10   step back.  And at the end of the day,

11   Your Honor -- turning to the last page of my notes

12   and there aren't many notes -- but we're going to

13   be requesting a continued status the last week of

14   July the 28th, and I'll explain why.

15        I gave a pretty detailed email this morning to

16   pretty much everybody on the hearing today so this

17   won't come as a shock, but if I can give the update

18   to you and then answer any questions.

19        THE COURT:  Yes, sir.

20        MR. SHUKER:  Thank you, Your Honor.  So since

21   we were last here and -- and we informed the Court

22   that the last plan likely wouldn't move forward

23   because Ms. Shively had chosen not to fund -- or

24   did not have the ability to fund what was required

25   in that plan.

Judge Karen Specie
June 10, 2025

```
 1          The first thing we did as we promised we would
 2   was meet with counsel for the bondholders, that was
 3   Mr. Elrod's counterpart Mr. Crumbaker.  We had
 4   close to a full-day meeting, mid-May with
 5   Mr. Crumbaker, also with counsel for the CDD.
 6          We presented to them what we believed was a
 7   workable restructure of the bond debt, and under
 8   that workable restructure it would in essence cure
 9   the past due from last November bond payment, this
10   May's bond payment, and fund the October bond
11   payment as well as replenish the reserve.
12          We also made a proposal, and this is one of
13   the -- the thornier issues, these bonds get to be
14   reallocated based on density.  They're called ERUs.
15   I don't know what it stands for, something unit --
16   residential units.
17          In any event, it's how you allocate the taxes
18   by parcel, and there is a true-up under the bonds
19   if the development of ERUs is behind where people
20   thought it was or where it would be, and that
21   potential true-up you is about 15 million.
22          And so we are trying to get creative on how
23   that 15 million gets allocated, both amongst
24   debtors, non-debtors, and -- and third-party
25   owners.  There are some parcels in the CDD that the
```

Judge Karen Specie
June 10, 2025

Page 11

1    debtor has no ownership interest in.

2         And -- we had a very good meeting with

3    Mr. Crumbaker.  He came back with a number of

4    questions, we answered those, and I think we're

5    making progress.  We're not there yet and there's

6    some consents we have to give, but -- but it was a

7    good meeting.

8         And so then the next step was to see if

9    there's one entity or entities to step into the

10   shoes of Ms. Shively.  We sent out at least 10 due

11   diligence packages.  I've had multiple calls with

12   multiple potential bidders.  We're not being formal

13   about NDAs or confidentiality agreement.  If you

14   want our numbers, you can have them.  And so we

15   have sent those out and give them out like the

16   vendors on the street trying to give away flyers.

17        And -- and so a number of the people have --

18   have indicated that it's not the right market and

19   it is not a great market candidly for real estate

20   anywhere, but one group is the most interested.  In

21   fact, they've hired Mr. Post who -- out of Smith

22   Hulsey and -- although for the moment they still

23   want to remain anonymous, but we are hopeful that

24   they will move forward.

25        If they move forward or if somebody else does,

Judge Karen Specie
June 10, 2025

Page 12

1   then the next step is to finalize the CDD and to go

2   to the various lenders like Mainstreet, VyStar, and

3   Berwick Bank and give them a proposal for what an

4   assumed mortgage would look like, and I can't say

5   what they would look like because it's not my

6   money.  So we can't go to that step until we know

7   that somebody's in the building.

8        We did have a good Zoom call with VyStar

9   yesterday to explain what I've just said and where

10  we're at and -- so one -- and so that's a second

11  step forward.

12       There are I guess, I don't know if you call it

13  two steps back, but one of the sticking issues --

14  and I'll be trying to follow up with Mr. Elrod or

15  Mr. Crumbaker in the next couple days.

16       Each of the potential investors has inquired

17  whether -- for whatever fee simple they get, and

18  these are all in separate SPEs, are they in the

19  potential of (technical interference) so that if

20  let's say one of those third parties who's subject

21  to a reallocation default, can that cascade down to

22  the new investor?

23       They want to only be liable for whatever

24  allocation is on the partials they buy, which is a

25  fair question, but as Your Honor knows these bond

Judge Karen Specie
June 10, 2025

 1   documents are not easy to read and candidly I don't
 2   know the answer.  And so I will be following up
 3   with Mr. Crumbaker to see if they have a position
 4   on that.
 5        So we're in kind of a cart and a horse where
 6   the bondholders would like more detail on what the
 7   buyout looks like and the restructure looks like,
 8   what the potential coming in want to know, what am
 9   I stepping into in terms of the bond, but we're
10   working through that.
11        The second step back is that Ms. Shively for
12   whatever reason decided to sue her former financial
13   adviser and threw into that net Mr. Dyrkolbotn and
14   his wife.  The good to the extent there can be good
15   news about being sued for half a billion dollars is
16   that it's not -- it doesn't sound in fraud and it
17   doesn't make allegations that Mr. Dyrkolbotn
18   absconded with money, but it has other obligations
19   and -- and to somebody coming in, that's a pause
20   obviously.
21        And so it's -- it's an additional factor that
22   a new investor would have to decide.
23   Mr. Dyrkolbotn's companies, various companies
24   provide all kinds of services.  In addition to
25   property management, they provide landscaping and

Judge Karen Specie
June 10, 2025

 1   security and on one of the apartment complexes

 2   construction.

 3        And so even if this were just a breach of

 4   contract case to know that he's been sued for a

 5   substantial amount is -- provides pause.  So that

 6   happened I think Monday.

 7        So we are still hopeful that with one or more

 8   of these groups we can get an LOI and move to the

 9   next step of meeting with the mortgage holders, and

10   I think hopefully by the end of next week we'll

11   know whether we can get there.

12        The reason for the extra time, Your Honor, is

13   overall because we have just three debtors and none

14   of those debtors own the actual income producing

15   fee simple, they own the ownership in these special

16   purpose entities.  This plan was always going to

17   have to be by consent.  I can't cram down the

18   bondholders, I can't cram down the mortgage

19   holders, because I don't owe the fee simple -- my

20   clients do I should say.

21        So the additional time is necessary to

22   negotiate, but I will say, Your Honor, Plan B if we

23   don't have somebody who's willing to step up and be

24   named and -- and meet with the mortgage holders

25   probably by the end of next week, we're going to

Judge Karen Specie
June 10, 2025

Page 15

1   move to Plan B.

2       Plan B as I see it, but again it will be by

3   consent, is the liquidating plan whereby we hire a

4   person who will have the decision-making ability to

5   market the properties.  I see it as a sale with the

6   minimum bid being the bond debt on each parcel and

7   then allow the secured creditors, the mortgage

8   holders to the extent they're willing to pay off

9   the bond debt to credit bid and then it's really a

10  negotiation of potential purchasers, for example,

11  for the Bass Pro Shop SPE or the Spurrier's SPE to

12  negotiate with that mortgage holder well, what will

13  you take to not credit bid.

14      And that's probably a four or five-month

15  period post confirmation, and we have to make sure

16  we can keep the lights on while we're doing that,

17  so I have asked my clients to get me sources and

18  uses of funds and -- and to the extent there's a

19  shortfall we'll have to figure out how that is

20  funded.  Shortfall in terms of paying all

21  utilities, paying all maintenance, paying all

22  security, doing the property management functions.

23      I don't think anybody on this call believes

24  that a conversion is in the best interest, but I

25  also think we can fashion a plan that is preferable

Judge Karen Specie
June 10, 2025

Page 16

1    to 15 foreclosure actions by the bondholders and 15

2    potential receivers -- because again they're all

3    separate entities.  I suppose you could do it in

4    one.

5         But I think it can be more efficient and more

6    effective to do that through the Chapter 11 with

7    somebody like Mr. Healey or -- or another

8    third-party fiduciary coordinating those efforts.

9         I have not started those discussions yet,

10   because it is a Plan B.  I have let the various

11   parties know that that in my view is the Plan B,

12   but again it's by consent.

13        If these mortgage holders or the bondholders

14   want to take their marbles and go play in a

15   different sandbox, then we'll be filing a motion to

16   dismiss.

17        And so coming to where I started, what we're

18   requesting is if there is a hearing that last week

19   in July, there's no particular magic to that, but

20   at that hearing we will either have a new plan or a

21   motion to dismiss, then people are free to argue in

22   favor or against dismissal versus conversion.

23        There is a pending motion to appoint a

24   trustee.  I would request that that get rolled and

25   set for status at the same time.  We don't think

Judge Karen Specie
June 10, 2025

Page 17

1   (technical interference) Trustee is adding to the

2   efficiency of this process, but I understand Mr.

3   Hyman's clients have some strong views on that.

4        So we're being as transparent as possible.

5   I'm providing all the information I have to people

6   and working as fast as I can under candidly,

7   Your Honor, the worst economic circumstances I've

8   seen since '08, but there has to be an exit for

9   this project and I think everybody agrees none of

10  these lenders want to go around picking up monthly

11  checks from the tenants or cutting grass, and so

12  I'm hopeful then we can find an efficient and

13  effective solution.

14       That was a very long answer to a short

15  question about what's the status and I'm happy to

16  answer questions that -- that may have arisen.

17       THE COURT:  Thank you very much, Mr. Shuker.

18  That does in fact bring the Court up to speed and

19  so now I will take a roll call to see if anyone

20  else has anything that they would like to add at

21  this moment so that we can start looking at the

22  calendar and see whether we can schedule something

23  as you requested.

24       Mr. Rich.

25       MR. RICH:  I wanted to just add a few points

Judge Karen Specie
June 10, 2025

1    but also correct Mr. Shuker when he referenced the

2    lawsuit that was filed by Ms. Shively.  It was not

3    against Mrs. Dyrkolbotn, it was against

4    Mr. Dyrkolbotn and some corporate entities and

5    formal financial adviser for Ms. Shively, but she

6    is not a named defendant in that case.

7         But, Judge, I wanted to just supplement very

8    briefly, well, hopefully briefly, a little bit

9    about what Mr. Shuker said regarding the status.

10        I got involved in this case about a year ago

11   with the thought of just simply filing some proof

12   of claims for the equity holder.  It's turned into

13   much more than that and frankly I've not seen a

14   case this complex since '08 as Mr. Shuker

15   referenced as well, and this one is pretty unique

16   in a lot of regards.

17        Hindsight is always 20/20 when you look back

18   at the start of the development and how it came to

19   be, but I think Your Honor's familiar with the

20   project.  It's in our view a community-based asset.

21   It's obviously an asset that was intended to make

22   money, but it's always been a community-based asset

23   in that there's local investors, there's jobs, and

24   it was vision.  And it was a vision of my client in

25   large part.

Judge Karen Specie
June 10, 2025

Page 19

1        Again hindsight could be 20/20 and perhaps a

2    national developer should have been doing a project

3    such as this, but that's not the way it played out.

4    This played out with local investors and -- and

5    local lenders and alternative sort of

6    nontraditional lending sources.

7        And -- and you've heard what happened in COVID

8    and construction delays and lot's of things that

9    have caused delays and put us where we are today.

10   But since the planned funding was -- was pulled, a

11   number of things have happened.  A number of

12   additional lawsuits have been filed to foreclose on

13   the properties as you would expect the lenders to

14   do.

15       Lawsuits on the guarantees have been commenced

16   as well, so we're starting to be in a race to the

17   courthouse situation with respect to the guarantors

18   and there's lots of litigation and the -- the

19   lawsuit referenced that Ms. Shively has filed,

20   which we frankly think doesn't reflect the -- the

21   facts of what occurred, but the legal process will

22   play out there.  But needless to say, we dispute

23   the allegations that are in that complaint.

24       But more importantly, Judge, almost

25   universally -- and I say almost universally because

Judge Karen Specie
June 10, 2025

```
 1   we have a $300 million project that's teetering.
 2   Not everyone is going to be happy, but almost
 3   universally lenders, investors, creditors have been
 4   reaching out to my client as the manager and the
 5   developer and the face of the project and he's been
 6   reaching out to them keeping them abreast as to
 7   where we are and what we're trying to accomplish.
 8        And the support for him and for the project
 9   has been tremendous.  No one wants to see this
10   thing fail I don't believe and the folks that he's
11   been talking to and that we've been talking to
12   don't want to see this fail or fall apart.  It's
13   likely failed now, but fall into complete disarray.
14        We believe there's a pathway forward.  We've
15   continued to engage in discussions with
16   Mr. Shively's counsel.  We hope we can continue to
17   do -- to do that.  The CDD issue is a threshold
18   issue.  All -- all the potential investors and
19   Newco entities that we've spoken to have the same
20   question.  If I buy 10 of these parcels and I stay
21   current on my CDD obligations but someone on the
22   other 10 parcels doesn't stay current, am I at
23   risk.  Because if they're still at risk, then no
24   one's going to invest in this project.
25        So we're working with CDD counsel and the
```

Judge Karen Specie
June 10, 2025

 1    bondholder counsel and we hope to be able to get

 2    that answer so that we can try and put something

 3    together to keep the project together, because we

 4    do believe strongly that the value in this project

 5    is in keeping as much of it together as possible.

 6         If we go the dismissal route, you'll have, as

 7    Mr. Shuker said, multiple receivers and it will be

 8    a mess and the value in our view will be diminished

 9    and that would be to the detriment of everybody.

10         So our goal is to try and work with all the

11    constituents as we've been trying to do to see what

12    can be done, but the CDD question is a threshold

13    question.

14         And then the Plan B that Mr. Shuker talked

15    about, we think could be a viable alternative.

16    Again, Mr. Dyrkolbotn has said if people don't want

17    him around he's not going to be around, but he's

18    also keeping the lights on, paying people,

19    collecting rents, providing maintenance and all

20    that costs money and time, and he's invested the

21    10, 15 years of his life into this project.

22         And we provided financial statements and, you

23    know, if it all falls apart, we may end up before

24    Your Honor in a different structure for him.  We

25    don't want to do that, but the Plan B will require

Judge Karen Specie
June 10, 2025

1    the consent of the lenders, because Your Honor

2    can't authorize the sale of property that's not

3    property of the estate.

4         We don't have the money to put all the SPEs

5    into Chapter 11 to accomplish that, so it's going

6    to be a tough road to get to either Plan A or Plan

7    B.  He worked round the clock every day, him and

8    his team, trying to come up with solutions and

9    models and we're giving information to anyone who

10   is interested in the information.

11        Just -- so it would likely be the best

12   alternative if neither of those work, but, again,

13   we don't think that would maximize value and we're

14   here to -- to try to maximize value, so there's a

15   lot going on.

16        Every day we are working hours to try to

17   figure out solutions.  And, again, the -- the

18   response and support has been for the most part

19   very positive.  Again, Mr. Hyman might disagree and

20   some of the creditors who feel differently might

21   disagree, but universally I can tell this Court

22   that the support is there to see if we can make

23   this work and that's what we're going to try and

24   do.  Thank you.

25        THE COURT:  Thank you very much, Mr. Rich.

Judge Karen Specie
June 10, 2025

Page 23

```
 1        Mr. Reynolds -- I'm sorry, Ms. Reynolds,
 2   pardon me.  I did write it down with an S.
 3        MS. REYNOLDS:  No problem, Your Honor.
 4        Your Honor, our -- our clients are investors
 5   in one of the various projects that is part of
 6   this -- this large development and our clients'
 7   money was -- was invested in the project and rather
 8   than be repaid when they were supposed to be, we
 9   believe our money was kind of diverted and -- and
10   used elsewhere in a place where it never should
11   have been.
12        And so at this juncture, we're just very, very
13   frustrated and disappointed with -- you know, with
14   the status of the case, in the place that it is.
15        At this point I think the -- the status
16   conference that Mr. Shuker has requested is -- is
17   appropriate and at that time we'll have to evaluate
18   and further opine as to where we believe the case
19   should go next.  Thank you, Your Honor.
20        THE COURT:  Thank you very much.
21        Mr. Postler.
22        MR. POSTLER:  Thank you, Your Honor.  Neither
23   Mr. Hale nor I have any -- anything to add or any
24   comments at this time.
25        THE COURT:  Thank you.
```

Judge Karen Specie
June 10, 2025

Page 24

1          MR. POSTLER:  Thank you.

2          THE COURT:  Mr. Trache.  Mr. Trache.

3          MR. TRACHE:  Yes, Your Honor.  Dylan Trache

4     for Patricia Shively.  I will just confirm that --

5     that we did file a lawsuit last week.  I don't

6     intend to comment on that lawsuit.  The claims

7     speak for themselves.

8          And to the extent Mr. Shuker and -- and others

9     have -- have comments as to what the lawsuit is or

10    means, that's for State court and I don't intend to

11    rebut those statements --

12         THE COURT:  Thank you.

13         Mr. Timko.

14         MR. TIMKO:  Good afternoon, Your Honor.  The

15    largest creditor who spends a significant amount of

16    time negotiating a settlement agreement in an

17    effort to get to a plan that could be confirmed, I

18    would say that we're disappointed by how this is

19    going.

20         While it may be somewhat obvious from the

21    comments, can we just get a confirmation that the

22    current plan as written is no longer viable and

23    will not be pursued?

24         THE COURT:  Mr. Shuker.

25         MR. SHUKER:  Thank you, Your Honor.  Mr. Timko

Judge Karen Specie
June 10, 2025

1    is correct.  Even if I get -- because we don't have

2    our State funder and so even if I get a new

3    investor in, I am seriously doubtful that they

4    would be offering the amounts that were offered to

5    either Mr. Timko or Mr. Postler's clients under

6    this scenario as their clients do not have liens on

7    the underlying real estate.

8         So if there is a way I could do this as an

9    amended plan I would, but I -- it's hard to fashion

10   that I could have it where I'm not making certain

11   people worse, and so that I think would need

12   another disclosure statement.

13        So I haven't withdrawn it yet, because maybe

14   I'm an eternal optimist and maybe Ms. Shively will

15   buy the winning Lotto numbers this week and we'll

16   be back on it, but certainly there is no

17   wherewithal to perform under that plan as currently

18   written.  I just haven't withdrawn it yet.

19        THE COURT:  Thank you.

20        Mr. Timko, it sounds like that addressed your

21   question; is that right?

22        MR. TIMKO:  Yes, it did.  Thank you very much.

23        THE COURT:  Thank you, sir.

24        Mr. Summers.

25        MR. SUMMERS:  Thank you again, Your Honor.

Judge Karen Specie
June 10, 2025

Page 26

1    Good afternoon.  No comments on -- from VyStar.

2         THE COURT:  Thank you.

3         MR. SUMMERS:  Thank you.

4         THE COURT:  Mr. Elrod.

5         MR. ELROD:  Thank you, Your Honor.  John Elrod

6    on behalf of U.S. Bank Trust Company.  Your Honor,

7    we have obvious concerns about the status of the

8    case and we'll continue to work together with --

9    with the debtor and its counsel to -- to figure out

10   a path forward.

11        All rights are reserved of course and we're

12   hopeful that there's a solution here absent, you

13   know, proceeding with our State law rights and

14   remedies at the appropriate time.

15        THE COURT:  Thank you very much.  Understood.

16        Mr. Hyman.

17        MR. HYMAN:  Good afternoon, Your Honor.

18   Zachary Hyman on behalf of the Iceberg parties.

19   I'd first like to clarify the record as it relates

20   to Ms. Shively's case and make some commentary

21   about our pending motion for the appointment of a

22   trustee and the impact of some of these allegations

23   and also kind of where we sit procedurally, because

24   we've been more than patient with the debtor in

25   terms of allowing them every bit of latitude for

Judge Karen Specie
June 10, 2025

 1   the past year to try and basically confirm a plan

 2   while seeking -- or basically delaying discovery

 3   with now us having pending discovery requests to

 4   Mr. Dyrkolbotn and that he's not even filed

 5   responses or objections to and is more than almost

 6   I think three months late on and just hasn't even

 7   bothered to look at.

 8        I'd also note in particular that in paragraphs

 9   152 through 156 of Ms. Shively's complaint

10   essentially alleges that these negotiations and all

11   of the discussions leading up to the plan with the

12   debtor and Ms. Shively were based on

13   representations made by financial advisers working

14   in concert with Mr. Dyrkolbotn who is compared in

15   paragraph 3 to Bernie Madoff and Charles Ponzi in

16   this complaint when in fact there was no money to

17   actually fund any of these settlement payments.

18        As Mr. Shuker and Mr. Rich very intelligently

19   stated, there's a lot of different affiliated

20   companies that are associated with the principals

21   of the debtor that are taking money from this

22   failed enterprise without transparency as to what

23   is going on with respect to these affiliates.

24        We as a result ask that our motion to appoint

25   trustee be set for evidentiary hearing at the end

Judge Karen Specie
June 10, 2025

Page 28

1    of July if possible, if not sooner so that we can

2    essentially deal with these issues.

3         Because it's our client's position that while

4    Mr. Dyrkolbotn is in control of the SPE's that are

5    associated with Viking, he's misappropriated -- at

6    least it's our position that he's misappropriating

7    money and funds to debtors and other entities,

8    which is causing our client and the SPEs that we've

9    invested in to continue to suffer damages and he's

10   doing it through SHD, which is currently the

11   manager of the shops at Celebration Pointe, which

12   is one of the more profitable SPEs with respect to

13   these cases.

14        And I can -- you know, we're also for what

15   it's worth, Your Honor, we're going to be filing a

16   renewed amended motion to appoint trustee.  And

17   also separately during the course of settlement

18   negotiations, Mr. Dyrkolbotn had agreed to resign

19   if a plan wasn't confirmed by May 2nd.  So we're

20   going to separately be filing a motion to enforce

21   settlement as well.

22        And we'd like those matters to be heard as

23   expeditiously as possible and this to be set for

24   status with the motion to compel, which candidly

25   Your Honor should and grant today ex parte given

Judge Karen Specie
June 10, 2025

Page 29

1    the complete lack of a response by Mr. Dyrkolbotn

2    to at least see where we are with respect to the

3    efforts to appoint a trustee.  We've also discussed

4    the matter with Mr. Healey who is not opposed to or

5    is willing to take on the assignment.

6         THE COURT:  Thank you.  Mr. Hyman, excuse me.

7    At such time as the Court can set an evidentiary

8    hearing on the motion to appoint a trustee, how

9    much time do you think you need?

10        MR. HYMAN:  We believe we need probably a half

11   day.

12        THE COURT:  Thank you.

13        MR. HYMAN:  I think a full day would likely be

14   sufficient just to be safe given the other parties

15   that may want to join in on the fun as we see how

16   the rollercoaster continues to progress.

17        THE COURT:  Thank you.

18        Ms. Sperling.

19        MS. SPERLING:  Thank you, Your Honor.  I don't

20   have anything to add to this.

21        THE COURT:  Thank you.

22        Mr. Provenzale.

23        MR. PROVENZALE:  Thank you, Your Honor.  I

24   share the frustrations of some of my colleagues

25   here who represent other secured creditors and how

Judge Karen Specie
June 10, 2025

1    long this is taking and how it's turned the way it

2    has given the intense negotiations we all went

3    through to get a plan in the first place, but

4    beyond that certainly willing to see where this

5    goes, so nothing further to add.

6         THE COURT:  Thank you, sir.

7         Mr. Williams.

8         MR. WILLIAMS:  Thank you, Your Honor.  In

9    general I don't have anything.  I do believe that

10   Mr. Shuker and I are working together to prepare a

11   proposed consent motion.

12        The collateral of the Florida Department of

13   Transportation on its loans are certain funds that

14   are collected by the debtor for -- during the

15   operations at the debtor's facilities.

16        Those are -- those have been escrowed in a

17   separate bank account.  They'll serve as the

18   collateral for what the federal -- for the

19   Department of Transportation.

20        We have asked and Mr. Shuker has tentatively

21   agreed to a partial distribution to be able to pay

22   down the insurance that is -- the interest that has

23   accrued.  We anticipate -- I anticipate that we'll

24   be able to have a consent motion on that before the

25   Court shortly within the Florida Department of

Judge Karen Specie
June 10, 2025

1    Transportation's collateral for its loans.

2         THE COURT:  Thank you, sir.

3         Mr. McLaughlin.

4         MR. McLAUGHLIN:  Thank you, Your Honor.

5    Nothing to add substantively from the United States

6    Trustee.  We agree that continued status is

7    appropriate to allow parties to figure out which

8    way the ship will go, but nothing else to add at

9    this point.  Thank you.

10        THE COURT:  Thank you.

11        Mr. Ramsey, somebody's already spoken on

12   behalf of Ms. Shively, do you want to add anything

13   at all?

14        MR. RAMSEY:  No, Your Honor.  Thank you.

15        THE COURT:  Thank you.

16        Mr. Shuker, anything further from the debtor?

17        MR. SHUKER:  No, Your Honor.  I -- if you want

18   my thoughts on the trustee motion, I'm happy to

19   give them, but I don't want to necessarily argue

20   it.  It's more of a logistics if you would -- if

21   you would like me to comment.

22        THE COURT:  Well, I think since we're all

23   here, I might as well hear what anyone has to say

24   at this moment about the trustee motion.

25        Again, not to argue it, not to go into the

Judge Karen Specie
June 10, 2025

1   details of it, but basically looking forward to

2   whether and when to set it for final evidentiary

3   hearing.

4        MR. SHUKER:  The reason we ask that it be set

5   for status, Your Honor, is two reasons.  One, the

6   issue of a Chapter 11 trustee is likely to be moot.

7   We're either going to do a plan by consent or sale

8   plan or with -- with a third-party fiduciary or

9   we're going to dismiss.

10       And so the -- the client in terms of these

11   three debtors, Mr. Hyman's client, doesn't actually

12   have a claim against them.  They -- they filed a

13   claim against one of the debtors and -- based on

14   this lawsuit.

15       But they're not a creditor, they're -- they

16   have an investment in one of the entities and

17   they're free to pursue that in State court.

18   There's no stay.  They -- they have a 16 percent

19   interest in something called the shops at

20   Celebration and -- and there's a lawsuit.  So if

21   they would like to pursue that, they may.  I never

22   sought -- sought a third-party stay.

23       And the debtor files tip reports of all the

24   money that's going in and out and none of that

25   money is going to Mr. Dyrkolbotn personally.

Judge Karen Specie
June 10, 2025

Page 33

1      There are funds that help keep the lights on

2   to his companies, but I don't see any urgency to

3   that trustee motion given where we are and given

4   that well over 300 million in actual debt between

5   the bonds and the mortgages and the Synartis and

6   Arcis are not seeking a trustee.

7      Because at the end of the day people are going

8   to avail themselves of their rights and mortgages

9   and they're -- or we'll get an agreement, and the

10  same goes for Mr. Hyman's clients.  So I don't

11  think there's an urgency to make us all go through

12  depositions and gear up for an evidentiary hearing

13  for something that I have a 95 percent certainty is

14  going to be moot one way or the other.

15      THE COURT:  Thank you.

16      Mr. Rich.

17      MR. RICH:  Of the trustee point, we concur

18  with Mr. Shuker.  Obviously we dispute the

19  allegations that were set forth by Mr. Hyman.

20  There's no point in having an evidentiary hearing

21  in our view to appoint a Chapter 11 trustee until

22  we see if the case is going to be dismissed.

23      Mr. Shuker is frankly the one most at risk for

24  a fee exposure standpoint if we have to spend the

25  next 30 days doing discovery and depositions and

Judge Karen Specie
June 10, 2025

1    things like that.  He's got a large enough hole

2    from a fee standpoint and frankly he's only going

3    to get paid if this case confirms.

4         So I'm looking out for (technical

5    interference) in that regard from a fee exposure

6    standpoint.  We take very seriously the allegations

7    that were made.  We obviously dispute them.  We've

8    done our best to comply with all the requirements

9    of the bankruptcy code and to make sure everything

10   is being handled appropriately.

11        Just from our standpoint there -- there's no

12   point.  If -- if everyone wants him out at the

13   appropriate time after the -- the discussions on

14   these points, he'll be gone.  I mean, he's spending

15   hours and days and weeks and months with really no

16   upside at this point.  All of his equity is lost

17   here no matter what.  So he's doing this to try to

18   maximize the value for the constituents here.

19        So if -- if rocks are uncovered and things are

20   not as I described, that will shake out one way or

21   another down the road, but to go down a path for

22   someone -- for an entity that again is not even a

23   creditor, we think is inappropriate at this time.

24        THE COURT:  Thank you.

25        MR. HYMAN:  May I --

Judge Karen Specie
June 10, 2025

Page 35

1          THE COURT:  Mr. Hyman.

2          MR. HYMAN:  Yes, thank you.  First of all the

3    big issue here is that we've been investing and

4    we've been an investor of the shops at Celebration

5    Pointe.  The other two members of the shops at

6    Celebration Pointe are Celebration Pointe Holdings

7    and Celebration Pointe Holdings II.

8          The shops at Celebration Pointe is currently

9    being managed by SHD, the debtor, which is in

10   control by Mr. Dyrkolbotn.

11         We've been asking for the records concerning

12   this SPE for two-and-a-half years, Your Honor.

13   We've also been asking for Mr. Dyrkolbotn to resign

14   from the position and trying to seek his

15   resignation from the position manager of this SPE,

16   which according to Mr. Rich and everybody else is

17   something that's an inevitability anyway based on

18   where we stand.

19         So to the extent -- and again Mr. Dyrkolbotn

20   has already agreed in these settlement discussions

21   to resign from these SPEs.

22         So for them to say that there's no harm or

23   damage is just a misconstruction of our claims, and

24   what's happening in our claims are based on the

25   fact that money is being sent, or has been sent, in

Judge Karen Specie
June 10, 2025

Page 36

1   our view from our SPEs into the debtors in

2   violation of the operating agreement in a way that

3   was a breach of SHD and Mr. Dyrkolbotn's fiduciary

4   duties.

5        And, yes, I am more than sympathetic to

6   Mr. Shuker's exposure.  That is why we haven't

7   filed the renewed motion until kind of it's at the

8   point where we don't have another option because

9   it's been almost a year and a half.  No

10  investigation into this there has been commenced.

11       And when you go into bankruptcy as the debtor

12  in possession you're under fiduciary obligation to

13  lead these investigations.

14       And to the extent that hasn't happened, it's

15  required and it's something that can't be just

16  skirted under the rug, because creditors are in

17  agreement.

18       And with these negotiations and the hard work,

19  apparently, according to Ms. Shively's complaint,

20  it was a farce, because all these negotiations were

21  based on false representations that Ms. Shively had

22  money that she never had.  And that's what's been

23  alleged by Ms. Shively who's suing Dyrkolbotn and

24  her former financial adviser.

25       So to say that this is a big nothing is not

Judge Karen Specie
June 10, 2025

Page 37

1  accurate.  It insults the delay and the patience
2  that we've have had with this case where we've been
3  seeking this discovery for three years.  I
4  understand Mr. Dyrkolbotn's busy, but what --
5  when -- when do we get to have our day in court,
6  Your Honor?
7       THE COURT:  Thank you, Mr. Hyman.  I was just
8  -- you had noticed Mr. -- I'm going to say Svein,
9  it's a lot easier.  I don't want to mispronounce
10  the name 16 times.  You noticed his deposition or
11  2000 -- I think it was a deposition duces tecum
12  back in March.
13       Did that ever take place?
14       MR. HYMAN:  No, because we were -- we came
15  into agreements and then there was settlements and
16  we were given certain offers to be basically bought
17  out on very favorable terms on condition that we
18  basically forebear from engaging in discovery --
19       THE COURT:  Thank you.  That's all I need.
20  Thank you very much.
21       Would anyone else care to be heard with
22  respect to whether or when to schedule the motion
23  to appoint a trustee or examiner for final
24  evidentiary hearing?
25       All right.  Thank you very much, everyone.

Judge Karen Specie
June 10, 2025

```
 1        First of all I know that Mr. Hyman has fairly

 2   recently filed a renewed motion to compel

 3   discovery.  I don't remember whether that's been

 4   set for hearing yet.  If it hasn't, it will be very

 5   shortly -- actually I shouldn't say that.  It is

 6   set for hearing on July 2.

 7        As far as a continued status, I think that is

 8   a very reasonable request.  I think that --

 9   especially when everyone is -- not everyone, almost

10   everyone is in agreement that that's the way to go

11   at this point in time.

12        I can't do it the last week in July, but we

13   can schedule the afternoon of August 5, 2025,

14   beginning at 1:30 p.m., and so we will do that

15   unless someone present, since we have pretty much

16   everyone here, has a glaring conflict that is

17   insurmountable.  I'll give everybody a few moments

18   to check your calendars.

19        MR. SHUKER:  I'm good on my end, Your Honor.

20   Thank you.

21        THE COURT:  Does anyone present have a known

22   conflict with the time and date of August 5, 2025,

23   beginning at 1:30 p.m. Eastern time?  I want to

24   make it clear that it's Eastern time since this

25   district covers two time zones.
```

Judge Karen Specie
June 10, 2025

Page 39

```
 1          MR. TIMKO:  Your Honor, I'll be in Europe at

 2   that time, but if it's a status conference I'm

 3   happy to have somebody sit in for me.

 4          THE COURT:  It's merely a status conference,

 5   Mr. Timko, and I'm sure that if it's on vacation,

 6   your spouse or whomever you're going with, would

 7   rather not have you participate via Zoom on that

 8   day, so good if you can bring someone else.

 9          Anyone else?  Very well.

10          As far as setting the motion for appointment

11   of a trustee or examiner for evidentiary hearing,

12   at this point the Court feels it's premature to do

13   so today.  What I have to do is review some of the

14   docket.  The motion was filed in March of this

15   year, Docket Number -- no, I'm sorry, wrong --

16   wrong one.

17          Docket Number 238 if I'm not mistaken even --

18   give me a second.

19          And earlier today there was a national issue

20   with the courts -- the entire federal judiciary's

21   internal CM/ECF's system, so forgive me if this is

22   a little slow, but it's been one of those days.

23          All right.  So the motion was filed on

24   February 5, 2025, at Docket Number 238.  I want an

25   opportunity to review that motion, to review the
```

Judge Karen Specie
June 10, 2025

1    docket to see whether there were any responses

2    filed and then determine whether and when to

3    schedule a final evidentiary hearing.

4        We will look at the calendar and do our best

5    to locate a full day, because I think that's how

6    much it would take with this many people.  We can

7    barely get people's introductions in in an hour,

8    and that's nothing to say negatively, it just is

9    what it is.

10       So, Mr. Hyman, I will take a look at the

11   docket, I'll review this docket, and then the Court

12   will determine when and how to schedule a final

13   evidentiary hearing on that motion.

14       Meanwhile everything on today's docket,

15   including that motion, will be brought forward to

16   August 5 for a continued status hearing so that

17   everything on the docket that we know of so far,

18   other than the motion to compel discovery, which is

19   going to be heard on its own, will go forward to

20   August 5.

21       Likely, especially with the Court's calendar,

22   there's -- I don't think there's any human way we

23   can schedule a one-day trial or hearing before

24   August 5.

25       So, Mr. Hyman, we'll take a look after that

Judge Karen Specie
June 10, 2025

Page 41

 1   date and see where we are August 5.  And if there's

 2   any preliminary briefing the Court deems necessary

 3   in conjunction with that motion, then the Court

 4   will probably enter a scheduling order of some

 5   sort.

 6        Mr. Shuker, I see you again.  Did you wish to

 7   be heard again, sir?

 8        MR. SHUKER:  No, Your Honor, I twitched my

 9   finger.  Sorry.

10        THE COURT:  Thank you very much, everyone.  I

11   also for everyone's sake hope that something can

12   happen to salvage this project as a project having

13   before taking the bench, lived in the Gainesville,

14   Florida area for many, many years.  I have

15   witnessed firsthand the community's view of this

16   development.

17        And so aside from that, bankruptcy judges

18   really don't like to see cases fail.  We really

19   like to see them get across the finish line and go

20   forward and be successful, and so my hope is that

21   that is what we'll hear when we come back in

22   August.

23        Meanwhile, thank you very much, everyone.

24   This hearing's concluded.

25        (The proceedings concluded at 3:24 p.m.)

Judge Karen Specie
June 10, 2025

Page 42

1                    CERTIFICATE OF REPORTER

2

3      STATE OF FLORIDA

4      COUNTY OF WAKULLA

5

6              I, JUDY LYNN MARTIN, certify that I was

7      authorized to and did stenographically report the

8      foregoing remote proceedings, and that the

9      transcript, pages 1 through 41, is a true record of

10     my stenographic notes.

11

12             Dated this 18th day of June, 2025.

13     _____

14

15

16     _____

       JUDY LYNN MARTIN
17

18

19

20

21

22

23

24

25

Judge Karen Specie
June 10, 2025

**$**

**$300**
 20:1

**0**

**08**
 17:8
 18:14

**1**

**10**
 11:10
 20:20,
 22
 21:21

**11**
 16:6
 22:5
 32:6
 33:21

**15**
 10:21,
 23 16:1
 21:21

**152**
 27:9

**156**
 27:9

**16**
 32:18
 37:10

**1:30**
 38:14,
 23

**2**

**2**
 38:6

**20/20**
 18:17
 19:1

**2000**
 37:11

**2025**
 38:13,
 22
 39:24

**238**
 39:17,
 24

**24-10056**
 6:2

**28th**
 9:14

**2:37**
 6:1

**2nd**
 28:19

**3**

**3**
 27:15

**30**
 33:25

**300**
 33:4

**3:24**
 41:25

**5**

**5**
 38:13,
 22
 39:24
 40:16,
 20,24
 41:1

**9**

**95**
 33:13

**A**

**ability**
 9:24
 15:4

**abreast**
 20:6

**absconded**
 13:18

**absent**
 26:12

**accomplish**
 20:7
 22:5

**account**
 30:17

**accrued**
 30:23

**accurate**
 37:1

**actions**
 16:1

**actual**
 14:14
 33:4

**add**
 17:20,
 25
 23:23
 29:20
 30:5
 31:5,8,
 12

**adding**
 17:1

**addition**
 13:24

**additional**
 13:21
 14:21
 19:12

**addressed**
 25:20

**adviser**
 13:13
 18:5
 36:24

**advisers**
 27:13

**affiliated**
 27:19

**affiliates**
 27:23

**afternoon**
 6:5,12,
 19,20,

**23 7:2,
 6,9,16,
 20,24**
 8:10,
 13,18
 9:1
 24:14
 26:1,17
 38:13

**agree**
 31:6

**agreed**
 28:18
 30:21
 35:20

**agreement**
 11:13
 24:16
 33:9
 36:2,17
 38:10

**agreements**
 37:15

**agrees**
 17:9

**allegations**
 13:17
 19:23
 26:22
 33:19
 34:6

**alleged**
 36:23

**alleges**
 27:10

**allocate**

**10:17**

**allocated**
 10:23

**allocation**
 12:24

**allowing**
 26:25

**alternative**
 19:5
 21:15
 22:12

**amended**
 25:9
 28:16

**amount**
 14:5
 24:15

**amounts**
 25:4

**Anderson**
 8:2

**anonymous**
 11:23

**anticipate**
 30:23

**apartment**
 14:1

**apparently**
 36:19

**appearance**

9:4

**Appearances**
6:4

**appoint**
16:23
27:24
28:16
29:3,8
33:21
37:23

**appointment**
26:21
39:10

**appropriately**
34:10

**Arcis**
33:6

**Arciscap**
7:3

**area**
41:14

**argue**
16:21
31:19,25

**arisen**
17:16

**asset**
18:20,21,22

**assignment**
29:5

**assumed**
12:4

**attending**
6:16

**August**
38:13,22
40:16,20,24
41:1,22

**authorize**
22:2

**avail**
33:8

—————

**B**
—————

**back**
9:10
11:3
12:13
13:11
18:17
25:16
37:12
41:21

**bank**
7:10
8:1,2
12:3
26:6
30:17

**bankruptcy**
34:9
36:11
41:17

**barely**
40:7

**based**
10:14
27:12
32:13
35:17,24
36:21

**basically**
27:1,2
32:1
37:16,18

**Bass**
15:11

**began**
6:1

**beginning**
38:14,23

**behalf**
6:6,13,21,24
7:3,10,13,17,21,25
8:7,11,14,22
26:6,18
31:12

**believed**
10:6

**believes**
15:23

**bench**
41:13

**Berger**
6:6

**Bernie**
27:15

**Berwick**
12:3

**bid**
15:6,9,13

**bidders**
11:12

**big**
35:3
36:25

**billion**
13:15

**bit**
18:8
26:25

**Blain**
6:21

**bond**
10:7,9,10
12:25
13:9
15:6,9

**bondholder**
21:1

**bondholders**
10:2
13:6
14:18
16:1,13

**bonds**
10:13,18  33:5

**bothered**
27:7

**bought**
37:16

**breach**
14:3
36:3

**Brian**
6:5

**briefing**
41:2

**briefly**
18:8

**bring**
17:18
39:8

**brought**
40:15

**building**
12:7

**busy**
37:4

**buy**
12:24
20:20
25:15

**buyout**
13:7

—————

**C**
—————

**calendar**
6:3
17:22
40:4,21

**calendars**
38:18

**call**
8:1
9:4,9

12:8,12
15:23
17:19

**called**
10:14
32:19

**calls**
11:11

**candidly**
11:19
13:1
17:6
28:24

**care**
37:21

**cart**
13:5

**cascade**
12:21

**case**
6:2,9
9:2
14:4
18:6,10,14
23:14,18
26:8,20
33:22
34:3
37:2

**cases**
28:13
41:18

**caused**
19:9

**causing**
28:8

Judge Karen Specie
June 10, 2025

3

CDD
  10:5,25
  12:1
  20:17,
  21,25
  21:12
Celebration
  7:3
  28:11
  32:20
  35:4,6,
  7,8
certainty
  33:13
Chapter
  16:6
  22:5
  32:6
  33:21
Charles
  6:20
  27:15
check
  38:18
checks
  17:11
chosen
  9:23
circumstances
  17:7
claim
  32:12,
  13
claims
  18:12
  24:6

35:23,
24
clarify
  26:19
clear
  38:24
CLERK
  6:2,11,
  18,22
  7:1,5,
  8,12,
  15,19,
  23 8:3,
  9,12,
  15,20
client
  18:24
  20:4
  28:8
  32:10,
  11
client's
  28:3
clients
  14:20
  15:17
  17:3
  23:4
  25:5,6
  33:10
clients'
  23:6
clock
  22:7
close
  10:4
CM/ECF's
  39:21

code
  34:9
collateral
  30:12,
  18 31:1
colleagues
  29:24
collected
  30:14
collecting
  21:19
commenced
  19:15
  36:10
comment
  24:6
  31:21
commentary
  26:20
comments
  23:24
  24:9,21
  26:1
Community
  8:1
community's
  41:15
community-based
  18:20,
  22

companies
  13:23
  27:20
  33:2
Company
  7:11
  26:6
compared
  27:14
compel
  28:24
  38:2
  40:18
complaint
  19:23
  27:9,16
  36:19
complete
  20:13
  29:1
complex
  18:14
complexes
  14:1
comply
  34:8
concerns
  26:7
concert
  27:14
concluded
  41:24,
  25
concur
  33:17

condition
  37:17
conduct
  9:1
conference
  23:16
  39:2,4
confidentiality
  11:13
confirm
  24:4
  27:1
confirmation
  15:15
  24:21
confirmed
  24:17
  28:19
confirms
  34:3
conflict
  38:16,
  22
conjunction
  41:3
Conor
  8:18
consent
  14:17
  15:3
  16:12
  22:1
  30:11,

24 32:7
consents
  11:6
constituents
  21:11
  34:18
construction
  14:2
  19:8
continue
  20:16
  26:8
  28:9
continued
  9:2,13
  20:15
  31:6
  38:7
  40:16
continues
  29:16
contract
  14:4
control
  28:4
  35:10
conversion
  15:24
  16:22
coordinating
  16:8

corporate
18:4
correct
18:1
25:1
correctly
8:5
costs
21:20
counsel
10:2,5
20:16,
25 21:1
26:9
counterpart
10:3
couple
12:15
court
6:3,10,
17 8:25
9:19,21
17:17,
18
22:21,
25
23:20,
25
24:2,
10,12,
24
25:19,
23
26:2,4,
15
29:6,7,
12,17,

21
30:6,25
31:2,
10,15,
22
32:17
33:15
34:24
35:1
37:5,7,
19
38:21
39:4,12
40:11
41:2,3,
10
Court's
40:21
courthouse
19:17
courts
39:20
covers
38:25
COVID
19:7
cram
14:17,
18
creative
10:22
credit
7:7
15:9,13
creditor
24:15
32:15
34:23

creditors
15:7
20:3
22:20
29:25
36:16
Crumbaker
10:3,5
11:3
12:15
13:3
cure
10:8
current
20:21,
22
24:22
cutting
17:11

---

### D

damage
35:23
damages
28:9
date
38:22
41:1
day
9:10
22:7,16
29:11,
13 33:7
37:5
39:8
40:5

days
12:15
33:25
34:15
39:22
deal
28:2
debt
10:7
15:6,9
33:4
debtor
11:1
26:9,24
27:12,
21
30:14
31:16
32:23
35:9
36:11
debtor's
30:15
debtors
8:11,14
10:24
14:13,
14 28:7
32:11,
13 36:1
decide
13:22
decided
13:12
decision
-making
15:4
deems
41:2

default
12:21
defendant
18:6
delay
37:1
delaying
27:2
delays
19:8,9
density
10:14
Department
8:7
30:12,
19,25
deposition
37:10,
11
depositions
33:12,
25
detail
13:6
detailed
9:15
details
32:1
determine
40:2,12
detriment
21:9

developer
19:2
20:5
development
10:19
18:18
23:6
41:16
differently
22:20
diligence
11:11
diminished
21:8
disagree
22:19,
21
disappointed
23:13
24:18
disarray
20:13
disclosure
25:12
discovery
27:2,3
33:25
37:3,18
38:3
40:18

Judge Karen Specie
June 10, 2025

5

discussed
29:3
discussions
16:9
20:15
27:11
34:13
35:20
dismiss
16:16,
21 32:9
dismissal
16:22
21:6
dismissed
33:22
dispute
19:22
33:18
34:7
distribution
30:21
district
38:25
diverted
23:9
docket
39:14,
15,17,
24
40:1,
11,14,
17

documents
13:1
dollars
13:15
doubtful
25:3
duces
37:11
due
10:9
11:10
duties
36:4
Dylan
6:24
24:3
Dyrkolbotn
6:8,9
13:13,
17
18:3,4
21:16
27:4,14
28:4,18
29:1
32:25
35:10,
13,19
36:23
Dyrkolbotn's
13:23
36:3
37:4

——————
E
——————
earlier
39:19
easier
37:9
Eastern
38:23,
24
easy
13:1
economic
17:7
effective
16:6
17:13
efficiency
17:2
efficient
16:5
17:12
effort
24:17
efforts
16:8
29:3
Ellsworth
7:7
Elrod
7:8,9,
10
12:14
26:4,5

Elrod's
10:3
email
9:15
end
9:10
14:10,
25
21:23
27:25
33:7
38:19
enforce
28:20
engage
20:15
engaging
37:18
enter
9:4
41:4
enterprise
27:22
entire
39:20
entities
8:24
11:9
14:16
16:3
18:4
20:19
28:7
32:16
entity
11:9
34:22

equity
18:12
34:16
ERUS
10:14,
19
escrowed
30:16
essence
10:8
essentially
27:10
28:2
estate
11:19
22:3
25:7
eternal
25:14
Euliano
6:13,15
Europe
39:1
evaluate
23:17
event
10:17
everyone's
41:11
evidentiary
27:25
29:7
32:2
33:12,
20
37:24

39:11
40:3,13
examiner
37:23
39:11
excuse
29:6
exit
17:8
expect
19:13
expeditiously
28:23
explain
9:14
12:9
exposure
33:24
34:5
36:6
extent
13:14
15:8,18
24:8
35:19
36:14
extra
14:12

——————
F
——————
face
20:5
facilities
30:15
fact
11:21

17:18
27:16
35:25

**factor**
13:21

**facts**
19:21

**fail**
20:10,
12
41:18

**failed**
20:13
27:22

**fair**
12:25

**fairly**
38:1

**fall**
20:12,
13

**falls**
21:23

**false**
36:21

**familiar**
18:19

**farce**
36:20

**fashion**
15:25
25:9

**fast**
17:6

**favor**
16:22

**favorable**

37:17

**February**
39:24

**federal**
30:18
39:20

**fee**
12:17
14:15,
19
33:24
34:2,5

**feel**
22:20

**feels**
39:12

**fiduciary**
16:8
32:8
36:3,12

**figure**
15:19
22:17
26:9
31:7

**file**
24:5

**filed**
18:2
19:12,
19 27:4
32:12
36:7
38:2
39:14,
23 40:2

**files**
32:23

**filing**
16:15
18:11
28:15,
20

**final**
32:2
37:23
40:3,12

**finalize**
12:1

**financial**
13:12
18:5
21:22
27:13
36:24

**find**
17:12

**finger**
41:9

**finish**
41:19

**firsthand**
41:15

**five-month**
15:14

**Florida**
8:1,7
30:12,
25
41:14

**flyers**
11:16

**folks**
20:10

**follow**
12:14

**forebear**
37:18

**foreclose**
19:12

**foreclosure**
16:1

**forgive**
39:21

**formal**
11:12
18:5

**forward**
9:9,22
11:24,
25
12:11
20:14
26:10
32:1
40:15,
19
41:20

**frankly**
18:13
19:20
33:23
34:2

**fraud**
13:16

**free**
16:21
32:17

**frustrated**
23:13

**frustrations**
29:24

**full**
29:13
40:5

**full-day**
10:4

**fun**
29:15

**functions**
15:22

**fund**
9:23,24
10:10
27:17

**funded**
15:20

**funder**
25:2

**funding**
19:10

**funds**
15:18
28:7
30:13
33:1

———————

**G**

**Gainesville**
41:13

**Gator**
7:17

**gave**
9:15

**gear**
33:12

**general**
30:9

**give**
9:17
11:6,
15,16
12:3
31:19
38:17
39:18

**giving**
22:9

**glaring**
38:16

**goal**
21:10

**good**
6:12,
19,20,
23 7:2,
6,9,16,
20,24
8:10,
13,17,
25
11:2,7
12:8
13:14
24:14
26:1,17
38:19
39:8

**grant**
28:25

**grass**
17:11

**great**
11:19

Judge Karen Specie
June 10, 2025

7

**Greenberg**
7:10

**group**
11:20

**groups**
14:8

**guarantees**
19:15

**guarantors**
19:17

**guess**
12:12

**Guven**
7:17

_____

**H**

**Hal**
8:2

**Hale**
7:19,
20,21
23:23

**half**
13:15
29:10
36:9

**handled**
34:10

**happen**
41:12

**happened**
14:6
19:7,11
36:14

**happening**
35:24

**happy**
17:15
20:2
31:18
39:3

**hard**
25:9
36:18

**harm**
35:22

**he'll**
34:14

**Healey**
16:7
29:4

**hear**
31:23
41:21

**heard**
19:7
28:22
37:21
40:19
41:7

**hearing**
6:16
9:2,6,
16
16:18,
20
27:25
29:8
32:3
33:12,
20
37:24
38:4,6

39:11
40:3,
13,16,
23

**hearing's**
41:24

**hindsight**
18:17
19:1

**hire**
15:3

**hired**
11:21

**holder**
15:12
18:12

**holders**
14:9,
19,24
15:8
16:13

**Holdings**
35:6,7

**hole**
34:1

**Honor**
6:5,12,
15,19,
23 7:2,
6,9,20,
24 8:4,
5,10,
13,17
9:9,11,
20
12:25
14:12,

22 17:7
21:24
22:1
23:3,4,
19,22
24:3,
14,25
25:25
26:5,6,
17
28:15,
25
29:19,
23 30:8
31:4,
14,17
32:5
35:12
37:6
38:19
39:1
41:8

**Honor's**
18:19

**hope**
20:16
21:1
41:11,
20

**hopeful**
11:23
14:7
17:12
26:12

**horse**
13:5

**hour**
40:7

**hours**
22:16

34:15

**Hulsey**
11:22

**human**
40:22

**Hyman**
7:12,13
22:19
26:16,
17,18
29:6,
10,13
33:19
34:25
35:1,2
37:7,14
38:1
40:10,
25

**Hyman's**
17:3
32:11
33:10

_____

**I**

**Iceberg**
7:14
26:18

**II**
35:7

**impact**
26:22

**importantly**
19:24

**inappropriate**
34:23

**including**
40:15

**income**
14:14

**Indenture**
7:11

**inevitability**
35:17

**information**
17:5
22:9,10

**informed**
9:21

**inquired**
12:16

**insults**
37:1

**insurance**
30:22

**insurmountable**
38:17

**intelligently**
27:18

**intend**
24:6,10

**intended**
18:21

**intense**
30:2

**interest**
11:1

Judge Karen Specie
June 10, 2025

8

| | | | | | |
|---|---|---|---|---|---|
| 15:24<br>30:22<br>32:19<br>**interested**<br>11:20<br>22:10<br>**interference**<br>8:23<br>12:19<br>17:1<br>34:5<br>**internal**<br>39:21<br>**introductions**<br>40:7<br>**invest**<br>20:24<br>**invested**<br>21:20<br>23:7<br>28:9<br>**investigation**<br>36:10<br>**investigations**<br>36:13<br>**investing**<br>35:3<br>**investment**<br>7:4<br>32:16 | **Investments**<br>7:18<br>**investor**<br>12:22<br>13:22<br>25:3<br>35:4<br>**investors**<br>12:16<br>18:23<br>19:4<br>20:3,18<br>23:4<br>**involved**<br>18:10<br>**issue**<br>20:17,<br>18 32:6<br>35:3<br>39:19<br>**issues**<br>10:13<br>12:13<br>28:2<br>———————<br>**J**<br>**James**<br>6:13,15<br>7:3<br>**jobs**<br>18:23<br>**John**<br>7:10<br>26:5<br>**join**<br>29:15 | **Jon**<br>7:17<br>**Judge**<br>18:7<br>19:24<br>**judges**<br>41:17<br>**judiciary's**<br>39:20<br>**July**<br>9:14<br>16:19<br>28:1<br>38:6,12<br>**juncture**<br>23:12<br>———————<br>**K**<br>**keeping**<br>20:6<br>21:5,18<br>**kind**<br>13:5<br>23:9<br>26:23<br>36:7<br>**kinds**<br>13:24<br>———————<br>**L**<br>**lack**<br>29:1<br>**landscaping**<br>13:25<br>**large** | 18:25<br>23:6<br>34:1<br>**largest**<br>24:15<br>**late**<br>27:6<br>**latitude**<br>26:25<br>**Lauren**<br>6:13<br>8:14<br>**law**<br>26:13<br>**lawsuit**<br>18:2<br>19:19<br>24:5,6,<br>9<br>32:14,<br>20<br>**lawsuits**<br>19:12,<br>15<br>**lead**<br>36:13<br>**leading**<br>27:11<br>**legal**<br>19:21<br>**lenders**<br>6:21<br>7:22<br>12:2<br>17:10<br>19:5,13<br>20:3<br>22:1 | **lending**<br>19:6<br>**liable**<br>12:23<br>**liens**<br>25:6<br>**life**<br>21:21<br>**lights**<br>15:16<br>21:18<br>33:1<br>**liquidating**<br>15:3<br>**listed**<br>6:3<br>**litigation**<br>19:18<br>**lived**<br>41:13<br>**loans**<br>30:13<br>31:1<br>**local**<br>18:23<br>19:4,5<br>**locate**<br>40:5<br>**logistics**<br>31:20<br>**LOI**<br>14:8<br>**long**<br>17:14<br>30:1 | **longer**<br>24:22<br>**lost**<br>34:16<br>**lot**<br>18:16<br>22:15<br>27:19<br>37:9<br>**lot's**<br>19:8<br>**lots**<br>19:18<br>**Lotto**<br>25:15<br>———————<br>**M**<br>**MADAM**<br>6:2,11,<br>18,22<br>7:1,5,<br>8,12,<br>15,19,<br>23 8:3,<br>9,12,<br>15,20<br>**made**<br>10:12<br>27:13<br>34:7<br>**Madoff**<br>27:15<br>**magic**<br>16:19<br>**Mainstreet**<br>7:25<br>12:2 |

maintenance
  15:21
  21:19
make
  13:17
  15:15
  18:21
  22:22
  26:20
  33:11
  34:9
  38:24
making
  9:8
  11:5
  25:10
managed
  35:9
management
  13:25
  15:22
manager
  20:4
  28:11
  35:15
marbles
  16:14
March
  37:12
  39:14
market
  11:18,
  19 15:5
matter
  29:4
  34:17
matters

6:3
28:22
Matthew
  7:21
maximize
  22:13,
  14
  34:18
May's
  10:10
Mclaughlin
  8:16,
  17,18
  31:3,4
means
  24:10
meet
  10:2
  14:24
meeting
  10:4
  11:2,7
  14:9
members
  35:5
mess
  21:8
Michael
  7:25
mid-may
  10:4
million
  10:21,
  23 20:1
  33:4
minimum
  15:6

misappropriated
  28:5
misappropriating
  28:6
misconstruction
  35:23
mispronounce
  37:9
mistaken
  39:17
models
  22:9
moment
  11:22
  17:21
  31:24
moments
  38:17
Monday
  14:6
money
  12:6
  13:18
  18:22
  21:20
  22:4
  23:7,9
  27:16,
  21 28:7
  32:24,
  25
  35:25
  36:22
monthly
  17:10

months
  27:6
  34:15
moot
  32:6
  33:14
morning
  9:15
mortgage
  12:4
  14:9,
  18,24
  15:7,12
  16:13
mortgages
  33:5,8
motion
  16:15,
  21,23
  26:21
  27:24
  28:16,
  20,24
  29:8
  30:11,
  24
  31:18,
  24 33:3
  36:7
  37:22
  38:2
  39:10,
  14,23,
  25
  40:13,
  15,18
  41:3
move
  9:22

11:24,
25 14:8
15:1
multiple
  11:11,
  12 21:7

——————
N
——————

named
  14:24
  18:6
national
  19:2
  39:19
NDAS
  11:13
necessarily
  31:19
needless
  19:22
negatively
  40:8
negotiate
  14:22
  15:12
negotiating
  24:16
negotiation
  15:10
negotiations
  27:10
  28:18

30:2
36:18,
20
Neil
  6:13,15
net
  13:13
Newco
  20:19
news
  13:15
non-debtors
  10:24
nontraditional
  19:6
note
  27:8
notes
  9:11,12
noticed
  37:8,10
November
  10:9
number
  6:2
  11:3,17
  19:11
  39:15,
  17,24
numbers
  11:14
  25:15

——————
O
——————

objections

27:5

**obligation**
36:12

**obligations**
13:18
20:21

**observing**
6:16

**obvious**
24:20
26:7

**occurred**
19:21

**October**
10:10

**offered**
25:4

**offering**
25:4

**offers**
37:16

**one's**
20:24

**one-day**
40:23

**operating**
36:2

**operations**
30:15

**opine**
23:18

**opportunity**
39:25

**opposed**
29:4

**optimist**
25:14

**option**
36:8

**order**
41:4

**owe**
14:19

**owners**
10:25

**ownership**
11:1
14:15

---

**P**

---

**p.m.**
6:1
38:14,
23
41:25

**packages**
11:11

**paid**
34:3

**paragraph**
27:15

**paragraphs**
27:8

**parcel**
10:18

15:6

**parcels**
10:25
20:20,
22

**pardon**
23:2

**part**
18:25
22:18
23:5

**parte**
28:25

**partial**
30:21

**partials**
12:24

**participate**
39:7

**parties**
7:14
12:20
16:11
26:18
29:14
31:7

**past**
10:9
27:1

**path**
26:10
34:21

**pathway**
20:14

**patience**
37:1

**patient**
26:24

**Patricia**
6:24
8:23
24:4

**pause**
13:19
14:5

**pay**
15:8
30:21

**paying**
15:20,
21
21:18

**payment**
10:9,
10,11

**payments**
27:17

**pending**
16:23
26:21
27:3

**people**
10:19
11:17
16:21
17:5
21:16,
18
25:11
33:7
40:6

**people's**
40:7

**percent**
32:18
33:13

**perform**

25:17

**period**
15:15

**person**
15:4

**personally**
32:25

**picking**
17:10

**place**
23:10,
14 30:3
37:13

**plan**
9:22,25
14:16,
22
15:1,2,
3,25
16:10,
11,20
21:14,
25 22:6
24:17,
22
25:9,17
27:1,11
28:19
30:3
32:7,8

**planned**
19:10

**play**
16:14
19:22

**played**
19:3,4

**point**

23:15
31:9
33:17,
20
34:12,
16 36:8
38:11
39:12

**Pointe**
7:4
28:11
35:5,6,
7,8

**points**
17:25
34:14

**Ponzi**
27:15

**position**
13:3
28:3,6
35:14,
15

**positive**
22:19

**possession**
36:12

**post**
11:21
15:15

**Postler**
6:18,
19,20,
21
23:21,
22 24:1

**Postler's**

| | | | | | |
|---|---|---|---|---|---|
| 25:5 | procedur ally | properti es | pursued 24:23 | realloca tion | relates 26:19 |
| potentia l | 26:23 | 15:5 | put | 12:21 | remain |
| 10:21 | proceedi ng | 19:13 | 19:9 | reason | 11:23 |
| 11:12 | 26:13 | property | 21:2 | 13:12 | remedies |
| 12:16, | proceedi ngs | 13:25 | 22:4 | 14:12 | 26:14 |
| 19 13:8 | 6:1 | 15:22 | | 32:4 | remember |
| 15:10 | 41:25 | 22:2,3 | Q | reasonab le | 38:3 |
| 16:2 | process | proposal | question | 38:8 | renewed |
| 20:18 | 17:2 | 10:12 | 12:25 | reasons | 28:16 |
| preferab le | 19:21 | 12:3 | 17:15 | 32:5 | 36:7 |
| 15:25 | producin g | proposed | 20:20 | rebut | 38:2 |
| prelimin ary | 14:14 | 30:11 | 21:12, | 24:11 | rents |
| 41:2 | profitab le | Provenza le | 13 | receiver s | 21:19 |
| premature | 28:12 | 7:23, | 25:21 | 16:2 | repaid |
| 39:12 | progress | 24,25 | questions | 21:7 | 23:8 |
| prepare | 9:8 | 29:22, | 9:18 | recently | replenis h |
| 30:10 | 11:5 | 23 | 11:4 | 38:2 | 10:11 |
| present | 29:16 | provide | 17:16 | recommend | reports |
| 8:15,20 | project | 13:24, | | 6:8 | 32:23 |
| 38:15, | 17:9 | 25 | R | record | represent |
| 21 | 18:20 | provided | race | 26:19 | 29:25 |
| presente d | 19:2 | 21:22 | 19:16 | records | represen tations |
| 10:6 | 20:1,5, | providin g | Ramsey | 35:11 | 27:13 |
| pretty | 8,24 | 17:5 | 8:22 | referenc ed | 36:21 |
| 9:15,16 | 21:3,4, | 21:19 | 31:11, | 18:1,15 | request |
| 18:15 | 21 23:7 | pulled | 14 | 19:19 | 16:24 |
| 38:15 | 41:12 | 19:10 | reaching | reflect | 38:8 |
| principa ls | projects | purchase rs | 20:4,6 | 19:20 | requeste d |
| 27:20 | 23:5 | 15:10 | read | regard | 17:23 |
| Pro | promised | purpose | 13:1 | 34:5 | 23:16 |
| 15:11 | 10:1 | 14:16 | real | related | requesti ng |
| problem | proof | pursue | 11:19 | 6:25 | 9:13 |
| 23:3 | 18:11 | 32:17, 21 | 25:7 | | |
| | | | realloca ted 10:14 | | |

16:18

**requests**
27:3

**require**
21:25

**required**
9:24
36:15

**requirements**
34:8

**reserve**
10:11

**reserved**
26:11

**residential**
10:16

**resign**
28:18
35:13,
21

**resignation**
35:15

**respect**
19:17
27:23
28:12
29:2
37:22

**respective**
6:14

**response**
22:18
29:1

**responses**
27:5
40:1

**restructure**
10:7,8
13:7

**result**
27:24

**review**
39:13,
25
40:11

**Reynolds**
6:11,
12,13
23:1,3

**Rich**
6:4,5
17:24,
25
22:25
27:18
33:16,
17
35:16

**Riedel**
6:20

**rights**
26:11,
13 33:8

**risk**
20:23
33:23

**road**
22:6
34:21

**Robert**

8:2

**rocks**
34:19

**Rogers**
8:2

**roll**
17:19

**rolled**
16:24

**rollercoaster**
29:16

**round**
22:7

**route**
21:6

**rug**
36:16

—————
**S**
—————

**safe**
29:14

**sake**
41:11

**sale**
15:5
22:2
32:7

**salvage**
41:12

**sandbox**
16:15

**scenario**
25:6

**schedule**
17:22
37:22

38:13
40:3,
12,23

**scheduling**
41:4

**Scott**
8:6,11

**secured**
15:7
29:25

**security**
14:1
15:22

**seek**
35:14

**seeking**
27:2
33:6
37:3

**separate**
12:18
16:3
30:17

**separately**
28:17,
20

**serve**
30:17

**services**
13:24

**set**
16:25
27:25
28:23
29:7
32:2,4
33:19

38:4,6

**setting**
39:10

**settlement**
24:16
27:17
28:17,
21
35:20

**settlements**
37:15

**shake**
34:20

**Shane**
8:22

**share**
29:24

**Sharon**
7:17

**SHD**
28:10
35:9
36:3

**ship**
31:8

**Shively**
6:24
8:23
9:23
11:10
13:11
18:2,5
19:19
24:4
25:14
27:12
31:12

36:21,
23

**Shively's**
20:16
26:20
27:9
36:19

**shock**
9:17

**shoes**
11:10

**Shop**
15:11

**shops**
28:11
32:19
35:4,5,
8

**short**
17:14

**shortfall**
15:19,
20

**shortly**
30:25
38:5

**Shuker**
8:9,10,
11 9:6,
8,20
17:17
18:1,9,
14
21:7,14
23:16
24:8,
24,25

27:18
30:10,
20
31:16,
17 32:4
33:18,
23
38:19
41:6,8
**Shuker's**
36:6
**significant**
24:15
**simple**
12:17
14:15,
19
**simply**
18:11
**Singerman**
6:6
**sir**
9:19
25:23
30:6
31:2
41:7
**sit**
26:23
39:3
**situation**
19:17
**skirted**
36:16
**slow**
39:22

**Smith**
11:21
**solution**
17:13
26:12
**solutions**
22:8,17
**somebody's**
12:7
31:11
**sooner**
28:1
**sort**
19:5
41:5
**sought**
32:22
**sound**
13:16
**sounds**
25:20
**sources**
15:17
19:6
**SPE**
15:11
35:12,
15
**SPE's**
28:4
**speak**
24:7
**special**
14:15
**speed**
17:18

**spend**
33:24
**spending**
34:14
**spends**
24:15
**Sperling**
7:15,
16,17
29:18,
19
**SPES**
12:18
22:4
28:8,12
35:21
36:1
**spoken**
20:19
31:11
**spouse**
39:6
**Spurrier's**
15:11
**stand**
35:18
**standpoint**
33:24
34:2,6,
11
**stands**
10:15
**start**
17:21
18:18
**started**
16:9,17

**starting**
19:16
**State**
24:10
25:2
26:13
32:17
**stated**
27:19
**statement**
25:12
**statements**
21:22
24:11
**States**
8:18
31:5
**status**
9:2,13
16:25
17:15
18:9
23:14,
15 26:7
28:24
31:6
32:5
38:7
39:2,4
40:16
**stay**
20:20,
22
32:18,
22
**step**
9:10
11:8,9

12:1,6,
11
13:11
14:9,23
**stepping**
13:9
**steps**
9:9
12:13
**Stichter**
6:20
**sticking**
12:13
**street**
11:16
**Stricker**
8:12,
13,14
**strong**
17:3
**strongly**
21:4
**structure**
21:24
**subject**
12:20
**substantial**
14:5
**substantively**
31:5
**successful**
41:20
**sue**
13:12

**sued**
13:15
14:4
**suffer**
28:9
**sufficient**
29:14
**suing**
36:23
**Summers**
7:5,6,7
25:24,
25 26:3
**supplement**
18:7
**support**
20:8
22:18,
22
**suppose**
16:3
**supposed**
23:8
**Svein**
6:7
37:8
**sympathetic**
36:5
**Synartis**
6:21
7:21
33:5
**system**
39:21

Judge Karen Specie
June 10, 2025

14

---

**T**

---

**taking**
27:21
30:1
41:13
**talked**
21:14
**talking**
20:11
**taxes**
10:17
**team**
22:8
**technical**
8:23
12:19
17:1
34:4
**tecum**
37:11
**teetering**
20:1
**tenants**
17:11
**tentatively**
30:20
**terms**
13:9
15:20
26:25
32:10
37:17
**thing**
10:1

20:10
**things**
19:8,11
34:1,19
**third-party**
10:24
16:8
32:8,22
**thornier**
10:13
**thought**
10:20
18:11
**thoughts**
31:18
**threshold**
20:17
21:12
**threw**
13:13
**time**
9:5
14:12,21
16:25
21:20
23:17,24
24:16
26:14
29:7,9
34:13,23
38:11,22,23,24,25
39:2

**times**
37:10
**Timko**
7:1,2,3
24:13,14,25
25:5,20,22
39:1,5
**tip**
32:23
**today**
6:6
9:16
19:9
28:25
39:13,19
**today's**
6:16
40:14
**tough**
22:6
**Trache**
6:22,23,24
24:2,3
**transparency**
27:22
**transparent**
17:4
**Transportation**
8:7
30:13,19

**Transportation's**
31:1
**Traurig**
7:10
**tremendous**
20:9
**trial**
40:23
**true-up**
10:18,21
**trust**
6:14,25
7:11
8:23
26:6
**trustee**
7:11
8:19
16:24
17:1
26:22
27:25
28:16
29:3,8
31:6,18,24
32:6
33:3,6,17,21
37:23
39:11
**trustees**
6:14
**turned**
18:12
30:1

**turning**
9:11
**twitched**
41:8
**two-and-a-half**
35:12

---

**U**

---

**U.S.**
7:10
26:6
**uncovered**
34:19
**underlying**
25:7
**understand**
17:2
37:4
**Understood**
26:15
**Union**
7:7
**unique**
18:15
**unit**
10:15
**United**
8:18
31:5
**units**
10:16

**universally**
19:25
20:3
22:21
**update**
9:17
**upside**
34:16
**urgency**
33:2,11
**utilities**
15:21

---

**V**

---

**vacation**
39:5
**vendors**
11:16
**versus**
16:22
**viable**
21:15
24:22
**view**
16:11
18:20
21:8
33:21
36:1
41:15
**views**
17:3
**Viking**
28:5

**violation**
36:2
**vision**
18:24
**Vystar**
7:7
12:2,8
26:1

___

**W**

**wanted**
17:25
18:7
**week**
9:13
14:10,
25
16:18
24:5
25:15
38:12
**weeks**
34:15
**wherewithal**
25:17
**whomever**
39:6
**wife**
13:14
**Williams**
8:3,4,6
30:7,8
**winning**
25:15
**wishes**
8:16,21

9:4
**withdrawn**
25:13,
18
**witnessed**
41:15
**work**
8:5
21:10
22:12,
23 26:8
36:18
**workable**
10:7,8
**worked**
22:7
**working**
13:10
17:6
20:25
22:16
27:13
30:10
**worse**
25:11
**worst**
17:7
**worth**
28:15
**write**
23:2
**written**
24:22
25:18
**wrong**
39:15,
16

___

**Y**

**year**
18:10
27:1
36:9
39:15
**years**
21:21
35:12
37:3
41:14
**yesterday**
12:9

___

**Z**

**Zachary**
7:13
26:18
**zones**
38:25
**Zoom**
12:8
39:7