## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION
### www.flnb.uscourts.gov

In re:

| | |
|---|---|
| **CELEBRATION POINTE HOLDINGS, LLC** | **Case No. 24-10056-KKS** |
| **CELEBRATION POINTE HOLDINGS II, LLC** | **Case No. 24-10057-KKS** |
| **SHD-CELEBRATION POINTE, LLC** | **Case No. 24-10058-KKS** |
| | **Chapter 11** |
| | |
| **Debtors.** | ***Joint Administration under Case No. 24-10056-KKS*** |
| | |
|  / | ***EMERGENCY RELIEF REQUESTED*** |
| | Hearing set on August 18 2025 at 2:00 p.m. |

## AMENDED EMERGENCY APPLICATION OF CELEBRATION POINTE HOLDINGS, LLC, *ET AL.* TO EMPLOY TROY TAYLOR AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS

**CELEBRATION POINTE HOLDINGS, LLC** (the "Debtor"), a Florida limited liability company, and two (2) of its affiliates or subsidiaries, which are jointly-administered debtors and debtors-in-possession (collectively, hereinafter referred to as the "Debtors"), hereby seek emergency authorization, pursuant to 11 U.S.C. §§ 105(a), 327, 328 and 363(b), from this Court to employ **TROY TAYLOR** ("Mr. Taylor") as their Chief Restructuring Officer in the jointly-administered bankruptcy cases, and, in support thereof, respectfully state:

1

1.     On March 14, 2024 (the "Petition Date"), the Debtors filed their petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  No trustee has been appointed.  The Debtors continue to operate their businesses and manage their properties as a debtors-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

## **Relief Requested**

2.     Debtors seek to retain Mr. Taylor to serve as the Chief Restructuring Officer ("CRO") of the Debtors pursuant to the engagement letter attached hereto as **Exhibit "A"** and incorporated herein by reference.

3.     Mr. Taylor's specific tasks will be to (a) negotiate the final terms of a debtor in possession loan (and consider any alternatives); (b) negotiate the sale of assets and assumption of any unexpired leases (and consider any alternatives); (c) review whether a sale is a better alternative than liquidation; and (d) propose and seek confirmation of a plan of liquidation or alternative exit. Although, Mr. Taylor will report directly to the Board of Directors, he has sole discretion as to the issues in items (a) through (d) below.

4.     Debtors believe Mr. Taylor is an ordinary course officer but, at the request of the U.S. Trustee, retention is being sought pursuant to sections 105(a), 327, 328 and 363(b) of the Bankruptcy Code.

**A. <u>Services to be Provided</u>**

5.      As per the terms contained in the Engagement Letter, Mr. Taylor will serve as CRO working collaboratively with the Debtors and the Debtors' other professionals. Mr. Taylor will assist the Debtors in evaluating and implementing strategic and tactical options through the restructuring process

**B. <u>Terms of Retention</u>**

6.      The Engagement Letter provides that Algon will be compensated at a flat rate of $125,000 per month, for Mr. Taylor's services as CRO. Additionally, Algon will be paid a fee for providing additional personnel based on the following standard hourly rates:

- Managing Director          $850 per hour
- Director          $650 per hour
- Other professionals          $300 to $600 per hour

Debtors' seek permission to pay Algon on an ordinary course basis without the need for application or Court order up to a maximum of $750,000.00.   Algon will submit monthly invoices to the Debtors for services rendered by additional personnel and expenses incurred.   The Debtors will be authorized to pay, in the ordinary course of its business, all reasonable amounts invoiced by Algon for fees and expenses. Algon did not receive retainer prior to this application.

C. **Mr. Taylor's Qualifications**

7.      Mr. Taylor and Algon have extensive experience in providing services in and out of chapter 11 proceedings and have an excellent reputation for the services they have rendered on behalf of debtors and creditors throughout the United States.

8.      Mr. Taylor is the Founder and President of Algon, and has over 30 years of experience that combines investment banking, restructuring (both in Chapter 11 and out-of-court), and senior management. Mr. Taylor has served as the Lead Financial Advisor, Chief Restructuring Officer or Chief Executive Officer in a broad range of industries including real estate/hospitality, energy, manufacturing, and distribution. He led the restructuring/recapitalization of Hyperion Bank as Vice Chairman and acted as the sole Independent Director of the Dress Barn, Inc. in connection with the wind down of approximately 650 retail locations around the country. Mr. Taylor was also a founding investor and the Chairman of the Audit Committee for Big Rock Partners Acquisition Corp., a publicly traded company.

9.      Mr. Taylor has completed various real estate restructurings/sales for high-profile clients including The Related Group, Four Season Peninsula Papagayo Resort, One Bal Harbour Resort, BlueGreen Vacation Corporation **("Bluegreen"),** The Altman Companies, and Cabi Downtown LLC.

10.      Algon is a national, leading financial advisory firm. The following is a representative list of Algon's advisory engagements:

| | |
|---|---|
| Hyperion Bank | • As Vice Chairman, led a management/financial restructuring<br>• Raised $18.3 million through Rights Offering and Common Stock Offering |
| Cabi Downtown, LLC | • Financial advisor on $256 million Chapter 11 Plan for major condominium project |
| Altman Companies | • Completed global restructuring for leading developer and operator of apartments with over $475 million of debt |
| Agway Liquidating Trust | • Advised $400 million trust on the disposition of 24 environmentally-tainted properties |
| Synovus Financial Corporation (NYSE: SNV) | • Advised in divestiture of 28% equity ownership in Aerosonics Corporation (AMEX: AIM) |
| BlueGreen Vacations Corporation (NYSE: BXG) | • Review of strategic alternatives resulting in $29 million sale of Developer/Operator of timeshare resorts and residential parcels |
| Advanced Lighting Technologies, Inc. (Nasdaq: ADLT) | • Advised the Official Equity Committee in obtaining substantial recovery in $175 million Chapter 11 |
| Speizman Industries, Inc. (SPZN.OB) | • Advised the Special Committee to the Board of Directors in connection with a chapter 11 petition |
| Mego Financial (Nasdaq: MEGO) | • Advisor to Chapter 11/7 trustee for $185 million publicly-traded timeshare company<br>• Developed strategy and negotiated substantial recovery for DIP lender |
| Village Homes | • Restructured approximately $140 million of senior debt |
| Diversified Family Investment Vehicle | • Advised on two CMBS debt restructurings of retail and office assets<br>• Successfully negotiated agreements with CW Capital and C3 |
| Investor group | • Advised investor group in purchase of PCX Corp., a division of NYSE-listed Integrated Electrical Services, Inc. |
| Southeastern Retirement Associates, LLC | • Advised an ad hoc committee of subordinated note holders in a $52.3 million restructuring |

| | |
|---|---|
| NY-based hedge fund | • Advised on valuation of $600 million of subordinated debt in a publicly-traded company |
| Arlington Ridge, LLC | • Advisor to Debtor in Chapter 11 proceedings  Held CRO position |
| PsychSolutions Inc. | • Financial advisor in sale to Youth & Family Centered Services, Inc., a portfolio company of TA Associates |
| Adama Holdings | • Advised major hedge fund investors on $500 million eastern European distressed investment |
| SolarReserve, Inc. | • Advising senior lender on maximizing recovery of $90 million loan<br>• Overseeing liquidation of assets located in US, South Africa, Chile and Australia |
| SELAF Waterfall Holding Company | • Advised a $175 million private equity firm on strategic alternatives for portfolio investment |
| Harmony Information Systems, Inc. | • Advised JMI Equity ($1.3+ billion) on the recapitalization of a portfolio company |

11.     The Debtors believe that Taylor and Algon are well qualified and able to advise them in a cost-effective, efficient and timely manner. The Debtors have been advised by Taylor and Algon that they will endeavor to coordinate with the other professionals retained in these cases to eliminate unnecessary duplication of work. Therefore, the Debtors submit that the retention and employment of Taylor as its CRO, with the support of the professionals provided by Algon, is in the best interests of the estate.

**Basis for Relief Requested**

12.     Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or

6

appropriate to carry out the provisions of this title."    11 U.S.C. § 105(a).    Section

363(b) of the Bankruptcy Code provides in part that a debtor-in-possession "after

notice and hearing, may use, sell or lease, other than in the ordinary course of

business, property of the estate."    11 U.S.C. § 363(b).    Under applicable case law

in this and other circuits, if a debtor's proposed use of its assets pursuant to section

363(b) of the Bankruptcy Code represents a reasonable business judgment on the

part of the debtor, such use should be approved. See, e.g., In re *Gulf States, Steel,*

*Inc.*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002); *Stephens Indus., Inc. v. McClung*,

789 F.2d 386, 390 (6th Cir. 1986); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395

(3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513,

515 (7th Cir. 1983); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel*

*Corp.)*, 722 F.2d 1063, 1070 (2nd Cir. 1983); In re *Delaware & Hudson R.R. Co.*,

124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose"

test to evaluate motions brought pursuant to section 363(b)); *Committee of Asbestos-*

*Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R.

612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis

for its business decisions (as distinct from a decision made arbitrarily or

capriciously), courts will generally not entertain objections to debtor's conduct").

To the extent required, Debtors also seek permission under Bankruptcy Code Section

327 and 328 to employ Mr. Taylor.

13.    The retention of interim corporate officers and other temporary employees is proper under section 363 of the Bankruptcy Code.    Numerous courts have authorized retention of officers utilizing this provision of the Bankruptcy Code. For example, the United States Bankruptcy Courts for the District of Delaware, the Northern District of Illinois, the Southern District of New York, and the Middle and Southern Districts of Florida have approved the retention of temporary employees to provide restructuring services and interim management services under section 363 of the Bankruptcy Code.    *See, e.g., HearUSA, Inc.*, Case No. 11-23341-EPK (Bankr. S.D. Fla. May 20, 2011 and June 8, 2011); *CCI Liquidation, Inc., fka Custom Cable Industries, Inc.*, Case No. 10-18478-MGW (Bankr. M.D. Fla. Aug. 13, 2010); *In re Medical Staffing Network Holdings, Inc., et al.*, Case No. 10-29101-EPK (Bankr. S.D. Fla. July 22, 2010); *In re PPOA Holdings, Inc., et al.*, Case No. 10-10711-JKO (Bankr. S.D. Fla. June 17, 2010); *In re Levitt and Sons, LLC, et al.*, Case No. 07-19845-RBR (Bankr. S.D. Fla. Nov. 14, 2007); *In re Puig, Inc., et al.*, Case No. 07-14026-RAM (Bankr. S.D. Fla. July 20, 2007); *In re AT&T Latin America Corp., et al.*, Case No. 03-13538-RAM (Bankr. S.D. Fla. June 11, 2003); *In re Acterna Corp., et al.,* Case No. 03-12837-BRL (Bankr. S.D.N.Y. July 2, 2003); *In re Exide Technologies, Inc., et al.*, Case No. 02-11125-JCA (Bankr. D. Del. May 10, 2002); *In re Kmart Corp., et al.*, Case No. 02-B02474-SPS (Bankr. N.D. Ill. E.D. May 22, 2002); *In re Piccadilly Cafeterias*, Case No. 03-27976-RBR (Bankr. S.D.

Fla. Oct. 31, 2003); and *In re WorldCom Group, et al.*, Case No. 02-13533-AJG (Bankr. S.D.N.Y. Sept. 17, 2002).

14.    The Debtors submit that employing Mr. Taylor under the terms and conditions contained in the Engagement Letter would greatly benefit the Debtors' estates and creditors.

15.    No previous motion or application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Celebration Pointe Holdings, LLC, *et al.* respectfully requests the entry of an Order (i) granting this Application; (ii) designate Mr. Morrison as the CRO, upon the terms and conditions contained in the Engagement Letter, and (iii) granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED** this 8th day of August 2025.

/s/ R. Scott Shuker
R. Scott Shuker
Florida Bar No.: 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Tel: (407) 337-2060
Fax: (407) 337-2050
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**
**www.flnb.uscourts.gov**

In re:

| | |
|---|---|
| **CELEBRATION POINTE HOLDINGS, LLC** | **Case No. 24-10056-KKS** |
| **CELEBRATION POINTE HOLDINGS II, LLC** | **Case No. 24-10057-KKS** |
| **SHD-CELEBRATION POINTE, LLC** | **Case No. 24-10058-KKS** |
| | **Chapter 11** |
| **Debtors.** | *Joint Administration under Case No. 24-10056-KKS* |
| / | *EMERGENCY RELIEF REQUESTED* Hearing set on August 18, 2025 at 2:00 p.m. |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **AMENDED EMERGENCY APPLICATION OF CELEBRATION POINTE HOLDINGS, LLC,** *ET AL.* **TO EMPLOY TROY TAYLOR AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS** was served as set forth below:

☒ **Served via Notice of Electronic Filing (NEF):** The undersigned verifies that the foregoing document was served via NEF on <u>August 8, 2025,</u> to the below-listed person(s) and entities:

- Noel R. Boeke noel.boeke@hklaw.com; danielle.decker@hklaw.com; hapi@hklaw.com
- John Blair Boyd  bk@svllaw.com; blairb@svllaw.com

- Scott Wallace Cichon Scott.Cichon@CobbCole.com, Bonnie.Rubino@CobbCole.com
- John D. Elrod   elrodj@gtlaw.com; fieldss@gtlaw.com
- Daniel Raymond Fogart dfogarty.ecf@srbp.com
- Matthew Blake Hale mhale.ecf@srbp.com
- Suzanne Hill shill@rumberger.com, shillsecy@rumberger.com; docketingorlando@rumberger.com
- Zachary P Hyman    zach@millenniallaw.com; assistant@millenniallaw.com, jessica@millenniallaw.com, 4619041420@filings.docketbird.com
- Inez M Markovich    imarkovich@mccarter.com
- Paul Nicholas Mascia   pmascia@nardellalaw.com
- Conor McLaughlin   conor.mclaughlin@usdoj.gov
- Jose I. Moreno   jimoreno@bellsouth.net, ruizcalderondr64903@notify.bestcase.com
- Michael Anthony Nardella mnardella@nardellalaw.com, klynch@nardellalaw.com; msayne@nardellalaw.com
- Michael J Niles mniles@bergersingerman.com, efile@bergersingerman.com; zmorton@bergersingerman.com; efile@ecf.courtdrive.com
- David E. Peterson David.peterson@lowndes-law.com
- Charles A. Postler   cpostler.ecf@srbp.com
- Leanne McKnight Prendergast leanne.prendergast@pierferd.com; tcopeland@smithhulsey.com
- Michael Stephen Provenzale   michael.provenzale@lddkr.com, anne.fisher@lowndes-law.com; litcontrol@lowndes-law.com
- Nicholas V. Pulignano   nvp@marksgray.com
- Shane Gibson Ramsey shane.ramsey@nelsonmullins.com, linnea.hann@nelsonmullins.com, jada.predergast@nelsonmullins.com
- Lauren Marie Reynolds lreynolds@whww.com, scolgan@whww.com; mbretana@whww.com; mbretana@ecf.courtdrive.com
- Brian G. Rich   brich@bergersingerman.com, efile@bergersingerman.com; efile@ecf.courtdrive.com; zmorton@bergersingerman.com
- Bradley M. Saxton bsaxton@whww.com; scolgan@whww.com; mbretana@whww.com; mbretana@ecf.courtdrive.com
- Sharon T. Sperling sharon@sharonsperling.com, share.sharonsperling@gmail.com; info@sharonsperling.com
- Mark E Steiner   MES@lgplaw.com; pm@lgplaw.com

- Jesse Ellsworth Summers   esummers@burr.com; sguest@burr.com
- James Timko   jtimko@deanmead.com;   mgodek@deanmead.com
- Dylan Trache dylan.trache@nelsonmullins.com
- United States Trustee USTPRegion21.TL.ECF@usdoj.gov
- Richard Scott Williams   swilliams@rumberger.com
- David C Willis   dwillis@rumberger.com,   dwillissecy@rumberger.com; docketingorlando@rumberger.com

☒ Additionally, the foregoing **AMENDED EMERGENCY APPLICATION OF CELEBRATION POINTE HOLDINGS, LLC, *ET AL.* TO EMPLOY TROY TAYLOR AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS** has been served by U.S. Mail on <u>August 8, 2025,</u> the undersigned served the person(s) and/or entities listed below via first class mail, postage prepaid, at the addresses listed below and/or on the attached mailing matrix obtained from the Court's case management system:

| All creditors and parties in interest on the attached matrix. | Troy Taylor Algon Group 2457 Collins Avenue, PH 2 Miami Beach, FL 33140 |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct.

/s/ R. Scott Shuker
R. Scott Shuker
Florida Bar No.: 984469
rshuker@shukerdorris.com

## <u>EXHIBIT "A"</u>

**(Engagement Letter)**



*Financial Advisors for Complex Situations*

August 6, 2025

Mr. Svein Dyrkolbotn
Manager
Celebration Pointe Holdings LLC
Celebration Pointe Holdings II LLC
SHD – Celebration Pointe LLC

Dear Mr. Dyrkolbotn:

This letter confirms our understanding and agreement ("**Agreement**") of the basis upon which Algon Capital, LLC d/b/a Algon Group ("**Algon**") is being engaged by Celebration Pointe Holdings LLC; Celebration Pointe Holdings II LLC; SHD – Celebration Pointe LLC (collectively, the "**Company**" or the "**Client**"), in their capacities as debtors and debtors-in-possession in their Chapter 11 cases, (collectively, the "**Bankruptcy Cases**"), in the United States Bankruptcy Court for the Northern District of Florida (the "**Bankruptcy Court**"), including the description of services to be performed and the basis of compensation for those services.

I.     **Description of Services**

    a.  **Officers.** In connection with this engagement, Algon shall make available to the Client:

        i.  Troy T. Taylor, president of Algon, to serve as Chief Restructuring Officer (the "**CRO**").

        ii.  Mr. Taylor will report to the members of the Client. The members of the Client may only remove the CRO upon unanimous consent.

    b.  **Additional Personnel.**

        i.  Algon will provide additional professionals who may be employees, regular associates, or independent contractors/strategic partners of Algon, as required ("**Additional Personnel**", and together with the CRO, collectively, the "**Engagement Personnel**") to assist the CRO in the execution of the specific duties set forth below.

    c.  **Duties.** The CRO shall:

        i.  Have the combined sole and absolute power and authority of the chief executive officer, the chief operating officer, chief financial officer, and

Mr. Svein Dyrkolbotn
August 6, 2025
Page 2

the chief restructuring officer of the Company for all purposes; including, without limitation (and without in any way limiting the foregoing grant of corporate power and authority), the sole power and authority: (a) to open and close bank accounts for the Company, (b) to transfer funds of the Company, (c) to hire and terminate employees of the Company; (d) to cause the Company to modify, amend, terminate and/or enforce any of its any contractual rights; (e) to cause the Company to enter into any agreement or contract at any level of materiality; (f) to cause the Company to pursue, settle or compromise any litigation, controversy or other dispute involving the Company, (g) to cause the Company to borrow funds and to pledge any of its assets in order to pay the working capital needs of the Company, (h) to cause the Company to exercise the Company's rights under the Company's agreements and other agreements in favor of the Company, and (i) to cause the Company to take any other action which the CRO, in good faith, determines to be necessary, prudent or appropriate under the circumstances. Perform a financial review of the Client, including but not limited to a review and assessment of financial information that has been, and that will be, provided by the Client to its creditors, including without limitation its short and long-term projected cash flows, and shall assist the Client in developing, refining and implementing its restructuring plans.

ii.  Negotiate with the Client's senior lenders, CDD bond holders and DIP lender as required.

iii.  Lead negotiations with the Senior Lender Committee, if formed.

iv.  Serve as the Client's representative for all purposes in connection with any proceedings in the Bankruptcy Court.

v.  Have the authority to manage and execute (i) leases, contracts, settlements, third-party professionals, sale of assets, purchase of property or financing/re-financing of debt, and (ii) negotiate with Parties in Interest, other constituents and interested parties to develop and effectuate the Approved Plan(s), and in executing such Approved Plan(s), subject to the approval of the Bankruptcy Court.

vi.  Engage attorneys, accountants, appraisers and other consultants and third-party professionals, at Client's expense to maximize value of the estate. Algon acknowledges that all such engagements are subject to approval of the Bankruptcy Court.

vii.  Assist in the preparation of the monthly operating reports required by the Bankruptcy Court and in otherwise complying with the reporting and information requirements imposed by the Office of the United States Trustee.

Mr. Svein Dyrkolbotn
August 6, 2025
Page 3

 viii. Cause the Client to take any other action which the CRO, in good faith, determines to be necessary, prudent, or appropriate under the circumstances.

 ix. Assist the Client in developing various strategic alternatives, and in conjunction with legal counsel, a plan of reorganization (the "**Plan**").

 x. Lead in the execution of the Plan.

All of the foregoing actions may be undertaken by the CRO without affirmative vote of the members of the Client.

It is understood that the CRO will rely solely upon information supplied by the Client without assuming any responsibility for independent verification. The Client represents and warrants that any financial projections provided to the CRO have been, or will be, prepared on bases reflecting the best currently available information and reasonable judgments of the future cash flows of the Client.

Projections; Reliance; Limitation of Duties.  The Client understands that the services to be rendered by the CRO and Additional Personnel may include the preparation of projections and other forward-looking statements, and that numerous factors can affect the actual results of the Client's operations, which may materially and adversely differ from those projections and other forward-looking statements.  In addition, the CRO will rely on information provided by other members of the Client's management in the preparation of those projections and other forward-looking statements.  Neither the CRO nor Algon makes any representation or guarantee that a restructuring plan can be formulated for the Client, that any proposal or plan selected by Algon and the CRO will be more successful than all other possible plans or strategic alternatives or, if formulated, that any proposed plan or strategic alternative will be accepted by any of the Client's creditors and other constituents.

The CRO will continue to be a member of Algon and while rendering services to the Client continue to work at Algon in connection with other unrelated matters, which will not unduly interfere with services pursuant to this Agreement.

## II. Compensation for Services

 In consideration of services performed, during the term of this Agreement, the Client agrees to compensate Algon as set forth below:

  A) Expense Reimbursement. On a monthly basis Algon will submit invoices for all reasonable out-of-pocket expenses incurred in connection with this engagement.  Such expenses will consist primarily

Mr. Svein Dyrkolbotn
August 6, 2025
Page 4

of, but are not limited to lodging, travel (coach class), delivery and data services as well as communications expenses.

B) <u>CRO FEE.</u> The Client shall pay Algon a fixed fee of $125,000 per month for the first three months of this Agreement, and $100,000 per month thereafter for Troy Taylor's services as CRO.

C) <u>Additional Personnel Fee.</u> The client shall pay Algon a fee for providing Additional Personnel based on the following standard hourly rates:

- Managing Director                  $850 per hour
- Director                                   $650 per hour
- Other professionals               $300 to $600 per hour

- <u>Additional Algon Compensation.</u> The Client shall pay Algon an additional fee of $500,000 upon the confirmation of a Chapter 11 Plan.

D) <u>Wire Instructions</u>.
   Wells Fargo Bank
   420 Montgomery Street San Francisco, CA 94104
   ABA# 121000248
   Beneficiary: Algon Group A/C # 2000050530421

E) <u>Time Records</u>. The Additional Personnel shall keep contemporaneous time records of their respective time and expenses. Time records shall contain descriptive narratives of the tasks performed. Additional Personnel will identify the time spent completing each task in 1/10-hour increments and the corresponding charge (time multiplied and hourly rate) per such task. The CRO is providing services at a "flat" rate and his time entries shall be kept in hourly increments. The CRO will prepare reports of compensation earned and expenses incurred on a monthly basis and such monthly reports will be provided to the Client.

F) The compensation to be paid hereunder shall not include health insurance, unemployment compensation or federal tax withholding employer contributions, or other common "benefits".

G) It is acknowledged that the Client's payment obligations hereunder shall be subject to the approval of Algon's retention by the Bankruptcy Court. The Client agrees to use reasonable efforts to obtain approval of the Bankruptcy Court for this engagement and compensation and reimbursement of expenses as described herein in accordance with Section 363 of the United States Bankruptcy Code.

H) Other than the amounts due by the Client to Algon under the terms of this Agreement, Algon will collect no commissions, brokerage fees, consulting fees or other payments related to the assets from any party.

Mr. Svein Dyrkolbotn
August 6, 2025
Page 5

### III.    Indemnification

In the event that Algon becomes involved in any capacity in any action, proceeding or investigation in connection with the performance by Algon of the services contemplated by this letter, which involvement is not a result of Algon's gross negligence or willful malfeasance in the performance of such services, the Client and Patricia Shively (the **"Indemnifiers"**) will, upon the request of Algon, assume the defense of such action, proceeding or investigation with counsel reasonably satisfactory to Algon and, unless a conflict of interest exists, if Algon desires to retain separate counsel, it may do so at Algon's sole expense. However, if a conflict of interest exists, Algon may retain separate counsel and the Indemnifiers shall pay the reasonable fees and expenses of such counsel provided Algon's involvement is not a result of Algon's gross negligence or willful malfeasance in the performance of such services. The Indemnifiers will also indemnify Algon against any losses, claims, damages or liabilities to which it may become subject in connection with the performance by Algon of the services contemplated by this letter, except to the extent that any such loss, claim, damage, liability or expense results from Algon's gross negligence or willful malfeasance in performing the services which are the subject of this letter. If for any reason the foregoing indemnification is unavailable to Algon or insufficient to hold Algon harmless, then the Indemnifiers shall contribute to the amount paid or payable by Algon as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect not only the relative benefits received by the Indemnifiers on the one hand and Algon on the other hand, but also the relative fault of the Indemnifiers and Algon, as well as any relative equitable considerations, except that the Indemnifiers shall not in any event be responsible for any such loss, claim, damage or liability resulting from Algon's gross negligence or willful malfeasance in performing the services which are the subject of this Agreement. The Indemnifiers' reimbursement, indemnity and contribution obligations under this paragraph shall be in addition to any liability which it may otherwise have, shall extend upon the same terms and conditions to Algon's employees and controlling persons (if any), and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of Algon and any such person. The foregoing provisions shall survive the period of Algon's services under this Agreement for a period of three (3) years or the applicable period of the statute of limitations, whichever is less. The Indemnifiers agrees that neither Algon nor any of its directors, agents, or affiliates shall have any liability to the Indemnifiers for any losses, damages, liabilities or expenses arising out of the performance of services by Algon under this Agreement, unless it is finally determined judicially that such losses, damages, liabilities or expenses resulted directly from the material breach of this

Mr. Svein Dyrkolbotn
August 6, 2025
Page 6

Agreement or the gross negligence or willful malfeasance of Algon and in such event such losses shall be limited to the fees received by Algon from the Indemnifiers.

IV.    **Term**

a. <u>Term/Termination Provisions</u>:  This Agreement will be effective, subject to approval by the Bankruptcy Court, upon execution of this letter, and may be terminated with immediate effect by either party by written notice to the other party; provided, however that, notwithstanding the foregoing, (i) either party must provide at least ten days prior written notice of its intention to terminate this Agreement (the "**Termination Notice Period**") to the Client, CRO, Bankruptcy Court, and all other interested parties in the Bankruptcy Cases, (ii) Algon shall continue to provide the services hereunder during the Termination Notice Period, and (iii) the Client, CRO, or other interested party in the Bankruptcy Cases, as the case may be, may seek relief on an expedited basis during or after the Notice Period (together, the procedures and terms contained in this entire sub-paragraph "V.a." are, collectively, the "**Termination Provisions**").

b. On termination of this Agreement, any fees and expenses due Algon shall be remitted promptly, including those fee and expenses earned or accrued before termination and invoiced after termination. Algon acknowledges and agrees that Algon will have no lien rights against the assets.

c. The provisions of this Agreement that give the parties rights or obligations beyond its termination shall survive and continue to bind the parties.

V.    **Entire Agreement, Governing Law and Other Provisions**

This Agreement sets forth the entire understanding of the parties relating to the subject matter hereof and supersedes and cancels any prior communications, understandings and agreements.  This Agreement cannot be modified or changed, nor can any of its provisions be waived, except by written agreement executed by both parties hereto, subject to the approval of the parties to the Stipulation, the US Trustee and the Bankruptcy Court.

If any term, agreement, covenant or restriction contained in this Agreement is held by the Bankruptcy Court to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, agreements, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

The laws of the State of Florida shall govern this Agreement. The parties hereto submit to the jurisdiction of the United States Bankruptcy Court, Northern District of Florida, for any and all actions and disputes arising under this Agreement or any action to enforce the terms hereof.

Mr. Svein Dyrkolbotn
August 6, 2025
Page 7

Algon agrees to treat all information provided by the Client or the Client's representatives as confidential and to use such information only in connection with its services as outlined in the Agreement, and Algon agrees that it will not use such information for any other purpose.

Algon does not warrant or predict results in this matter and its fees are not contingent upon any outcome arising out of the provision of the related services. The Engagement Personnel shall rely, without further independent verification, on the accuracy and completeness of all information furnished by or on behalf of the Client and the Client acknowledges that Algon and Engagement Personnel shall not be responsible for any inaccuracies or omissions in such information. Notwithstanding the foregoing,

The Client acknowledges that Algon and Engagement Personnel are not performing or being requested to perform any auditing or financial reporting services nor are they being engaged to provide a fairness opinion or solvency opinion on any financial information presented or generated; any reports and opinions prepared by Algon should not be utilized as such. The Client acknowledges that Algon and Engagement Personnel may prepare projections, and numerous factors can affect actual results of the Client's operations which can vary materially from the projections.

Algon's relationships with Parties in Interest, if any, will be  disclosed via affidavit with the Bankruptcy Court. If Algon becomes aware of any potential conflict of interest it will immediately inform the Client.

## VI.    Acceptance

Please confirm your acceptance of the foregoing terms of the Agreement by signing and returning an executed original of the Agreement to Algon.

Sincerely,                                            Accepted by:

**Algon Group, LLC.**                                 **On behalf of,** Celebration Pointe Holdings LLC;  Celebration Pointe Holdings II LLC; SHD – Celebration Pointe LLC

By:_____               By:_____
Troy T. Taylor, President

4913-6867-6442 v.4

Mr. Svein Dyrkolbotn
August 6, 2025
Page 8

Date: ___6/7/25___          Date: _____


**On behalf of, Patty Shively**

By:_____

_____
Date:

Label Matrix for local noticing
1129-1
Case 24-10056-KKS
Northern District of Florida
Gainesville
Fri Aug  8 11:50:24 EDT 2025

ARCISCAP CELEBRATION POINTE INVESTMENT (B.V.
c/o James A. Timko, Esq.
Dean Mead Law Firm
420 S. Orange Ave., Ste. 700
Orlando, FL 32801-4911

(p)ALACHUA COUNTY TAX COLLECTOR
ATTN MISTY BLACKFORD
12 SE 1ST STREET
GAINESVILLE FL 32601-6882

Arcis Real Estate Secured Fund II, L.P.
135 West 41 Street
New York, NY 10036-7303

Celebration Pointe Community Development Dis
One Daytona Boulevard
Suite 600
Daytona Beach, FL 32114-1212

Celebration Pointe Holdings II, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Celebration Pointe Holdings, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

EDA Consultants Inc
c/o: Jose I Moreno PA
240 NW 76TH DRIVE
SUITE D
Gainesville, FL 32607-6656

Florida Credit Union
c/o J. Blair Boyd
Post Office Box 3637
Tallahassee, FL 32315-3637

Florida Department of Transportation
c/o Rumberger, Kirk & Caldwell, P.A.
300 S Orange Ave.
Suite 1400
Orlando, FL 32801-3380

Frankel Media Group LLC
c/o Noel Boeke, Esq.
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3644

Gainesville PropCo, LLC
c/o Leanne Prendergast
Pierson Ferdinand LP
12620 Beach Blvd., Ste. 3 #126
Jacksonville, FL 32246-7130

ICEBERG CAPITAL PARTNERS, III, LLC
501 E. Las Olas Blvd Ste 200/308
Fort Lauderdale, FL 33301-2881

ICEBERG REAL ESTATE INVESTMENTS, LLC
501 E. Las Olas Blvd Ste 200/308
Fort Lauderdale, FL 33301-2881

James B. Euliano, Trustee, and Neil R. Eulia
c/o Lauren M. Reynolds
PO Box 880
Winter Park, FL 32790-0880

Millennium Bank
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

PFM Financial Advisors LLC
c/o McCarter & English, LLP
Attn: Inez M. Markovich
1600 Market Street
Suite 3900
Philadelphia, PA 19103-7242

Royal Oaks of Gainesville, LLC
2210 NW 2nd Ave.
Gainesville, FL 32603-1405

SHD-Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

TRUIST BANK
c/o Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

U.S. Bank, N.A., as Indenture Trustee
Greenberg Traurig, LLP
c/o John D. Elrod
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305-1780

Vystar Credit Union
c/o J. Ellsworth Summers, Jr., Esq.
Burr & Forman LLP
50 North Laura Street, Suite 3000
Jacksonville, FL 32202-3658

*Arcis Capital Advisors II
135 West 41 Street
New York, NY 10036-7303

*ArcisCap-Celebration Pointe
Investment LLC
4503 Michigan Trail
Kewadin, MI 49648-9301

*Capital One
Attn: General Correspondence
P.O. Box 30285
Salt Lake City, UT 84130-0285

*Catalyst Income Fund 2022-A1, LLC
11720 Amberpark Drive
Suite 160
Alpharetta, GA 30009-2271

*Catalyst Synartis MF B Series Condo
11720 Amberpark Drive
Suite 160
Alpharetta, GA 30009-2271

*Celebration Pointe Capital, LLC
100 Main Steet SW
Suite 323
Gainesville, GA 30501-3706

*GNV RE CP Fund, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

*J & R GATOR INVESTMENTS LLC
1790 Mall of Georgia Blvd.
Buford, GA 30519-8705

*James Euliano
4585 Old Carraige Trail
Oviedo, FL 32765-8454

*Neil Euliano
3914 SW 95th Drive
Gainesville, FL 32608-4648

*State Infrastructure Bank
605 Suwannee Street
Tallahassee, FL 32399-0450


*Synartis Capital Management
11720 Amberpark Drive
Suite 160
Alpharetta, GA 30009-2271

*U.S. Bank, N.A.-CDD
Attn: Troy Beaman
Lockbox Services-12-2657
EP-MN-01LB
1200 Energy Park Drive
St. Paul, MN 55108-5101

ARCISCAP CELEBRATION POINTE INVESTMENT (B.V.
c/o James A. Timko, Esq.
Dean Mead
420 S. Orange Ave., Suite 700
Orlando, FL 32801-4911

Aleia M. Hornsby, Thompson Hine LLP
3560 Lenox Road
Suite 1600
Atlanta, GA 30326-4274

Archaeological and Historical Cons
4800 SW 64th Ave., Ste 107
Fort Lauderdale, FL 33314-4438

ArcisCap-YJ Holding LLC
c/0 James Timko, Esq.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801-4911

ArcisCap-YJ Holding LLC
c/o James Timko, Esq.
420 S. Orange Ave, Suite 700
Orlando, FL 32801-4911

Barwick Banking Company
1200 Plantation Drive S.
Suite 110
Saint Augustine, FL 32080

CP City Place Holdings, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

CP City Place Partners, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

CP City Place Partners, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

CP Holdings Consolidated VII, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Catalyst Income Fund 2022-1A, LLC
c/o Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, PA
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Income Fund 2022-A1,LLC
c/o Matthew B. Hale, Esquire
Stichter Riedel Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Synartis MF B Series Condo 3A-2023,
c/o Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, PA
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Synartis MF B Series Condo, LLC
c/o Matthew B. Hale, Esquire
Stichter Riedel Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Catalyst Synartis MF B Series MF 2A-2022, LL
c/o Matthew B. Hale, Esq.
Stichter Riedel Blain & Postler, PA
110 E. Madison St., #200
Tampa, FL 33602-4718

Celebration Pointe Assoc., Inc.
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Celebration Pointe CDD #1
Cobb Cole
One Daytona Boulevard, Suite 600
Daytona Beach, FL 32114-4346

Celebration Pointe CDD No. 1
3501 Quadrangle Blvd.
Suite 270
Orlando, FL 32817-8329

Celebration Pointe Community Development Dis
Cobb Cole
One Daytona Boulevard, Ste 600
Daytona Beach, FL 32114-4346

Celebration Pointe Office Partners II
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Celebration Pointe Office Partners III
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Cobb Cole
231 North Woodland Blvd.
DeLand, FL 32720-4248

Cobb Cole
P.O. Box 2491
Daytona Beach, FL 32115-2491

Cupkovic Architecture, LLC
6060 Rockside Woods Blvd N
Suite 100
Independence, OH 44131-2381

EDA Consultants, Inc.
720 SW 2nd Ave.
South Tower, Ste 300
Gainesville, FL 32601-6271

Edward J. Peterson
Johnson Pope Bokor Ruppel & Burns, LLP
400 N. Ashley Drive, Suite 3100
Tampa, FL 33602-4337

England Thims & Miller, Inc.
14775 Old St Augustine Rd
Jacksonville, FL 32258-2463

Florida Credit Union
P.O. Box 5549
Gainesville, FL 32627-5549

Florida Credit Union
Post Office 5158
Gainesville, FL 32627

Florida Department of Transportation
@Rumberger Kirk
300 S Orange Avenue Suite 1400
Orlando, FL 32801-3380

Frankel Media Group LLC
c/o Noel Boeke, Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa FL 33602-3642

(p)FRANKEL MEDIA GROUP LLC
ATTN ATTN LILLIAN VARGAS
5001 CELEBRATION POINTE AVENUE
SUITE 520
GAINESVILLE FL 32608-5085

Frankel Media Group, LLC d/b/a Frankel
Noel Boeke, c/o Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3642

Freddie Wehbe
13284 SW 7th Ave.
Newberry, FL 32669-3345

Freddie Wehbe
Webb Marketing
1900 SW 34th Street, Suite 206
Gainesville, FL 32608-1271

GSE Engineering & Consulting, Inc.
5590 SW 64th Street
Ste B
Gainesville, FL 32608-9607

Gainesville PropCo LLC
c/o Leanne Prendergast
Pierson Ferdinand LLP
12620 Beach Blvd., Ste. 3 #126
Jacksonville, FL 32246-7130

Gainesville Regional Utilities
301 S.E. 4th Avenue
Gainesville, FL 32601-6857

Heather Dyrkolbotn
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Holden, Roscow & Caedington PI
5608 NW 43rd Street
Gainesville, FL 32653-3332

Holden, Roscow & Caedington, PL
5608 NW 43rd Street
Gainesville, FL 32653-3332
,

IMG College, LLC
540N Trade Street
Winston-Salem, NC 27101-2915

Iceberg Real Estate Investments, LLC
c/o Zachary P. Hyman, Esq.
501 East Las Olas Blvd., Ste 200/314
Fort Lauderdale, FL 33301-2881

Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Philadelphia, PA 19101-7346

JON E. KANE
South Milhausen, P.A.
1000 Legion Place, Suite 1200
Orlando, Florida 32801-1005

James B. Euliano, Trustee
and Neil R. Euliano, Trustee
c/o Bradley M. Saxton
PO Box 880
Winter Park, FL 32790-0880

James B. Euliano, Trustee
and Neil R. Euliano, Trustee
c/o Lauren M. Reynolds
PO Box 880
Winter Park, FL 32790-0880

James Moore & Co.
5931 NW 1st Pl
Gainesville, FL 32607-2063

Johnson Controls Security Solutions
P.O. BOx 371967
Pittsburgh, PA 15250-7967

Jon Guven
J & R Gator Investments, LLC
1790 Mall of Georgia Blvd
Buford GA 30519-8705

Jon Guven
c/o Bloom Parham, LLP
977 Ponce de Leon Ave., NE
Atlanta, GA 30306-4265

Jon W. Pritchett
8601 SW 31st Ave.
Gainesville, FL 32608-2727

Lauren L. Stricker, Esq.
Shuker & Dorris, P.A.
121 S. Orange Ave., Ste. 1120
Orlando, FL 32801-3238

(p)TCM HALL SE FINANCE LLC
101 SE 2ND PLACE STE 117
GAINESVILLE FL 32601-6592

MILLENNIAL LAW, INC.
501 East Las Olas Blvd, Suite 200/314
Fort Lauderdale Fl 33301-2882

Mainstreet Comm. Bank of FL
204 S. Woodland Blvd.
Deland, FL 32720-5414

Mainstreet Community Bank
204 S. Woodland Blvd
Deland, FL 32720-5414

Mainstreet Community Bank of Florida
c/o Lowndes Law Firm
P.O. Box 2809
Orlando FL 32802-2809

McCarter & English, LLP
Attn: Inez M. Markovich, Esq.
1600 Market Street, Suite 3900
Philadelphia, PA 19103-7242

McRock, LLC
2970 SW 50th Terrace
Gainesville, FL 32608-5076

Michael A. Nardella, Esq.
Nardella & Nardella, PLLC
135 W Central Blvd.
Ste 300
Orlando, FL 32801-2435

PHG Gainesville CP, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Patricia A. Shively
608 SW 97th Terrace
Gainesville, FL 32607-6309

Patricia A. Shively & Patricia Ann Shively T
Edward J. Peterson, III
Johnson Pope Bokor Ruppel & Burns, LLP
400 N. Ashley Drive, Suite 3100
Tampa, FL 33602-4337

Patricia A. Shively (TRUST)
608 SW 97th Terrace
Gainesville, FL 32607-6309

Phillip W. Pritchett
1050 SE 6th Street
Lake Butler, FL 32054-2740

R. Scott Williams
2001 Park Place Suite 1300
Birmingham, AL 35203-2700

Renaissance Printing
PO Box 357186
Gainesville, FL 32635-7186

Rennia Aviation, LLC
4050 NE 45th Ave
Gainesville, FL 32609-1682

Richard S. Blaser
646 SW 133rd Way
Newberry, FL 32669-3339

Ryan Frankel
779 SW 136th Street
Newberry, FL 32669-3386

SDPS Real Eetate Investment III
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investment V LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investment VI, LLC
5001 Celebratoin Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investment, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments III
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments IV, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

SDPS Real Estate Investments V, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SDPS Real Estate Investments, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

SHD Management, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

SHD Management, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

SHD-Celebration Pointe Holdings, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Sharon T. Sperling
Attorney for Jon Guven
PO Box 358000
Gainesville FL 32635-8000

Site Solutions, LLC
3715 Northside Pkwy Northcreek 300
Suite 720
Atlanta, GA 30327-2812

Spurriers Gridiron Grille CP, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

State Board of Administration of Florida
P.O. Box 13300
Tallahassee, FL 32317-3300

Studio for Housing Design LLC
2951 Flowers Road, Suite 215
Atlanta, GA 30341-5533

Sunbelt Rentals Inc
Sunbelt Rentals
2015 Directors Row
Orlando, FL 32809-6231

Svein Dyrkolbotn
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Svein Dyrkolbotn
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Svein Dyrkolbotn
c/o Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Svein H. Dyrkolbotn
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Synartis Capital Management, LLC
c/o Matthew B. Hale, Esquire
Stichter Riedel Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602-4718

Synartis Income Fund, LLC and
Catalyst Synartis CP Master 4A-2023, LLC
c/o Matthew B. Hale, Esq.
110 E. Madison St., #200
Tampa, FL 33602-4718

The Shops at Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

The Vue at Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

The Zall Company, LLC
2946 Larimer Street
Denver, CO 80205-2309

U.S. Bank Trust Company, N.A., as Indenture
GREENBERG TRAURIG, LLP
c/o John D. Elrod
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305-1780

U.S. Bank Trust Company, N.A., as Indenture
GREENBERG TRAURIG, LLP, c/o John D. Elro
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305-1780

U.S. Bank, N.A., as Indenture Trustee
c/o Greenberg Traurig, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305-1780
Attn.: John D. Elrod

United States Trustee
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Viking Companies, LLC
2579 SW 87th Dr
Gainesville, FL 32608-9340

Viking Companies, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

Viking Companies, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Viking Construction Company
5001 Celebration Pointe Ave, Ste 180
Gainesville, FL 32608-5379

Viking Construction Company of Florida, LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Viking Property Management LLC
c/o Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

Vue-F, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

(p)VYSTAR CREDIT UNION
PO BOX 45085
JACKSONVILLE FL 32232-5085

Vystar Credit Union
c/o J. Ellsworth Summers, Jr., Esq.
Burr & Forman LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202-3658

c/o Liebler Gonzalez & Portuondo
44 West Flagler Street, 24th Floor
Miami, FL 33130-6808

John C. Vanduzer
James Moore & Co., P.L.
5931 NW 1st Place
Gainesville, FL 32607-2063

Lauren Stricker
Shuker & Dorris P.A.
121 South Orange Avenue
Ste 1120
Orlando, FL 32801-3238

Robert Scott Shuker
Shuker & Dorris, PA
121 S Orange Avenue
Suite 1120
Orlando, FL 32801-3238

Tamara Robbins
PO Box 2317
Alachua, FL 32616-2317

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Alachua County Tax Collector
12 SE 1st Street
Gainesville, FL 32601

(d)Alachua County Tax Collector
12 SE 1st Street
Gainesville, FL 32601

Frankel Media Group, LLC
5001 Celebration Pointe Ave
Suite 520
Gainesville, FL 32608

Linda McGurn
101 SE 2nd Place, Ste 117
Gainesville, FL 32601

Vystar Credit Union
P.O. Box 45085
Jacksonville, FL 32232-5085

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Catalyst Income Fund 2022-A1, LLC

(u)Catalyst Synartis CP Master 4A-2023, LLC

(u)Catalyst Synartis MF B Series Condo, LLC

(u)Catalyst Synartis MF B Series MF 2A-2022,

(u)Kenneth R. McGurn and Linda C. McGurn

(u)MAINSTREET BANK

(u)Synartis Capital Management, LLC

(u)Synartis Income Fund, LLC

(d)Arcis Real Estate Secured Fund II L.P.
135 West 41 Street
New York, NY 10036-7303

(d)ArcisCap-YJ Holding LLC
c/o James Timko, Esq.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801-4911

(u)Celebration Point Community Development Di

(d)Celebration Pointe Holdings II, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

(d)Florida Department of Transportation
@Rumberger Kirk
300 S Orange Avenue Suite 1400
Orlando, FL 32801-3380

(d)Patricia A. Shively, TRUST
608 SW 97th Terrace
Gainesville, FL 32607-6309

(d)SHD-Celebration Pointe, LLC
5001 Celebration Pointe Ave.
Suite 180
Gainesville, FL 32608-5379

(d)Jon Guven
J & R Gator Investments, LLC
1790 Mall of Georgia Blvd
Buford, GA 30519-8705

(d)Patricia A. Shively
608 SW 97th Terrace
Gainesville, FL 32607-6309

(u)Svein Dyrkolbotn

End of Label Matrix
Mailable recipients    151
Bypassed recipients     18
Total                  169