**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**
www.flnb.uscourts.gov

In re:

| | |
|---|---|
| **CELEBRATION POINTE HOLDINGS, LLC,** | **CASE NO.: 24-bk-10056-KKS** |
| **CELEBRATION POINTE HOLDINGS II, LLC,** | **CASE NO.: 24-bk-10057-KKS** |
| **SHD-CELEBRATION POINTE, LLC,** | **CASE NO.: 24-bk-10058-KKS** |
| | **CHAPTER 11** |
| Debtors. | *Joint Administration under Case No. 24-10056-KKS* |

_____/

**FINAL ORDER GRANTING, IN PART, *DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING* [ECF No. 361]**

**THIS MATTER** came before the Court for hearing on September 11, 2025 (the "**Final Hearing**"), upon the *Debtors' Emergency Motion for Interim and Final Orders Authorizing Debtors to Obtain Post-Petition Financing* [ECF No. 361] (the "**Financing Motion**"). Following a hearing held on August 18, 2025 (the "**Interim Hearing**"), the Court entered its *Interim Order Granting, In Part, Debtors' Emergency Motion for Interim and Final Orders Authorizing Debtors to Obtain Post-Petition Financing [ECF No. 361]* [ECF No. 391] (the "**Interim Order**"). Upon the evidence and arguments of counsel presented at the Final Hearing on the Financing Motion, and it appearing that the notice of the Financing Motion was adequate and proper and no further notice need be given to grant the relief herein (the "**Final Order**"); and it also appearing that the relief requested by the Financing Motion pursuant to sections 105, 361, 362, 363, 364, 507, and 545 of Title 11 of the

United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Rule(s)**") is in the best interest of the Debtors and the respective estates and otherwise necessary; and with all objections, if any, to the entry of this Final Order having been withdrawn, resolved, or overruled by this Court; and, after due deliberation and consideration, the Court having found that good and sufficient cause exists for granting, in part, the Financing Motion;

   **THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

   A. **Petition Date**. On March 14, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. By Order (ECF No. 17) entered March 22, 2024, Debtors' respective matters were consolidated for joint administration under Case No. 24-10056-KKS (the "**Case**") before this Court. The Debtors continue to operate their businesses in this Case as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

   B. **Jurisdiction and Venue**. This constitutes a core proceeding under 28 U.S.C. § 157(b)(2). This Court has jurisdiction to hear the Financing Motion pursuant to 28 U.S.C. § 1334 and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Notice of the Final Hearing and relief requested in the Financing Motion as provided by the Debtors constitutes due, sufficient, and appropriate notice and complies with § 102(1) of the Bankruptcy Code and Rules 2002, 4001(b), and 9014.

D. **Necessity of Debtor-in-Possession Financing**. A need exists for the Debtors to obtain funds to pay ongoing operating expenses and to administer and preserve the value of the estates in this Case. In the absence of the financing to be provided under the DIP Facility (as that term is defined in the Financing Motion) as reflected by the term sheet attached to the Financing Motion as Exhibit A (the "**Term Sheet**"), the Debtors would be unable to continue funding expenses needed to operate the businesses or preserve assets. Without the interim financing, immediate and irreparable harm would come to the Debtors, the estates, and their creditors.

E. **DIP Loan**. The Debtors seek authorization in the Financing Motion to obtain credit and incur debt on an unsecured basis (the "**DIP Loan**") pursuant to § 364(b) of the Bankruptcy Code and the terms and conditions of the agreement by and between Patricia Shively (the "**DIP Lender**") and Debtors evidencing the DIP Loan, including without limitation the Debtors in Possession Promissory Note ("**DIP Note**") and Escrow Agreement (collectively, the "**DIP Documents**"), generally

described as follows:[1]

    1. The DIP Loan will be in the maximum principal amount of up to $1,725,000, provided as a line of credit to Debtors, as necessary.

    2. The DIP Loan shall be unsecured.

    3. The DIP Loan shall be an allowed administrative expense claim under Section 364(b) of the Bankruptcy Code.

    4. The DIP Loan shall be solely used for:

        i. Legal fees of the Debtors;

        ii. Operating expenses of the Debtors and special purpose entities ("**SPEs**") owned by Debtors; and

        iii. Retaining and employing a Chief Restructuring Officer, Troy Taylor (the "**CRO**").

    5. The DIP Loan shall not accrue interest except following an event of default.

    6. The DIP Loan may be prepaid without penalty.

    7. The DIP Loan shall mature upon the earliest of (the "**Maturity Date**"):

        i. One hundred eighty (180) days from the entry of the Interim Order; and

        ii. Acceleration of the DIP Loan following an event of default.

---

[1] The form of DIP Note and Escrow Agreement are attached as **Exhibits 1** and **2** to the Interim Order. Such documents shall be amended to the extent necessary to reflect the additional amounts set forth herein.

F. **No Credit Available on More Favorable Terms**. The Debtors are unable to obtain credit on more favorable terms and conditions than those set forth in the Financing Motion and this Final Order.

G. **Business Judgment and Good Faith Pursuant to Section 364(e)**. Subject to the rights of any party to object to entry of the Final Order, the terms and conditions of the DIP Loan, as set forth in the Financing Motion: (1) are fair, reasonable, and the best available under the circumstances; (2) reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties; and (3) are supported by reasonably equivalent value and consideration. The DIP Loan was negotiated in good faith and at arm's length between the Debtors and DIP Lender. The DIP Lender has indicated its willingness to provide debtor-in-possession financing to the Debtors pursuant to the Financing Motion. The funds to be extended under the DIP Loan will be extended by the DIP Lender in good faith, and for valid business purposes and uses by the Debtors. As a result, the DIP Lender is entitled to the protection and benefits afforded by § 364(e) of the Bankruptcy Code. Specifically, the DIP Lender's claims, and other protections granted pursuant to this Final Order will not be affected by any subsequent reversal, modification, vacatur or amendment of this Final Order or any other order, as provided in § 364(e).

H. **Relief Essential; Best Interests**. The relief requested in the Financing Motion and granted by this Final Order is necessary, essential, and appropriate for

5

the continued operation of the Debtors' businesses and management and preservation of the estates. It is in the best interests of the estates, the creditors, equity holders, and all other parties in interest that the Debtors are allowed to obtain credit under the DIP Loan in accordance with this Final Order.

    I.    **Vystar Stipulation**.  At the Interim Hearing, counsel for Debtors announced an agreement with Vystar pursuant to which Vystar would be granted stay relief and other concessions in return for not objecting to the Financing Motion (the "Stipulation").  The Stipulation was separately filed on the docket [ECF No. 398]. The filed Stipulation will control in the event of any inconsistency with the presentation made in open Court at the Interim Hearing.

**NOW, THEREFORE**, based upon the Financing Motion and the record before this Court, and good and sufficient cause appearing therefor,

    **IT IS ORDERED**:

    1.    **Financing Motion is Granted, in Part**. The Financing Motion is granted, in part, to the extent provided in this Final Order and any objections to the Financing Motion to extent not withdrawn, waived, or otherwise resolved, and all reservations of rights included therein, if any, are hereby denied and overruled to the extent provided in this Final Order.

    2.    **Authorization and Use of DIP Loan**. The Debtors are authorized to borrow from the DIP Lender up to the following amounts solely for the following

uses:

    a.    **Operating Expenses**. Debtors may borrow up to $669,000 to fund necessary operating expenses for the period ending November 15, 2025, consistent with the budget attached hereto as "**Exhibit 1.**"

    b.    **Legal Fees**. Debtors may borrow $250,000 to pay legal fees to Debtors counsel.

    c.    **CRO**. Debtors may borrow up to $800,000 for an initial payment to the CRO and his staff for engaged services.

    d.    **U.S. Trustee Fees**. Debtors may borrow funds necessary to pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) consistent with the disbursements projected on budget attached hereto as "**Exhibit 1.**"

3.    **DIP Loan Priority**. Effective immediately upon the entry of this Final Order, as adequate protection and security for the DIP Lender, and as provided in the Financing Motion, the DIP Loan shall be entitled to an allowed administrative expense claim under Section 364(b) of the Bankruptcy Code. The DIP Loan shall be unsecured and not subject to a perfected security interest on any property of the Debtors' estates.

4.    **Modification of the Automatic Stay**. The automatic stay imposed under § 362(a) of the Bankruptcy Code is hereby modified as necessary to (a) permit the Debtors to grant the DIP Loan's administrative expense priority and to incur all

liabilities and obligations to the DIP Lender in connection with the DIP Loan and this Final Order; (b) authorize the DIP Lender to retain and apply any payments made by the Debtors; (c) to otherwise permit the parties to carry out the intent and purpose of this Final Order; and (d) to allow consummation of the Stipulation.

5. **Enforceable Obligations/DIP Documents**. The DIP Loan, Term Sheet, and this Final Order shall constitute and evidence the valid and binding obligations of the Debtors, which obligations shall be enforceable in accordance with their terms against the Debtors, the estates, and any successors thereto. The Debtors are authorized and directed to execute any necessary amendments to the DIP Note and the Escrow Agreement.

6. **Financial Reporting**. The Debtors shall regularly and promptly provide the DIP Lender with all financial and other reporting reasonably requested.

7. **Maturity Date**. Debtors' obligation to repay the DIP Loan in full shall occur on the earlier of (i) one hundred eighty (180) days from the entry of the Interim Order; or (ii) acceleration of the DIP Loan following an event of default.

8. **Events of Default**. The following events shall be deemed an "**Event of Default**" under the DIP Loan:

    a. Conversion of the Case to Chapter 7;

    b. Dismissal of the Case;

    c. Appointment of a Chapter 11 Trustee;

8

      d.      Resignation of the CRO;

      e.      Failure to pay the DIP Loan on or before the Maturity Date; and

      f.      Use of DIP Loan funds during the Interim Period for purposes other than explicitly permitted under this Final Order.

9.    **Rights and Remedies Following Event of Default**. Upon the occurrence of an Event of Default continuing for more than ten (10) days following written notice of an event of default by the DIP Lender, the DIP Lender may take the following actions:

      a.      Declare all funds extended under the DIP Loan to be immediately due and payable;

      b.      Terminate the DIP Loan as to any future extension of credit;

      c.      Exercise any rights and remedies available under the DIP Documents or otherwise at law or equity.

10.    **Proofs of Claim**. The DIP Lender will not be required to file a proof of claim in this Case or in any successor Case concerning the DIP Loan.

11.    **Survival of this Final Order**. The provisions of this Final Order and any actions taken pursuant thereto shall survive entry of any order entered (a) confirming any chapter 11 plan in this jointly administered Case, (b) converting this Case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing this Case, (d) withdrawal of the reference from the Bankruptcy Court for any of this Case, or

(e) providing for abstention from handling or retaining jurisdiction of any of this Case from the Bankruptcy Court. The terms and provisions of this Final Order, including the allowed administrative claim granted pursuant to this Final Order and the DIP Documents and any other protections granted to the DIP Lender, shall continue in full force and effect notwithstanding the entry of such order.

12. **Survival and Continuing Rights of DIP Lender**. Subject to the provisions of the DIP Documents and this Final Order, unless and until all proceeds under the DIP Loan are indefeasibly paid in cash in full and discharged, or other arrangements for payment of such amounts satisfactory to the DIP Lender (in its sole discretion) have been made, the protections afforded the DIP Lender pursuant to this Final Order and under the DIP Documents, and any actions taken by DIP Lender pursuant thereto, shall survive the entry of any order confirming a chapter 11 plan or converting this Case into a case under chapter 7 of the Bankruptcy Code, and the DIP Lender's allowed administrative claim shall continue in the Case and in any other successor case, and the DIP Lender shall maintain its priority as provided by this Final Order.

13. **Binding Effect.** This Final Order, including any findings of fact and conclusions of law, shall be binding on and shall inure to the benefit of the DIP Lender, Debtors, their estates, and their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the

Debtors or with respect to the property of the estates of the Debtors) whether in this Case, in any successor Case, or upon dismissal of any such chapter 11 or chapter 7 case.

14. **Headings**. The headings in this Final Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Final Order.

15. **No Waiver**. The failure of the DIP Lender to seek relief or otherwise exercise its rights and remedies under the DIP Documents, this Final Order, or otherwise, as applicable, shall not constitute a waiver of any of the DIP Lender's rights hereunder, thereunder, or otherwise.

16. **No Third-Party Rights**. Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of a third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

17. **Amendment**. Except as set forth herein, the DIP Documents may not be modified in any material respect without further order of the Bankruptcy Court.

18. **Inconsistency.** In the event of any inconsistency between the terms and conditions of the DIP Documents and of this Final Order, the provisions of this Final Order shall govern and control.

19. **Enforceability.** This Final Order shall constitute findings of fact and conclusions of law pursuant to Rule 7052 and shall take effect and be fully enforceable immediately upon execution hereof.

20. **Waiver of any Applicable Stay.** Any applicable stay, including, without limitation, under Bankruptcy Rule 6004(h), is hereby waived and shall not apply to this Final Order.

21. **Retention of Jurisdiction.** The Bankruptcy Court has and will retain jurisdiction to enforce this Final Order according to its terms.

**DONE AND ORDERED on** September 17, 2025.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Order Prepared By:
R. Scott Shuker, Esq.
Florida Bar No. 0984469
rshuker@shukerdorris.com
Shuker & Dorris, P.A.
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Telephone: 407-337-2060
*Attorneys for the Debtors*

Attorney R. Scott Shuker, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within three (3) business days of entry of the order.

Exhibit 1

**Celebration Point Holdings, LLC, et. al.**

**Proposed 13-Week Cash Budget**

| Week # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Aug | Aug | Sep | Sep | Sep | Sep | Sep | Oct | Oct | Oct | Oct | Nov | Nov |
| Week ended | 8/18/2025 | 8/25/2025 | 9/1/2025 | 9/8/2025 | 9/15/2025 | 9/22/2025 | 9/29/2025 | 10/6/2025 | 10/13/2025 | 10/20/2025 | 10/27/2025 | 11/3/2025 | 11/10/2025 |
| **Receipts:** | | | | | | | | | | | | | |
| DIP Financing | 100,000 | 210,000 | | | 1,415,000 | | | | | | | | |
| **Total Receipts** | $ 100,000 | $ 210,000 | $ - | $ - | $ 1,415,000 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | | | | | | | | | | | |
| **Disbursements:** | | | | | | | | | | | | | |
| Shortfall funding | $ - | $ (210,000) | | | $ (228,000) | | | | $ (231,000) | | | | |
| **Subtotal Operating Costs** | $ - | $ (210,000) | $ - | $ - | $ (228,000) | $ - | $ - | $ - | $ (231,000) | $ - | $ - | $ - | $ - |
| | | | | | | | | | | | | | |
| **Filing Fees & Expenses:** | | | | | | | | | | | | | |
| Legal - Shuker | (100,000) | | | | (75,000) | | | | (75,000) | | | | |
| US Trustee | | | | | | | | | | (6,000) | | | |
| Financial Advisor - Algon | | | | | (300,000) | | | | (250,000) | | | | (250,000) |
| **Subtotal Filing Fees** | $ (100,000) | $ - | $ - | $ - | $ (375,000) | $ - | $ - | $ - | $ (325,000) | $ (6,000) | $ - | $ - | $ (250,000) |
| | | | | | | | | | | | | | |
| **Total Disbursements** | $ (100,000) | $ (210,000) | $ - | $ - | $ (603,000) | $ - | $ - | $ - | $ (556,000) | $ (6,000) | $ - | $ - | $ (250,000) |
| | | | | | | | | | | | | | |
| **Operating Cash Recap** | 8/18/25 | 8/25/25 | 9/1/25 | 9/8/25 | 9/15/25 | 9/22/25 | 9/29/25 | 10/6/25 | 10/13/25 | 10/20/25 | 10/27/25 | 11/3/25 | 11/10/25 |
| **Beginning Cash Balance** | $ 31,000 | $ 31,000 | $ 31,000 | $ 31,000 | $ 31,000 | $ 843,000 | $ 843,000 | $ 843,000 | $ 843,000 | $ 287,000 | $ 281,000 | $ 281,000 | $ 281,000 |
| | | | | | | | | | | | | | |
| **Change in Cash** | $ - | $ - | $ - | $ - | $ 812,000 | $ - | $ - | $ - | $ (556,000) | $ (6,000) | $ - | $ - | $ (250,000) |
| | | | | | | | | | | | | | |
| **Cash Balance - End of Week** | $ 31,000 | $ 31,000 | $ 31,000 | $ 31,000 | $ 843,000 | $ 843,000 | $ 843,000 | $ 843,000 | $ 287,000 | $ 281,000 | $ 281,000 | $ 281,000 | $ 31,000 |

**Exhibit 1**

**Celebration Point Holdings, LLC, et. al.**
**DIP Loan - For the Period 8/18/25 to 11/16/25**
**Sources and Uses of DIP Funding**

**Receipts:**

| | | |
|---|---|---|
| DIP Financing | $ | 1,725,000 |
| **Total Receipts** | **$** | **1,725,000** |

| Disbursements: | | |
|---|---|---|
| Shortfall funding | $ | (669,000) |
| **Subtotal Operating Costs** | **$** | **(669,000)** |

| Filing Fees & Expenses: | | |
|---|---|---|
| Legal - Shuker | | (250,000) |
| US Trustee | | (6,000) |
| Financial Advisor - Algon | | (800,000) |
| **Subtotal Filing Fees** | | **(1,056,000)** |
| | | |
| **Total Disbursements** | **$** | **(1,725,000)** |

**Net Change in Cash**   $    -

| Recap of Cash Activity | | |
|---|---|---|
| **Beginning Cash - 8/18/25** | $ | 31,000 |
| **Net Change in Cash** | $ | - |
| **Projected Cash - 11/16/25** | $ | 31,000 |