UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:

| | |
|---|---|
| **CELEBRATION POINTE HOLDINGS, LLC** | Case No. 24-10056-KKS |
| **CELEBRATION POINTE HOLDINGS II, LLC** | Case No. 24-10057-KKS |
| **SHD-CELEBRATION POINTE, LLC** | Case No. 24-10058-KKS |
| | Chapter 11 |
| **Debtors.** / | *Joint Administration under Case No. 24-10056-KKS* |

**DEBTORS' SECOND MOTION FOR FINAL ORDER
AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING**

> **HEARING REQUESTED**
>
> **Debtors respectfully request that the Court hear this Motion on November 18, 2025, at 1:30 p.m. (Eastern Time)**, in conjunction with the hearings already scheduled in these Chapter 11 cases.

**CELEBRATION POINTE HOLDINGS, LLC; CELEBRATION POINTE HOLDINGS II, LLC**; and **SHD-CELEBRATION POINTE, LLC**, debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby file this *Second Motion for Final Order Authorizing Debtors to Obtain Post-Petition Financing* (the "Second DIP Motion") and respectfully request that this Court enter a final order *inter alia*:

1

A. Authorizing the Debtors to borrow up to an aggregate principal amount of $1,600,000 on an unsecured basis (the "Second DIP Facility") from Patricia Shively (the "DIP Lender"),[1] substantially in accordance with the terms of this Second DIP Motion and the proposed 13-Week Cash Budget attached as **Exhibit A** (the "Budget").

B. Authorizing the Debtors to execute, if requested, a definitive credit agreement (the "Loan Agreement"), and such other documents, instruments and agreements as may be required by DIP Lender (collectively, the "Second DIP Loan Documents") and perform all such other and further acts as may be necessary or appropriate in connection with the terms set forth in this Second DIP Motion and the Second DIP Loan Documents;

C. Authorizing the Debtors, under Section 364 of the Bankruptcy Code,[2] to obtain post-petition financing and incur post-petition indebtedness under the DIP Facility, which financing and indebtedness due and owing by the Debtor to the DIP Lender shall be unsecured but, pursuant to Section 364(b) of the Bankruptcy Code, the outstanding amount shall be as an administrative expense claim under Sections 503 and 507;

---

[1] The DIP Lender is an insider of the Debtor, with the DIP Lender owning forty (40%) percent of the equity in the Debtor.
[2] All references herein to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

D.  Modifying and, to the extent necessary, lifting the automatic stay imposed by Section 362 of the Bankruptcy Code to permit the DIP Lender and the Debtors to implement the terms of this Motion, the DIP Loan Documents, and the final order granting this Motion and approving the DIP Facility; and

E.  Granting the Debtors such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent with the terms of this Motion.

## I.  JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein include Sections 105, 361, 362, 363, 364, 507, and 545 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.  PERTINENT PROCEDURAL BACKGROUND

3.  On March 14, 2024 (the "Petition Date"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate as debtors-in-possessions.

4. For more information on the Debtors and the reasons for the bankruptcy filing, please see the Case Management Summary.

### A. Appointment of the Chief Restructuring Officer (CRO)

5. On August 7, 2025, the Debtors filed an *Amended Emergency Application to Employ Troy Taylor as Chief Restructuring Officer* (the "CRO Employment Application," ECF No. 370).

6. An evidentiary hearing on the CRO Employment Application was held on August 18, 2025. Thereafter, the Court entered an interim order approving the CRO Application (ECF No. 387). And a final order approving the CRO Employment Application was entered on September 17, 2025 (ECF No. 407).

### B. The First DIP Motion

7. On July 29, 2024, the Debtors filed a *Motion for Final Order Authorizing the Debtor to Obtain Post-Petition Financing and Grant Liens* (the "Withdrawn DIP Motion," ECF No. 139), which was withdrawn on August 19, 2024 (ECF No. 154).

8. On August 6, 2025, the Debtors filed an *Emergency Motion for Interim and Final Order Authorizing Debtors to Obtain Post-Petition Financing* (ECF No. 361, the "First DIP Motion") seeking debtor-in-finance (DIP) financing in the aggregate sum of $1,725,000 (the "First DIP Facility") from the DIP Lender.

9. An interim order approving, in part, the First DIP Motion was entered on August 28, 2025 (ECF No. 391). On September 17, 2025, the Court entered a final order on the First DIP Motion, which approves funding through November 17, 2025 (ECF No. 406).

10. Upon expiration of the First DIP Facility, the Debtors estimate approximately $395,202 in funds will remain (the "DIP Rollover") which they seek authority to use in conjunction with the Second DIP Facility requested in this Motion.

## III. THE SECOND DIP FACILITY

### A. Proposed Use of Funds from the Second DIP Facility and Cash Collateral

11. The Debtors have traditionally borrowed funds from the DIP Lender in the ordinary course of business. Accordingly, such continued post-petition borrowing should be accorded administrative expense priority under Section 364(a) of the Bankruptcy Code.

12. The Debtors are requesting another 90-day period to finalize a plan of reorganization and will use the proposed Second DIP Facility to fund operating expenses incurred by the Debtors and the special purpose entities ("SPEs") owned by the Debtors, during such period, as set forth on the Budget attached as **Exhibit A**.

13. The proposed Second DIP Facility will enable the Debtors to pay ongoing operating expenses and take the required actions set forth above which are

5

necessary to maintain and improve the value of the Debtors' assets while the CRO finalizes negotiations for an exit plan. The Debtors cannot take the actions described above without the DIP Facility. If the Debtors do not take the actions described above, the value of their ongoing concern and their assets will not be maintained and will diminish substantially.

### B. Terms of the DIP Facility

14. The Debtors and the DIP Lender acknowledge and agree that the Debtors need DIP financing.

15. The Debtors conducted arm's length, good faith negotiations with the DIP Lender. Exercising sound business judgment, the Debtors determined that the proposal for DIP financing advanced by the DIP Lender was the most favorable under the circumstances, could be documented and accessed quickly, and adequately addressed the Debtors' reasonably foreseeable liquidity needs while maximizing the value of the Debtors' assets and estates. Following discussions with the DIP Lender, the Debtors were able to secure a commitment for the Second DIP Facility.

16. The principal features of the DIP Facility are as follows:

   a. <u>Amount of Second DIP Facility</u>. The Second DIP Facility will be in the maximum principal amount of up to **$1,600,000**, plus the DIP Rollover comprised of the funds remaining at the expiration of the First DIP Financing period on November 17, 2025, in the estimated amount of **$395,205**, for a total amount of **$1,995,202** (the "DIP Commitment"), which shall be provided as a line of credit to be used by the Debtors as necessary.

b. <u>Liens & Repayment Priority</u>. The Second DIP Facility shall be unsecured. The Second DIP Facility shall be entitled to an allowed administrative expense claim under Section 364(b).

c. <u>Overview and Use of Funds</u>. The Second DIP Facility shall be made available to the Debtors in the aggregate amount of the DIP Commitment for the following use and expenditures: (i) professional fees and expenses of the Debtors; (ii) operating expenses of the Debtors and SPEs; (iii) fees and expenses of the CRO; and (iv) other agreed-on uses.

d. <u>DIP Budget and Variances</u>. The Budget attached as **Exhibit A** sets forth the details for the use of the Second DIP Facility for the 13-Week period beginning on November 16, 2025, through February 15, 2026. The following variances to the Budget are allowed at the discretion of the CRO: (i) preapproval to move funds within 15% from one category to another within the Budget; and (ii) no limits on monthly payment changes provided that such total is below Budget.

e. <u>Conditions Precedent to DIP Draw</u>. The DIP Lender will make available the Second DIP Facility upon the entry of a final order (the "Final DIP Order"). A Proposed Final DIP Order is attached as **Exhibit B**.

f. <u>Interest; Default Interest</u>. The outstanding principal amount of the Second DIP Facility shall <u>not</u> accrue interest from the Effective Date. While an event of default has occurred and is continuing, such amounts shall accrue at ten percent (10%) in interest per year. No payment shall be required until the Maturity Date.

g. <u>Prepayments</u>. The Second DIP Facility may be prepaid, in whole or in part, without penalty.

h. <u>Maturity Date</u>. The Second DIP Facility shall mature and shall be due and payable, upon the earliest (the "Maturity Date") of: (i) one hundred and eighty (180) days after the

        entry of the Final DIP Order; or (ii) acceleration of the Second DIP Facility following an event of default.

    i. <u>Events of Default</u>. Conversion, dismissal, appointment of a Chapter 11 Trustee, resignation of the CRO, failure to pay upon the Maturity Date.

## IV.    <u>RELIEF REQUESTED AND GROUNDS FOR RELIEF</u>

17. The Debtors submits that entry into the Second DIP Loan Documents is in the best interests of the Debtors, their estates, and creditors as the Second DIP Facility provides the Debtors with assurance that the Debtor can continue to advance its business activities pending a potential sale.

18. The Debtors request authority, pursuant to Section 364(b) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, to obtain post-petition loans, advances and other financial accommodations from the DIP Lender under a line of credit in an amount of up to **$1,600,000.00**.

19. The Debtors further request authority to enter into the Second DIP Loan Documents with the DIP Lender.

20. The Debtors believe that the financing described herein is in its best interest and the best interest of their creditors and their estates. The Debtors' access to the financing described herein will maximize their ability to fund expenses.

21. The Debtors are presently unable to obtain, in the ordinary course of business or otherwise:

    a. pursuant to Section 364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation,

8

    unsecured trade credit) allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense;

b. pursuant to Section 364(c)(1) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) with priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code;

c. pursuant to Section 364(c)(2) of the Bankruptcy Code, credit secured by a lien on property of the estate that is not otherwise subject to a lien;

d. pursuant to Section 364(c)(3) of the Bankruptcy Code, credit secured by a junior lien on property of the estate that is subject to a lien; or

e. credit on any basis other than that described in the Motion.

22.    After considering all the alternatives, the Debtors have concluded, in exercising their business judgment, that the financing to be provided under the terms of this Second DIP Motion is in the best interests of the Debtors, their creditors, and other parties in interest.

23.    As set forth in this Second DIP Motion, the DIP Lender and the Debtors have negotiated the terms and conditions of the Second DIP Facility in good faith and at arm's-length, and the terms and conditions of the Second DIP Loan Documents are fair and reasonable and supported by reasonably equivalent value. The Debtors request that this Court find that any credit extended by the DIP Lender pursuant to the terms set forth in this Second DIP Motion and the Second DIP Loan

Documents will have been extended in "good faith" (as that term is used in Section 364(e) of the Bankruptcy Code).

## V. NOTICE

24. No trustee or examiner has been appointed in this case, and no official committees of unsecured creditors or equity security holders have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given by: (i) the Court's CM/ECF transmission to the Office of the U.S. Trustee and all other parties receiving electronic noticing; (ii) U.S. First Class Mail, postage prepaid, to (a) all creditors and parties in interest on the Court's mailing matrix, and (b) CRO Troy Taylor, Algon Group, 2457 Collins Ave., PH2, Miami Beach, FL 33140 (troy@algongroup.com). The Debtors submit that, given the nature of the relief requested herein, no other or further notice need be given. Accordingly, the Debtors requests that the Court enter an order finding that such notice of this Second DIP Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure.

## VI. HEARING REQUESTED

25. The Debtors respectfully request that the Court hear this Second DIP Motion on **November 18, 2025, at 1:30 p.m.** (Eastern Time), in conjunction with the hearings already scheduled in these Chapter 11 cases.

**WHEREFORE**, the Debtors respectfully request that this Court: (i) set this Second DIP Motion for hearing on November 18, 2025, at 1:30 p.m. (Eastern Time); (ii) enter a final order, substantially similar in form to **Exhibit B**, granting this Second DIP Motion and authorizing the Debtors to obtain financing pursuant to 11 U.S.C. §§ 364(b) in accordance with the terms and conditions of this Second DIP Motion and the Second DIP Loan Documents; and (iii) granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED** this 4th day of November 2025.

/s/ *R. Scott Shuker*
R. Scott Shuker
Florida Bar No. 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Tel: (407) 337-2060
Fax: (407) 337-2050
*Attorneys for Debtors*

# CERTIFICATE OF SERVICE

☒ **Served via Notice of Electronic Filing (NEF):** The undersigned verifies that the **DEBTORS' SECOND MOTION FOR FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING** was served via NEF on November 4, 2025, to the below-listed person(s) and entities:

- Noel R. Boeke on behalf of Creditor Frankel Media Group LLC
  noel.boeke@hklaw.com, danielle.decker@hklaw.com;hapi@hklaw.com

- John Blair Boyd on behalf of Creditor Florida Credit Union
  bk@svllaw.com, blairb@svllaw.com

- Scott Wallace Cichon on behalf of Creditor Celebration Pointe Community Development District #1
  Scott.Cichon@CobbCole.com, Bonnie.Rubino@CobbCole.com

- John D. Elrod on behalf of Creditor U.S. Bank, N.A., as Indenture Trustee
  elrodj@gtlaw.com, fieldss@gtlaw.com

- Lara Roeske Fernandez on behalf of Interested Party Kenneth R. McGurn and Linda C. McGurn
  lfernandez@trenam.com, mwoods@trenam.com;mmosbach@trenam.com;mspivak@trenam.com;lfernandez@ecf.courtdrive.com;mwoods@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com

- Daniel Raymond Fogarty on behalf of Creditor Catalyst Income Fund 2022-A1, LLC
  dfogarty.ecf@srbp.com

- Matthew Blake Hale on behalf of Creditor Catalyst Income Fund 2022-A1, LLC
  mhale.ecf@srbp.com

- Kenneth D. Herron, Jr on behalf of Interested Party Svein Dyrkolbotn
  chip@herronhilllaw.com

- Suzanne Hill on behalf of Creditor Florida Department of Transportation
  shill@rumberger.com, shillsecy@rumberger.com;docketingorlando@rumberger.com

- Zachary P Hyman on behalf of Creditor ICEBERG CAPITAL PARTNERS, III, LLC
  zach@millenniallaw.com, assistant@millenniallaw.com,jessica@millenniallaw.com,4619041420@filings.docketbird.com

- Inez M Markovich on behalf of Creditor PFM Financial Advisors LLC
  imarkovich@mccarter.com

- Paul Nicholas Mascia on behalf of Creditor Arcis Real Estate Secured Fund II, L.P.
  pmascia@nardellalaw.com

- Conor McLaughlin on behalf of U.S. Trustee United States Trustee
  conor.mclaughlin@usdoj.gov

- Jose Moreno on behalf of Creditor EDA Consultants Inc
  jimoreno@bellsouth.net, ruizcalderondr64903@notify.bestcase.com

- Michael Anthony Nardella on behalf of Creditor Arcis Real Estate Secured Fund II, L.P.
  mnardella@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com

- David E. Peterson on behalf of Creditor MAINSTREET BANK
  david.peterson@lowndes-law.com

- Charles A. Postler on behalf of Creditor Catalyst Income Fund 2022-A1, LLC
  cpostler.ecf@srbp.com, cpostler@srbp.com

- Leanne McKnight Prendergast on behalf of Creditor Gainesville PropCo, LLC
  leanne.prendergast@pierferd.com, tcopeland@smithhulsey.com

- Michael Stephen Provenzale on behalf of Creditor MAINSTREET BANK
  michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com;litcontrol@lowndes-law.com

- Nicholas V. Pulignano, Jr on behalf of Interested Party Alachua County Tax Collector
  nvp@marksgray.com

- Shane Gibson Ramsey on behalf of Interested Party Patricia A. Shively
  shane.ramsey@nelsonmullins.com, linnea.hann@nelsonmullins.com;jada.predergast@nelsonmullins.com

- Lauren Marie Reynolds on behalf of Creditor James B. Euliano, Trustee, and Neil R. Euliano, Trustee
  lreynolds@whww.com, scolgan@whww.com;mbretana@whww.com;mbretana@ecf.courtdrive.com

- Bradley M. Saxton on behalf of Creditor James B. Euliano, Trustee, and Neil R. Euliano, Trustee
  bsaxton@whww.com, scolgan@whww.com;mbretana@whww.com;mbretana@ecf.courtdrive.com

- Steven Jon Solomon on behalf of Interested Party Birge & Held Asset Management, LLC
  steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com;Jodi.Payne@gray-robinson.com

- Sharon T. Sperling on behalf of Creditor Jon Guven
  sharon@sharonsperling.com, share.sharonsperling@gmail.com;info@sharonsperling.com;6702@notices.nextchapterbk.com

13

- Mark E Steiner on behalf of Interested Party TRUIST BANK
  MES@lgplaw.com, pm@lgplaw.com

- Jesse Ellsworth Summers, Jr on behalf of Creditor Vystar Credit Union
  esummers@burr.com, sguest@burr.com

- James Timko on behalf of Creditor ARCISCAP CELEBRATION POINTE INVESTMENT (B.V.I.) LIMITED
  jtimko@deanmead.com, mgodek@deanmead.com

- Dylan Trache on behalf of Interested Party Patricia A. Shively
  dylan.trache@nelsonmullins.com

- United States Trustee
  USTPRegion21.TL.ECF@usdoj.gov

- Jeffrey Wayne Warren on behalf of Interested Party Millennium Bank
  jwarren@bushross.com,
  bankruptcy.eservice@bushross.com;jwarren@ecf.courtdrive.com

- Richard Scott Williams on behalf of Creditor Florida Department of Transportation
  swilliams@rumberger.com

- David C Willis on behalf of Creditor Florida Department of Transportation
  dwillis@rumberger.com,
  dwillissecy@rumberger.com;docketingorlando@rumberger.com

☒  Additionally, a true and correct copy of the foregoing will also be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon, and a separate declaration or proof of service will be separately filed, which will include the mailing list of all parties served.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *R. Scott Shuker*
R. Scott Shuker, Esq.