# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION
### www.flnb.uscourts.gov

In re:

| | |
|---|---|
| **CELEBRATION POINTE HOLDINGS, LLC** | Case No. 24-10056-KKS |
| **CELEBRATION POINTE HOLDINGS II, LLC** | Case No. 24-10057-KKS |
| **SHD-CELEBRATION POINTE, LLC** | Case No. 24-10058-KKS |
| | Chapter 11 |
| **Debtors.** | *Joint Administration under Case No. 24-10056-KKS* |
| _____ / | |

## [*Proposed*] FINAL ORDER GRANTING DEBTORS' SECOND MOTION FOR FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING [ECF NO. [xx]]

**THIS CASE** came before the Court at the final hearing held on November 18, 2025, at 1:30 p.m. (Eastern Time) (the "Final Hearing") upon the *Debtors' Second Motion for Final Order Authorizing Debtors to Obtain Post-Petition Financing* (the "Second DIP Motion", ECF No. [xx]). Upon consideration of the Second DIP Motion and the evidence and arguments of counsel presented at the Final Hearing, noting that all objections, if any, to the entry of this Final DIP Order having been

1

## *Exhibit B - Proposed Final DIP Order*

withdrawn, resolved, or overruled by this Court, the Court finds that good and sufficient cause exists for granting the Second DIP Motion.

**THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    **Petition Date**. On March 14, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. By Order entered March 22, 2024, Debtors' respective matters were consolidated for joint administration under Case No. 24-10056 (this "Case") before this Court. (ECF No. 17). The Debtors continue to operate their businesses in this Case as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

B.    **Jurisdiction and Venue**. This constitutes a core proceeding under 28 U.S.C. § 157(b)(2). This Court has jurisdiction to hear the Second DIP Motion pursuant to 28 U.S.C. § 1334 and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    **Notice**. Notice of the Second DIP Motion and the Final Hearing, as provided by the Debtors, constitutes due, sufficient, and appropriate notice and complies with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001(b), and 9014. And no further notice need be given to grant the relief herein (the "Final DIP Order");

***Exhibit B - Proposed Final DIP Order***

D.  **Necessity of Debtor-in-Possession Financing**. An immediate need exists for the Debtors to obtain funds to pay ongoing operating expenses and to administer and preserve the value of the estates in this Case. In the absence of the financing to be provided under the Second DIP Facility (as that term is defined in the Second DIP Motion), the Debtors would be unable to continue funding expenses needed to operate the businesses or preserve assets. Without such financing, immediate and irreparable harm would come to the Debtors, the estates, and their creditors. Accordingly, the relief requested in the Second DIP Motion under Sections 105, 361, 362, 363, 364, 507, and 545 of the Bankruptcy Code[1] and Bankruptcy Rule[2] 4001, is in the best interest of the Debtors and their respective estates and otherwise necessary to avoid immediate and irreparable harm to the respective estates;

E.  **DIP Loan**. The Debtors seek authorization in the Second DIP Motion to obtain credit and incur debt on an unsecured basis (the "Second DIP Loan") pursuant to Section 364(b) of the Bankruptcy Code and the terms and conditions of the agreement by and between Patricia Shively (the "DIP Lender") and Debtors evidencing the Second DIP Loan, including without limitation the Debtors in

---

[1] "Bankruptcy Code" refers to 11 U.S.C. §§ 101–1532 (2025).
[2] "Bankruptcy Rule(s)" refers to the Federal Rules of Bankruptcy Procedure (2025).

*Exhibit B - Proposed Final DIP Order*

Possession Promissory Note ("DIP Note") and Escrow Agreement (collectively, the "Second DIP Loan Documents"),[3] generally described as follows:

1. The Second DIP Loan will be in the maximum principal amount of up to $1,600,000, provided as a line of credit to Debtors, as necessary, plus allowed use of the DIP Rollover funds (as that term is defined in the Second DIP Motion);

2. The Second DIP Loan shall be unsecured.

3. The Second DIP Loan shall be an allowed administrative expense claim under Section 364(b) of the Bankruptcy Code.

4. The Second DIP Loan shall be solely used for the following: (i) professional fees and expenses of the Debtors; (i) professional fees and expenses of the Debtors; (ii) operating expenses of the Debtors and the Debtors and special purpose entities ("SPEs") owned by Debtors; (iii) fees and expenses of the Chief Restructuring Officer (CRO); and (iv) other agreed-on uses.

5. The Budget attached as **Exhibit 1**, and incorporated by reference, sets forth the details for the use of the Second DIP Facility for the 13-Week period beginning on November 16, 2025, through February 15, 2026. The following variances to the Budget are allowed at the discretion of the CRO:

---

[3] The form of DIP Note and Escrow Agreement are attached as **Exhibits 2** and **3** to the Interim Order.

4

## Exhibit B - Proposed Final DIP Order

(i) preapproval to move funds within 15% from one category to another within the Budget; and (ii) no limits on monthly payment changes provided that such total is below Budget.

6. The Second DIP Loan shall not accrue interest except following an event of default.

7. The Second DIP Loan may be prepaid without penalty.

8. The Second DIP Loan shall mature upon the earliest of (the "Maturity Date"): (i) one hundred eighty (180) days from the entry of the Final DIP Order; or (ii) acceleration of the Second DIP Loan following an event of default.

F. **No Credit Available on More Favorable Terms**. The Debtors are unable to obtain, on more favorable terms and conditions that those set forth in the Second DIP Motion and this Final DIP Order.

G. **Business Judgment and Good Faith Pursuant to Section 364(e)**. Subject to the rights of any party to object to entry of the Final Order, the terms and conditions of the Second DIP Loan, as set forth in the Second DIP Motion: (1) are fair, reasonable, and the best available under the circumstances; (2) reflect the Debtors' exercise of prudent business judgment consistent with its fiduciary duties; and (3) are supported by reasonably equivalent value and consideration. The Second DIP Loan was negotiated in good faith and at arm's-length between the Debtors and

**_Exhibit B - Proposed Final DIP Order_**

DIP Lender. The DIP Lender has indicated its willingness to provide debtor-in-possession financing to the Debtor pursuant to the Second DIP Motion. The funds to be extended under the Second DIP Loan will be extended by the DIP Lender in good faith, and for valid business purposes and uses by the Debtors. As a result, the DIP Lender is entitled to the protection and benefits afforded by Section 364(e) of the Bankruptcy Code. Specifically, the DIP Lender's claims, and other protections granted pursuant to this Final DIP Order will not be affected by any subsequent reversal, modification, vacatur, or amendment of this Final DIP Order or the Final DIP Order or any other order, as provided in Section 364(e).

H. **Relief Essential; Best Interests**. The relief requested in the Second DIP Motion and granted by this Final DIP Order is necessary, essential, and appropriate for the continued operation of the Debtors' businesses and management and preservation of the estates, and to avoid immediate and irreparable harm to the estate as contemplated by Bankruptcy Rule 4001. It is in the best interests of the estates, the creditors, equity holders, and all other parties in interest that the Debtors are allowed to obtain credit under the Second DIP Loan in accordance with this Final DIP Order.

I. **Entry of Final DIP Order**. For the reasons stated above, the Debtors have requested and is entitled to immediate entry of this Final DIP Order pursuant to Rule 4001(c)(2).

## *Exhibit B - Proposed Final DIP Order*

**NOW, THEREFORE**, based upon the Second DIP Motion and the record before this Court, and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. **Motion Granted**. The Second DIP Motion is granted to the extent provided in this Final DIP Order.

2. **Objections**. Any objections to the Second DIP Motion to extent not withdrawn, waived, or otherwise resolved, and all reservations of rights included therein, if any, are hereby denied and overruled.

3. **Authorization and Use of Second DIP Loan**. Debtors are authorized to borrow from the DIP Lender and use the Second DIP Loan funds as set forth in the Budget attached as **Exhibit 1**, subject to the following variances allowed at the discretion of the CRO: (i) preapproval to move funds within 15% from one category to another within the Budget; and (ii) no limits on monthly payment changes provided that such total is below Budget.

4. **DIP Loan Priority**. Effective immediately upon the entry of this Final DIP Order, as adequate protection and security for the DIP Lender, and as provided in the Second DIP Motion, the Second DIP Loan shall be entitled to an allowed administrative expense claim under Section 364(b) of the Bankruptcy Code. The Second DIP Loan shall be unsecured and not subject to a perfected security interest on any property of the Debtors' estates.

**Exhibit B - Proposed Final DIP Order**

5. **Modification of the Automatic Stay**. The automatic stay imposed under Section 362(a) of the Bankruptcy Code is hereby modified as necessary to (a) permit the Debtors to grant the Second DIP Loan's administrative expense priority and to incur all liabilities and obligations to the DIP Lender in connection with the Second DIP Loan and this Final DIP Order; (b) authorize the DIP Lender to retain and apply any payments made by the Debtors; and (c) to otherwise permit the parties to carry out the intent and purpose of this Final DIP Order.

6. **Enforceable Obligations/DIP Loan Documents**. The Second DIP Loan, the Second DIP Loan Documents, and this Final DIP Order shall constitute and evidence the valid and binding obligations of the Debtors, which obligations shall be enforceable in accordance with their terms against the Debtors, the estates, and any successors thereto. The Debtors are authorized and directed to execute the Second DIP Loan Documents.

7. **Financial Reporting**. The Debtors shall regularly and promptly provide the DIP Lender with all financial and other reporting reasonably requested.

8. **Maturity Date**. Debtors' obligation to repay the Second DIP Loan in full shall occur on the earlier of: (i) one hundred eighty (180) days from the entry of this Final DIP Order; or (ii) acceleration of the Second DIP Loan following an event of default.

### *Exhibit B - Proposed Final DIP Order*

9. **Events of Default**. The following events shall be deemed an "Event of Default" under the Second DIP Loan:

    a.    Conversion of the Case to Chapter 7;

    b.    Dismissal of the Case;

    c.    Appointment of a Chapter 11 Trustee;

    d.    Resignation of the CRO;

    e.    Failure to pay the Second DIP Loan on or before the Maturity Date; and

    f.    Use of Second DIP Loan funds during the Interim Period for purposes other than explicitly permitted under this Final DIP Order.

10. **Rights and Remedies Following Event of Default**. Upon the occurrence of an Event of Default continuing for more than ten (10) days following written notice of an event of default by the DIP Lender, the DIP Lender may take the following actions:

    a.    Declare all funds extended under the Second DIP Loan to be immediately due and payable;

    b.    Terminate the Second DIP Loan as to any future extension of credit;

    c.    Exercise any rights and remedies available under the Second DIP Loan Documents or otherwise at law or equity.

11. **Proofs of Claim**. The DIP Lender will not be required to file a proof of claim in this Case or in any successor Case concerning the Second DIP Loan.

12. **Survival of this Final DIP Order**. The provisions of this Final DIP Order and any actions taken pursuant thereto shall survive entry of any order entered

***Exhibit B - Proposed Final DIP Order***

(a) confirming any chapter 11 plan in this jointly administered Case, (b) converting this Case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing this Case, (d) withdrawal of the reference of any of this Case from the Bankruptcy Court, or (e) providing for abstention from handling or retaining jurisdiction of any of this Case from the Bankruptcy Court. The terms and provisions of this Final DIP Order, including the allowed administrative claim granted pursuant to this Final DIP Order and the Second DIP Loan Documents and any other protections granted to the DIP Lender, shall continue in full force and effect notwithstanding the entry of such order.

13. **Survival and Continuing Rights of DIP Lender**. Subject to the provisions of the Second DIP Loan Documents and this Final DIP Order, unless and until all proceeds under the Second DIP Loan are indefeasibly paid in cash in full and discharged, or other arrangements for payment of such amounts satisfactory to the DIP Lender (in its sole discretion) have been made, the protections afforded the DIP Lender pursuant to this Final DIP Order and under the Second DIP Loan Documents, and any actions taken by DIP Lender pursuant thereto, shall survive the entry of any order confirming a chapter 11 plan or converting this Case into a case under chapter 7 of the Bankruptcy Code, and the DIP Lender's allowed administrative claim shall continue in the Case and in any other successor case, and the DIP Lender shall maintain its priority as provided by this Final DIP Order.

## *Exhibit B - Proposed Final DIP Order*

14. **Binding Effect.** This Final DIP Order, including any findings of fact and conclusions of law, shall be binding on and shall inure to the benefit of the DIP Lender, Debtors, their estates, and their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtors) whether in this Case, in any successor case, or upon dismissal of any such chapter 11 or chapter 7 case.

15. **Headings**. The headings in this Final DIP Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Final DIP Order.

16. **No Waiver**. The failure of the DIP Lender to seek relief or otherwise exercise its rights and remedies under the Second DIP Loan Documents, this Final DIP Order, or otherwise, as applicable, shall not constitute a waiver of any of the DIP Lender's rights hereunder, thereunder, or otherwise.

17. **No Third-Party Rights**. Except as explicitly provided for herein, this Final DIP Order does not create any rights for the benefit of a third-party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

18. **Amendment**. Except as set forth herein, the Second DIP Loan Documents may not be modified in any material respect without further order of the Bankruptcy Court.

***Exhibit B - Proposed Final DIP Order***

19. **Inconsistency.** In the event of any inconsistency between the terms and conditions of the Second DIP Loan Documents and of this Final DIP Order, the provisions of this Final DIP Order shall govern and control.

20. **Enforceability.** This Final DIP Order shall constitute findings of fact and conclusions of law pursuant to Rule 7052 and shall take effect and be fully enforceable immediately upon execution hereof.

21. **Waiver of any Applicable Stay.** Any applicable stay, including, without limitation, under Bankruptcy Rule 6004(h) is hereby waived and shall not apply to this Final DIP Order.

22. **Retention of Jurisdiction.** The Bankruptcy Court has and will retain jurisdiction to enforce this Final DIP Order according to its terms.

**DONE AND ORDERED on** _____.

_____
**KAREN K. SPECIE**
**Chief U.S. Bankruptcy Judge**

Order Prepared By:
R. Scott Shuker, Esq.
Florida Bar No. 0984469
rshuker@shukerdorris.com
SHUKER & DORRIS, P.A.
121 S. Orange Ave., Suite 1120
Orlando, Florida 32801
Telephone: 407-337-2060
*Attorneys for the Debtors*

# # #

Attorney R. Scott Shuker, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within three (3) business days of entry of the order.

# *Exhibit B - Proposed Final DIP Order*