UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:

CELEBRATION POINTE                          Case No. 24-10056-KKS
HOLDINGS, LLC,

CELEBRATION POINTE                          Case No. 24-10057-KKS
HOLDINGS II, LLC,

SHD-CELEBRATION POINTE,                      Case No. 24-10056-KKS
LLC

                                            Chapter 11

                                            *Jointly Administered under*
              Debtors.                       *Case No. 24-10056-KKS*
_____/

**SYNARTIS CREDITORS' OBJECTION
TO APPROVAL OF AMENDED DISCLOSURE
STATEMENT FOR JOINT AMENDED PLAN OF LIQUIDATION**

Creditors, Synartis Capital Management, LLC; Catalyst Synartis MF B Series

MF 2A-2022, LLC;  Catalyst Income Fund 2022-A1, LLC; Catalyst Synartis MF B

Series Condo 3A-2023, LLC; Synartis Income Fund, LLC; and Catalyst Synartis CP

Master 4A-2023, LLC (collectively, the "**Synartis Creditors**"), object to the

approval of the Amended Disclosure Statement (Doc. No. 494) (the "**Amended**

**Disclosure Statement**") for the Joint Amended Plan of Liquidation (Doc. No. 493)

(the "**Amended Plan**")[1] filed on March 2, 2026 by the Debtors.

Because, like the prior disclosure statements, the Amended Disclosure

Statement contains too many informational failures and supports an Amended Plan

that like the prior plans has too many structural failures, the Court should deny

approval of the Amended Disclosure Statement. In summary, as stated in their prior

disclosure statement objection (Doc. No. 210), which is incorporated by reference

herein, the Synartis Creditors object to the approval of the Amended Disclosure

Statement for, among other grounds, the following reasons:

1.      **Sale of non-Debtors' properties free and clear**. The Amended Plan

purports to treat non-Debtors' property as property of the estates, and provides that

the sale of such non-Debtors' property is free and clear, without including any

appropriate legal mechanism allowing the Court to ignore the separateness of the

entities, order a sale of the non-Debtors' assets free and clear of liens against those

non-Debtors' properties, or to satisfy the liens through an appropriate mechanism.

The Synartis Creditors, owed a principal balance of over $34 million, are secured by

junior mortgages on Celebration Pointe real estate (primarily owned by non-Debtor

SPEs), in addition to equity pledges for two of the Debtors. The Synartis Creditors'

---

[1] The Amended Disclosure Statement and Amended Plan amend the Disclosure Statement (Doc. No. 464) and the Joint Plan of Liquidation (Doc. No. 463).

obligations are also guaranteed by Svein Dyrkolbotn, Patricia Shively, and a trust over which Patricia Shively serves as trustee. The Amended Disclosure Statement does not describe the values of the various real estate to be sold, does not have a mechanism to value such real estate, and purports somehow to modify valid liens and encumbrances against the non-Debtors entities over which this Court has no jurisdiction.

2.     **Transfer of equity interests subject to valid pledges**. Much of the proposed treatment of classes of secured claims in the Amended Plan entails a transfer of interests held by non-Debtors in the entities identified as the SPEs. The treatment of the equity class, Class 32, provides for the transfer of all Interests in the Debtors to the Liquidating Trust. The Synartis Creditors have valid and existing pledges covering some of those interests, and the Debtors cannot modify those pledges through their bankruptcy cases, because the interests are not property of the Debtors' estates. The Amended Disclosure Statement contains no discussion or treatment of how those provisions of the Amended Plan could be accomplished.

3.     **Inappropriate Opt-Out Release Provisions**. The prior plan and disclosure statement continued the Debtors' attempts to give Ms. Shively and her trust a non-consensual third party release that is plainly barred by Purdue Pharma. The Amended Disclosure Statement now suggests an opt-out, although combined with a death trap presented to creditors with guaranty claims against Ms. Shivley

and her trust.[2] The Amended Disclosure Statement, however, does not include a ballot form, so the Court cannot determine whether the purported release provisions meet the requirements of applicable law. The Amended Disclosure Statement does not include any discussion of the appropriateness of the death trap provisions of the Amended Plan and the third party release of contractual guaranty claims held by creditors against a non-debtor. Furthermore, the release language in the Amended Plan does not appear to have been updated to account for an opt-out structure – opt-out creditors should not be subject to <u>any</u> injunctions under these circumstances.

4.      **Failure to Provide Information Supporting the Release to All Parties Subject to the Opt-Out**. The Amended Disclosure Statement discloses that the Debtors have a data room containing information necessary for certain claimants to evaluate the release (Doc. No. 494-1). That information should be provided to all creditors with guaranty claims to evaluate the Amended Plan's third party release provisions.

5.      **Tax Consequences**. "Adequate information" under § 1125(a) includes "a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders

---

[2] *See In re Affordable Auto Repair, Inc.*, No. 6:19-BK-18367-MW, 2020 WL 6991012, at *1 (Bankr. C.D. Cal. Sept. 2, 2020) (describing "death trap" provisions as ones that "penalize creditors voting to reject a chapter 11 plan and reward creditors voting to accept a chapter 11 plan by providing more generous dividends to those who vote to accept the plan and less generous dividends to those who vote to reject the plan.")

of claims or interests in the case." The Amended Disclosure Statement contains no discussion of the tax consequences to the Debtors, the SPEs, the Liquidating Trust, Shively, or any other constituent in the bankruptcy cases for the various transactions proposed under the Amended Plan. This is particularly glaring where the Amended Plan purports to transfer properties not owned by the Debtors or to have the Liquidating Trust accept properties or interests not owned by the Debtors and subject to existing liens and encumbrances, including but not limited to the transfer of equity interests in the Debtors to the Liquidating Trust.

6.      **Discharge Provisions and References to Reorganized Debtors**. Among numerous other ambiguities in the amendments, the Amended Plan is a liquidating plan, yet the Amended Plan still contains a discharge provision, and refers to the Debtors after confirmation as the "Reorganized Debtors."

For these reasons, and others too numerous to detail here, the Amended Disclosure Statement should not be approved.

### RESERVATION OF RIGHTS

The Synartis Creditors reserve all rights to object to confirmation of the Amended Plan, including on grounds not raised in this objection, and to object to any amendments to the Amended Disclosure Statement, if any are made.

WHEREFORE, the Synartis Creditors request that the Court deny approval of the Amended Disclosure Statement and grant such other and further relief the Court deems just and proper.

DATED: March 3, 2026.

/s/ Daniel R. Fogarty
Charles A. Postler (FBN 455318)
Matthew B. Hale (FBN 110600)
Daniel R. Fogarty (FBN 0017532)
**STICHTER, RIEDEL, BLAIN
& POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, FL  33602
Telephone: (813) 229-0144
Email:  cpostler@srbp.com
         mhale@srbp.com
         dfogarty@srbp.com
Attorneys for Synartis Creditors

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2026, a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive Notices of Electronic Filing and on March 4, 2026 by U.S. mail to the Debtors at the addresses listed below.

Service via Notice of Electronic Filing:
Noel R. Boeke on behalf of Creditor Frankel Media Group LLC
noel.boeke@hklaw.com, danielle.decker@hklaw.com;hapi@hklaw.com
John Blair Boyd on behalf of Creditor Florida Credit Union
bk@svllaw.com, blairb@svllaw.com
Scott Wallace Cichon on behalf of Creditor Celebration Pointe Community Development District #1
Scott.Cichon@CobbCole.com, Bonnie.Rubino@CobbCole.com
John D. Elrod on behalf of Creditor U.S. Bank, N.A., as Indenture Trustee
elrodj@gtlaw.com, fieldss@gtlaw.com
Lara Roeske Fernandez on behalf of Interested Party Kenneth R. McGurn and Linda C. McGurn
lfernandez@trenam.com,
mwoods@trenam.com;mmosbach@trenam.com;mspivak@trenam.com;lfernandez@ecf.courtdrive.com;mwoods@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com
Daniel Raymond Fogarty on behalf of Creditor Catalyst Income Fund 2022-A1, LLC
dfogarty.ecf@srbp.com
Michael C Foster on behalf of Interested Party Ad Hoc Member Committee of GNV RE CP FUND, LLC
michael@youngfoster.com
Matthew Blake Hale on behalf of Creditor Catalyst Income Fund 2022-A1, LLC
mhale.ecf@srbp.com
Kenneth D. Herron, Jr on behalf of Interested Party Svein Dyrkolbotn
chip@herronhilllaw.com
Suzanne Hill on behalf of Creditor Florida Department of Transportation
shill@rumberger.com,
shillsecy@rumberger.com;docketingorlando@rumberger.com
Zachary P Hyman on behalf of Creditor ICEBERG CAPITAL PARTNERS, III, LLC
zach@millenniallaw.com,
veronica@millenniallaw.com,jessica@millenniallaw.com,zach@ecf.courtdrive.co

m,veronicaleon@ecf.courtdrive.com
Jason Zachary Jones on behalf of Interested Party Ad Hoc Member Committee of GNV RE CP FUND, LLC
jjones@joneslawpa.com
Inez M Markovich on behalf of Creditor PFM Financial Advisors LLC
imarkovich@mccarter.com
Paul Nicholas Mascia on behalf of Creditor Arcis Real Estate Secured Fund II, L.P.
pmascia@nardellalaw.com
Conor McLaughlin on behalf of U.S. Trustee United States Trustee
conor.mclaughlin@usdoj.gov
Jose Moreno on behalf of Creditor EDA Consultants Inc
jimoreno@bellsouth.net, ruizcalderondr64903@notify.bestcase.com
Michael Anthony Nardella on behalf of Creditor Arcis Real Estate Secured Fund II, L.P.
mnardella@nardellalaw.com, klynch@nardellalaw.com;msayne@nardellalaw.com
David E. Peterson on behalf of Creditor MAINSTREET BANK
david.peterson@lowndes-law.com
Charles A. Postler on behalf of Creditor Catalyst Income Fund 2022-A1, LLC
cpostler.ecf@srbp.com, cpostler@srbp.com
Leanne McKnight Prendergast on behalf of Creditor Gainesville PropCo, LLC
leanne.prendergast@pierferd.com, tcopeland@smithhulsey.com
Michael Stephen Provenzale on behalf of Creditor MAINSTREET BANK
michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com;litcontrol@lowndes-law.com
Nicholas V. Pulignano, Jr on behalf of Interested Party Alachua County Tax Collector
nvp@marksgray.com
Shane Gibson Ramsey on behalf of Interested Party Patricia A. Shively
shane.ramsey@nelsonmullins.com, linnea.hann@nelsonmullins.com;jada.predergast@nelsonmullins.com
Lauren Marie Reynolds on behalf of Creditor James B. Euliano, Trustee, and Neil R. Euliano, Trustee
lreynolds@whww.com, scolgan@whww.com;mbretana@whww.com;mbretana@ecf.courtdrive.com
Bradley M. Saxton on behalf of Creditor James B. Euliano, Trustee, and Neil R. Euliano, Trustee
bsaxton@whww.com, scolgan@whww.com;mbretana@whww.com;mbretana@ecf.courtdrive.com
Robert Scott Shuker on behalf of Debtor Celebration Pointe Holdings II, LLC
rshuker@shukerdorris.com,

mfranklin@shukerdorris.com;bkry@shukerdorris.com;atillman@shukerdorris.com;lstricker@shukerdorris.com

Steven Jon Solomon on behalf of Interested Party Birge & Held Asset Management, LLC
steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com;Jodi.Payne@gray-robinson.com

Sharon T. Sperling on behalf of Creditor Jon Guven
sharon@sharonsperling.com, share.sharonsperling@gmail.com;info@sharonsperling.com;6702@notices.nextchapterbk.com

Mark E Steiner on behalf of Interested Party TRUIST BANK
MES@lgplaw.com, pm@lgplaw.com

Lauren Stricker on behalf of Debtor Celebration Pointe Holdings II, LLC
lstricker@shukerdorris.com, rshuker@shukerdorris.com;mfranklin@shukerdorris.com;lstricker@shukerdorris.com;mdorris@shukerdorris.com;atillman@shukerdorris.com;wtownsend@shukerdorris.com

Jesse Ellsworth Summers, Jr on behalf of Creditor Vystar Credit Union
esummers@burr.com, sguest@burr.com

James Timko on behalf of Creditor ARCISCAP CELEBRATION POINTE INVESTMENT (B.V.I.) LIMITED
jtimko@deanmead.com, mgodek@deanmead.com

Dylan Trache on behalf of Interested Party Patricia A. Shively
dylan.trache@nelsonmullins.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Jeffrey Wayne Warren on behalf of Interested Party Millennium Bank
jwarren@bushross.com, bankruptcy.eservice@bushross.com;jwarren@ecf.courtdrive.com

Richard Scott Williams on behalf of Creditor Florida Department of Transportation
swilliams@rumberger.com

J. Robert Williamson on behalf of Creditor Jon Guven
rwilliamson@swlawfirm.com

David C Willis on behalf of Creditor Florida Department of Transportation
dwillis@rumberger.com, dwillissecy@rumberger.com;docketingorlando@rumberger.com

Service via U.S. Mail:

<u>Debtors:</u>

Celebration Pointe Holdings, LLC
Celebration Pointe Holdings, II, LLC
SHD-Celebration Pointe, LLC
5001 Celebration Pointe Ave., Suite 180
Gainesville, FL 32608

Debtor's Counsel:
Robert Scott Shuker
Lauren Stricker
Shuker & Dorris, PA
121 S. Orange Avenue, Suite 1120
Orlando, FL 32801

/s/ Daniel R. Fogarty
Daniel R. Fogarty