UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

In re:

CELEBRATION POINTE HOLDINGS, LLC          Case No. 24-10056-KKS
CELEBRATION POINTE HOLDINGS II, LLC       Case No. 24-10057-KKS
SHD-CELEBRATION POINTE HOLDINGS, LLC       Case No. 24-10058-KKS

                                          Chapter 11

                                          *Joint administration under*
                    Debtors.              *Case No. 24-10056-KKS*

_____/

**DECLARATION IN SUPPORT OF MOTION TO QUASH RULE 2004 SUBPOENA AND
FOR A PROTECTIVE ORDER**

I, Darin L. Buchalter, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am over the age of eighteen, have personal knowledge of the matters stated herein, and if called to do so could and would testify competently to the following

1.      I am the Chief Executive Officer of Delta Consulting Group, Inc. ("Delta"), which has been engaged as financial advisor to Patricia A. Shively ("Shively") in connection with the above-captioned jointly administered cases (the "Cases"). I submit this Declaration in support of Shively's Reply in Support of Her Motion to Quash Rule 2004 Subpoena and for a Protective Order (the "Reply") and the underlying Motion [Docket No. 559] (the "Motion"). The factual statements made in this Declaration are based on my personal knowledge.

2.      On March 14, 2024, Celebration Pointe Holdings, LLC ("CPH"), Celebration Pointe Holdings II, LLC ("CPH II"), and SHD-Celebration Pointe, LLC ("SHD" and collectively with CPH and CPH II, the "Debtors") filed Chapter 11 bankruptcy in the United States

4912-9549-7651 v.3

Bankruptcy Court for the Northern District of Florida (collectively, the "Bankruptcy Actions").[1]

3.        Delta was engaged on or about April 26, 2025 to assist Ms. Shively with various matters including the Bankruptcy Actions.    I am familiar with the records Delta maintains regarding the services its professionals render, including contemporaneous records of the time spent on particular tasks. Based on those records and my personal involvement, I have knowledge of the work Delta has performed in connection with the Cases and of the resources that compliance with the Subpoena would require.

4.        Since that time, Delta has been in communications with the Debtors and other parties in interest regarding the resolution of the Bankruptcy Actions, to include potentially confirming a plan of liquidation, and proposed consideration to be paid by Ms. Shively.  Such communications were regular.

5.        I have reviewed the Rule 2004 subpoena served on Shively by U.S. Bank Trust Company, National Association, as Indenture Trustee (the "Indenture Trustee"), which is the subject of the Motion (the "Subpoena"). The Subpoena contains seventy-seven (77) separate document Requests and is directed to Shively, an individual who is not a debtor and not a party to any contested matter or adversary proceeding in the Cases.

6.        As I understand them, the Subpoena's Requests fall into three general categories: (i) Requests directed at Shively's personal assets and financial condition; (ii) Requests directed at causes of action addressed under the proposed Plan; and (iii) Requests directed at the conduct and circumstances surrounding the Plan. A substantial number of the Requests demand "all communications" between Shively and broad, open-ended categories of persons and entities, without limitation as to subject matter beyond the category description. Several of the seventy-

---

[1] Those cases are styled: *In re: Celebration Pointe Holdings, LLC*, Case No. 24-10056-KKS in the United States Bankruptcy Court for the Northern District of Florida, *In re: Celebration Pointe Holdings II, LLC*, Case No. 24-10057-KKS, and *In re: SHD-Celebration Pointe, LLC*, Case No. 24-10058-KKS in the United States Bankruptcy Court for the Northern District of Florida.

Page **2** of **5**

4912-9549-7651 v.3

seven Requests seek "all communications" or "all documents and communications" with one or more enumerated categories of persons, including categories with whom Delta has communicated on Shively's behalf.

7.    Several Requests demand comprehensive personal financial records spanning a multi-year period. By way of example, Request No. 9 demands personal financial records of Shively, a non-party, from January 2022 to the present—a period exceeding four years—without limitation tied to the amount or timing of the plan contribution actually at issue. Other requests involve issues with analytical complexity such as the value of the properties held by Shively, Shively's affiliates and/or the Debtors.  Compliance with the Subpoena as served would require the identification, collection, processing, and review of materials from various sources, including Delta's engagement files and correspondence, email accounts, cloud-based storage, and data repositories controlled by Shively's counsel. Based on a preliminary assessment, the "all communications" Requests and the multi-year financial Requests would require review of over 4,300 email messages in my possession alone, with at least an equal number among members of my company, for responsiveness and confidentiality before any production could be made.

8.    Based on my experience and Delta's records, I estimate that collecting, reviewing, and producing documents responsive to the Subpoena as served would require Delta to expend approximately 1,500 hours of professional time and to incur at least $1.2 million in fees and expenses. This estimate reflects Delta's own compliance effort and does not include the time or expense of counsel's review of those materials for privilege, the preparation of a privilege log, or the time and expense already incurred in connection with the Subpoena, the Motion, and the Reply. In my experience as a financial advisor, the hours described above are reasonable and customary for a collection, analysis and review effort of this scope.

9.    The burden described above arises principally from the Subpoena's "all communications" Requests and its multi-year sweep of personal financial records, rather than

4912-9549-7651 v.3

from the production of documents concerning Shively's financial condition and ability to fund the Plan, which is comparatively targeted and limited.

10.    On May 21, 2026, Shively produced to the Indenture Trustee documents concerning her financial condition. To date, Shively has voluntarily produced 134 documents exceeding 2,000 pages substantiating her assets and her ability to make the payments proposed under the Plan—the same materials made available to the lenders who executed confidentiality agreements. Shively remains ready and willing to produce additional responsive, non-privileged documents concerning her financial condition and ability to fund the Plan on a reasonable schedule in advance of the Confirmation Hearing currently set for July 14, 2026.

11.    Delta maintains the electronic data room established in connection with the Cases. Following entry of the Confidentiality Protective Order in the Cases, the Indenture Trustee was granted full access to review the documents maintained in that data room and has had that full access since May 10, 2026.

12.    The materials to which Shively has provided access, and which she stands ready to supplement, concern her financial condition and ability to fund the Plan. The undue burden described herein does not arise from that targeted category of production. It arises from the Subpoena's remaining Requests, which demand "all communications" with sweeping categories of persons untethered to any confirmation issue and comprehensive personal financial records spanning more than four years.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY BLANK.
SIGNATURE PAGE TO FOLLOW]**

Page **4** of **5**

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 9, 2026.

By:     Signed by:

        *Darin L. Buchalter*
        BEC1181856AE4EB...

Name:     Darin L. Buchalter

Title:     Chief Executive Officer, Delta Consulting Group, Inc.

Date:     6/9/2026

4912-9549-7651 v.3